**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 16-CV-61471-KMW**

Thomas S. Ross,

        Plaintiff,

v.

Apple Inc.,

    Defendant.

_____

## <u>CORRECTED APPLE INC.'S MOTION TO DISMISS</u>

Defendant Apple Inc. respectfully moves this Court to dismiss the Complaint of Plaintiff

Thomas S. Ross, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Apple's

Memorandum in Support of this Motion to Dismiss is incorporated herein.

## TABLE OF CONTENTS

I.  **INTRODUCTION** ......................................................................................................1

II.  **BACKGROUND** .......................................................................................................2

III.  **LEGAL STANDARD** .............................................................................................3

IV.  **ARGUMENT** ............................................................................................................4

   A.  **Mr. Ross's Copyright Claims Should Be Dismissed For Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6).** .........................................................................4

     1.  **Mr. Ross Cannot Show He Owns a Valid Copyright in His Ideas for an Electronic Reading Device or In Utilitarian Drawings Submitted as Part of a Patent Application.** 4

     2.  **Mr. Ross Fails to Allege Infringement Because He Fails to Identify an Infringing Work.** ........................................................................................................6

     3.  **Mr. Ross Further Fails to Sufficiently Allege Infringement, Because He Fails to Allege Access or Copying and Fails to Plausibly Allege Substantial or Striking Similarity.** ..................................................................................................8

     4.  **Mr. Ross's Claims are Barred by the *Noerr-Pennington* Doctrine and Are Time-Barred.** ..................................................................................................12

       a. The Noerr-Pennington Doctrine Immunizes Apple's Alleged Conduct. ...............12

       b. Mr. Ross's Copyright Claims are Time-Barred. ....................................................13

   B.  **Mr. Ross Lacks Standing to Bring a Lanham Act Claim** ...................................14

   C.  **Mr. Ross's State Law Claims Should Be Dismissed.** ........................................15

     1.  **Mr. Ross's State Law Claims are Preempted by the Copyright Act.** ...................15

     2.  **Even If Not Preempted, Plaintiff Fails to State A Claim For Misappropriation and Unjust Enrichment Under Florida Law.** .................................................17

V.  **CONCLUSION** .......................................................................................................20

## **TABLE OF AUTHORITIES**

**Cases**

*Alevizos v. John D. & Catherine T. MacArthur Found.*, 764 So. 2d 8 (Fla. Dist. Ct. App. 1999) ..................................................................................................................................................... 17, 18

*Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So. 2d 322 (Fla. Dist. Ct. App. 2007) ......................... 19

*Andrx Pharm., Inc. v. Elan Corp.*, PLC, 421 F.3d 1227 (11th Cir. 2005) .................................... 12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................... 4, 8

*Baker v. Selden*, 101 U.S. 99 (1880) ............................................................................................ 5

*Bateman v. Mnemonics, Inc.*, 79 F.3d 1532 (11th Cir. 1996) ...................................................... 17

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................. 6

*Benson v. Coca-Cola Co.*, 795 F.2d 973 (11th Cir. 1986) ........................................................... 11

*Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001)..................................................................... 20

*Century Sr. Servs. v. Consumer Health Ben. Ass'n, Inc.*, 770 F. Supp. 2d 1261 (S.D. Fla. 2011) 19

*City of Miami v. Bank of Am. Corp.*, 800 F.3d 1262 (11th Cir. 2015)......................................... 19

*Clark v. United States*, No. 13-490C, 2015 WL 3649675 (Fed. Cl. June 12, 2015) ..................... 7

*Corwin v. Walt Disney Co.*, 475 F.3d 1239 (11th Cir. 2007)....................................................... 11

*Crow v. Wainwright*, 720 F.2d 1224 (11th Cir. 1983) ................................................................ 16

*Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285 (11th Cir. 2004)........................................... 15

*Dyer v. Wal-Mart Stores, Inc.*, 535 F. App'x 839 (11th Cir. 2013)............................................ 18

*Feist Pub'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) .................................................. 8

*Foley v. Luster*, 249 F.3d 1281 (11th Cir. 2001) ....................................................................... 15

*Garrido v. Burger King Corp.*, 558 So.2d 79 (Fla. Dist. Ct. App. 1990) ............................... 16, 18

*Herzog v. Castle Rock Ent'mt*, 193 F.3d 1241 (11th Cir. 1999)........................................ 4, 5, 8, 9

*Home Legend, LLC v. Mannington Mills, Inc.*, 784 F.3d 1404 (11th Cir. 2015) .......................... 6

*Jaggon v. Rebel Rock Entm't, Inc.*, No. 09-61144-CIV, 2010 WL 3468101 (S.D. Fla. Sept. 1, 2010).................................................................................................................................... 16

*La Grasta v. First Union Sec., Inc.*, 358 F.3d 840 (11th Cir. 2004).............................................. 13

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014) ......................... 14

*Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305 (11th Cir. 2001) .......................................... 16

*MedImmune, Inc. v. Genentech, Inc.*, No. CV 03-02567 MRP, 2004 WL 5326280 (C.D. Cal. Feb. 18, 2004)................................................................................................................................ 12

*Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*, 299 F. App'x 509 (6th Cir. 2008)...................................................................................................................................... 7

*Odion v. Google Inc.*, 628 Fed. App'x 635 (11th Cir. 2015) ....................................................... 4

*Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218 (11th Cir. 2008)........................ 8, 9

*Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014).......................................... 13, 14

*PODS Enterprises, Inc. v. ABF Freight Sys., Inc.*, No. 8:11-CV-84-T-33MAP, 2011 WL 4948397 (M.D. Fla. Oct. 17, 2011)......................................................................................... 13

*Pro-Med Clinical Sys., L.L.C. v. Utopia Provider Sys., Inc.*, 18 So. 3d 1146 (Fla. Dist. Ct. App. 2009)...................................................................................................................................... 16

*Roginski v. Time Warner Interactive, Inc.*, 967 F. Supp. 821 (M.D. Pa. 1997) ........................... 9

*Ross v. United States*, 374 Fed. App'x 960 (Fed. Cir. 2010) ....................................................... 2

*Ross v. United States*, No. 07-cv-61723-JIC (S.D. Fla.) .............................................................2

*Santilli v. Cardone*, No. 8:07-CV-308-T-23MSS, 2008 WL 4534138 (M.D. Fla. Oct. 7, 2008) ...7

*Scarfo v. Ginsberg*, 175 F.3d 957 (11th Cir. 1999) ...................................................................15

*Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Int'l Corp.*, 998 F. Supp. 2d 1340
(S.D. Fla. 2014)..............................................................................................................13, 14

*Smith v. Goodell*, No. CIV.A. 14-1010, 2015 WL 500893 (E.D. La. Feb. 5, 2015) .....................8

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998).................................15

*TEC Cogeneration Inc. v. Fla. Power & Light Co.*, 76 F.3d 1560 (11th Cir. 1996)...................12

*Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256 (11th Cir. 2009)....................................................19

*Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329 (11th Cir. 2012) ...................................................19

**Statutes**

17 U.S.C. § 101 ............................................................................................................................ 6

17 U.S.C. § 102(b) ........................................................................................................................5

17 U.S.C. § 106 ..........................................................................................................................16

17 U.S.C. § 301 ..........................................................................................................................15

17 U.S.C. § 507(b) ......................................................................................................................13

**Other Authorities**

65 Fed. Reg. 57,024 ..................................................................................................................... 2

**Rules**

Fed. R. Civ. P. 12(b)(1)........................................................................................................i, 3, 14

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ passim

Fed. R. Civ. P. 12(h)(3)...............................................................................................................15

**Regulations**

37 C.F.R. § 1.211........................................................................................................................ 2

I.    **INTRODUCTION**

In 1992 and 1999, Plaintiff Thomas S. Ross filed now-abandoned patent applications for an "electronic reading device" ("ERD").  Fifteen years later, Mr. Ross registered drawings and the text included in his abandoned ERD patent applications with the Copyright Office.  Based on those copyright registrations, Mr. Ross claims Apple Inc.'s ("Apple") entire line of iPhone, iPod, and iPad consumer electronics devices infringe his idea of a handheld, electronic reading device.  He also speculates that in obtaining its own patents Apple could have accessed and copied Mr. Ross's abandoned patent applications, though he doesn't allege that Apple actually did so.  Mr. Ross does not even compare his patent drawings or text to any Apple patent.  On these "facts," Mr. Ross seeks more than $11 *billion* dollars, *plus* a running royalty on future sales, among other remedies specifically including rights in Apple patents.  *See generally* Compl., Dkt. 1.

Even under the most generous reading of the Complaint, Mr. Ross does not and cannot present any viable bases for the relief he seeks.  To the extent he is claiming a copyright on the idea of an electronic reading device, such claim is fatally and forever flawed: it is axiomatic that ideas do not qualify for copyright protection.  If he is, alternatively, claiming a copyright in some specific expressive portion of the drawings he used in his utility patent applications, he fails to sufficiently identify either copyrightable expressive elements or explain how any such two dimensional drawings  are infringed by Apple's three-dimensional electronic devices.  Nor does Mr. Ross plausibly allege how every generation and version of three different—and different looking—Apple products can plausibly infringe whatever expressive content exists in his drawings.  His copyright claims further fail because they are time-barred.  All of his claims based on Apple's filings with the United States Patent and Trademark Office ("PTO") fail under the

*Noerr-Pennington* doctrine, and his state claims are preempted by the Copyright Act.

## II.    BACKGROUND

In 1992, Mr. Ross filed U.S. Patent Application No. 07/974,428 ("'428 application") for an ERD.  Compl. ¶ 22; *Ross v. United States*, 374 Fed. App'x 960, 961 (Fed. Cir. 2010).  Although his patent applications are not publicly available,[1] their procedural history is recounted in *Ross v. United States*, No. 07-cv-61723-JIC (S.D. Fla. 2009).  The PTO declared the '428 application abandoned in April 1995.[2]  Compl. ¶ 23; *id.* Ex. A.  In 1999, Mr. Ross filed U.S. Patent Application No. 09/245,075 ("the '075 application") as a substitute for the '428 application.  *Ross*, 374 Fed. App'x at 961.  He argued the '428 application constituted prior art to a patent granted to a different inventor for a "Personal Electronic Book System."[3]  *Id.*  However, the PTO rejected the '075 application for failing to define the invention under 35 U.S.C. § 112 and as unpatentable over existing prior art under 35 U.S.C. § 103(a).  *Id.*  Ross failed to respond to the PTO office action, and in January 2000, the PTO declared the '075 patent abandoned as well.  *Id.*

Seven years later, in July 2007, Mr. Ross filed a *pro se* complaint against the United States in the United States Court of Federal Claims, alleging that the PTO violated his due process rights by requiring a fee to consider his patent application, and had deprived him of his

---

[1]      Apple did not have access to Mr. Ross's abandoned patent applications or have any way of knowing about them prior to his demand letters in 2015.  The PTO began publishing patent applications for the first time when it enacted 37 C.F.R. § 1.211, which required publication of applications filed on or after Nov. 29, 2000 within 18 months of filing.  *See* Changes to Implement Eighteen-Month Publication of Patent Applications, 65 Fed. Reg. 57,024 (Sept. 20, 2000).  Facts regarding Mr. Ross's patent applications are taken from *Ross*, 374 Fed. App'x 960.

[2]      The PTO declared the '428 application abandoned because Mr. Ross did not pay the required filing fee. *See Ross*, 374 Fed. App'x at 961; Compl. ¶ 23.

[3]      U.S. Patent No. 5,761,485, granted on June 2, 1998 to Daniel E. Munyan ("the Munyan patent").  Mr. Ross requested an interference proceeding between the '075 application and the Munyan patent, but the PTO declined.  It found that the applications were not co-pending and the '075 application did not cover the claims of the Munyan patent.  *See Ross*, 374 Fed. App'x at 961.

property rights by failing to grant him a patent.  *Id.*  At Mr. Ross's request, the case was

transferred to the U.S. District Court for the Southern District of Florida.  *Id.*; *see Ross*

*v. United States*, No. 07-cv-61723-JIC (S.D. Fla.).  Judge Cohn dismissed Mr. Ross's claims as

time-barred and for failure to state a claim, which the Federal Circuit affirmed on appeal.  *Id.*

 Having failed in his attempts to patent the concept of his ERD, Mr. Ross turned to

copyright to try to protect his idea of an electronic reading device.  In May 2014, Mr. Ross

applied to register with the United States Copyright Office the '428 patent application itself, as

well as four constituent handwritten drawings and text contained in the '428 patent application.

The resulting five copyright registrations form the basis of Mr. Ross's copyright claims here.

Compl., Exs. B-1 to B-4.  Each registration claims an excerpt of Mr. Ross's original, now-

abandoned '428 patent application.

 Mr. Ross immediately sought to capitalize on his attempt to claim as copyrights what he

previously tried to patent.  After corresponding from March through June 2015 with Apple

through an attorney, *see* Compl., Exs. C-1 to C-4, on August 2, 2016, Mr. Ross filed a *pro se*

Complaint in this Court.  He broadly alleges that Apple's iPhone, iPad, and iPod devices, as well

as related Apple patents, directly and willfully infringe his alleged copyrights and that Apple's

production of its devices further constitutes unfair competition, "misappropriation of intellectual

property as chattel," and unjust enrichment.

## III.   <u>LEGAL STANDARD</u>

 Mr. Ross's copyright infringement and other claims should be dismissed under Rule

12(b)(6) for failure to state a claim.  His Lanham Act claim also fails under Rule 12(b)(1) for

3

lack of standing, and his state-law claims are preempted by the Copyright Act.  Rule 12(b)(6)

requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference the defendant is liable for the

alleged misconduct."  *Id.*  A complaint containing "labels and conclusions" or "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do[es] not

suffice."  *Id.*  Even *pro se* parties receiving some latitude must satisfy these essential pleading

burdens.  *Odion v. Google Inc.*, 628 Fed. App'x 635, 637 (11th Cir. 2015).

## IV.    ARGUMENT

### A.    Mr. Ross's Copyright Claims Should Be Dismissed For Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6).

To state a claim for direct copyright infringement, Mr. Ross must allege that he (1) owns

a valid copyright, and that (2) Apple copied original elements of his copyrighted work.  *Herzog

v. Castle Rock Ent'mt*, 193 F.3d 1241, 1247 (11th Cir. 1999).  The Complaint should be

dismissed because it does not plausibly allege that Mr. Ross owns a valid copyrighted work that

Apple copied.  Further, Mr. Ross's claims should be dismissed because Apple's lawful conduct

in submitting patent applications is immunized by the *Noerr-Pennington* doctrine and because

Mr. Ross's copyright claims are time-barred.

#### 1.    Mr. Ross Cannot Show He Owns a Valid Copyright in His Ideas for an Electronic Reading Device or In Utilitarian Drawings Submitted as Part of a Patent Application.

Based on his registrations, Mr. Ross might hold a copyright in the expressive elements, if

any, depicted in those registrations.  But that does not appear to be what he is claiming in this

lawsuit.  Rather, Mr. Ross appears to claim copyright protection for, and infringement by Apple
of, his idea for an ERD.  Because copyright does not protect ideas, Mr. Ross does not and cannot
have a valid copyright on his ERD idea.  "It is an axiom of copyright law that the protection
granted to a copyrightable work extends only to the particular expression of an idea and never to
the idea itself."  *Herzog*, 193 F.3d at1248 (citing *Baker v. Selden*, 101 U.S. 99 (1880).  The
Copyright Act provides:  "In no case does copyright protection for an original work of
authorship extend to any idea, procedure, process, system, method of operation, concept,
principle, or discovery, regardless of the form in which it is described, explained, illustrated, or
embodied in such work."  17 U.S.C. § 102(b).

Yet, it is clear that Mr. Ross is attempting to use his handwritten drawings of generic
electronic reading devices to lay claim to the *general idea* of such a device.  The gravamen of
Mr. Ross's Complaint is his belief that his copyright registrations of drawings and texts depicting
an electronic reading device mean that he owns the very idea of such a device, and that Apple's
real-world products infringe his rights because they allegedly implement ideas that he believes
he created.  It is clear from the Complaint itself that he believes his copyrights capture the idea
itself.  *See* Compl. ¶ 20 ("Upon creation, all drawings and text, including ideas and expressions
of those ideas, became Ross's tangible intellectual Property") (emphasis added); *id.* ¶ 28 ("Apple
had a culture of 'shameless stealing' of others *ideas*") (emphasis added); *id.* ¶ 31 (alleging that
the abandoned and discarded "ideas" in Mr. Ross's patent application was the sort of thing Apple
sought to copy).  Mr. Ross does not identify any expressive elements in his two-dimensional
drawings or show how Apple's three-dimensional devices copy those expressive elements—it is
the idea of his ERD itself that he seeks to protect and claims Apple infringed.

Mr. Ross further suggests that certain Apple patent applications might also infringe his copyrighted works.[4]  *See* Compl. ¶¶ 37–41; 56–76.  However, he again does not identify any expressive elements in his copyrighted drawings.  Instead, he claims that the very "identity" of his devices is "manifested through the drawings and description of its utility and functionality," *id.* ¶ 2—yet another attempt to protect vague and uncopyrightable ideas through copyright. Further, Mr. Ross alleges that "Apple obtained a Patent for a two-screen device" that is "exactly the same utility and ornamental design as Mr. Ross's technical drawing registered as VAu 1-186-859." *Id.* ¶ 37.  But, he does not identify what the ornamental design is for this or any other drawing, and copyright protection would not extend to any utilitarian aspects.  17 U.S.C. § 101; *see also Home Legend, LLC v. Mannington Mills, Inc.*, 784 F.3d 1404, 1412–13 (11th Cir. 2015). The Complaint's conflation of copyright and patent principles, in combination with the centrality of its allegations regarding the functional idea of a reading device, demonstrate that whatever Mr. Ross is asserting, it is not a right protected under copyright law.

> **2.** **Mr. Ross Fails to Allege Infringement Because He Fails to Identify an Infringing Work.**

Mr. Ross also fails to plead infringement effectively, because he fails to actually identify any specific work that allegedly infringes any valid right of his.  This deprives Apple of "fair notice of what the claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and would require Apple to try to assess substantial similarity in a vacuum.  Courts routinely hold that failure to identify an infringing work is fatal to a copyright infringement claim.  *See Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*, 299

---

[4]     The Complaint lists several patent applications but does not attempt to match any particular Apple patent or patent application to any part of Mr. Ross's claimed copyrighted content.

F. App'x 509, 512 (6th Cir. 2008); *Clark v. United States*, No. 13-490C, 2015 WL 3649675, at

*6 (Fed. Cl. June 12, 2015); *Santilli v. Cardone*, No. 8:07-CV-308-T-23MSS, 2008 WL

4534138, at *2 (M.D. Fla. Oct. 7, 2008).

Mr. Ross refers broadly and generally to the totality of the Apple devices listed in the

Complaint, but he does not identify any infringing "work"—either the entire device or any aspect

of one—that violates any protected expression in his copyright registrations or how it is even

possible for Apple's tangible devices to be works that infringe a two-dimensional drawing.  For

example, Mr. Ross alleges that in 2007, Apple began distributing "images of three-dimensional

reproductions of devices that were and are, substantially the same as his technical drawings of

the ERD."  Compl. ¶ 34.  He then fails to identify any such images and instead lists various

models of Apple's iPod, iPhone, and iPad product lines, released at different time intervals since

2007, that are "the subject of repeated misappropriation and copyright infringements."  *Id.* ¶ 35.

Nor does he identify any specific image or reproduction that might infringe any specific

copyrighted content.  Without any explanation as to what expressive elements of Apple's

products or patents infringe some identified protective expression held by Mr. Ross, Apple does

not have fair notice of the claims levied against it.  *See Nat'l Bus. Dev. Servs.*, 299 F. App'x at

512 (*Twombly* requires showing "plausible grounds" for copyright infringement; plaintiff could

not meet this burden without alleging an infringing work).

Mr. Ross's allegations that Apple's patent applications might infringe his copyrighted

works fail for the same reason: he does not identify any specific infringing work or explain how

any specific content infringes any allegedly expressive content.  While the Complaint references

various Apple patents, it never attempts to match any particular allegedly expressive content in

any of Mr. Ross's registrations to any allegedly substantially similar Apple patent content. Similarly, he alleges, *e.g.*, that Apple patents had text that included "verbatim" or "identical" phrases or descriptions as compared to Mr. Ross's text, Compl. ¶¶ 39, 73, but he does not identify any of that allegedly identical content or even any specific Apple patent or portion thereof that fit those contentions.  Without identifying an accused work to compare to the copyrighted work, a pleading does not plausibly allege infringement.  *See Smith v. Goodell*, No. CIV.A. 14-1010, 2015 WL 500893, at *5 (E.D. La. Feb. 5, 2015).  Mr. Ross's general allegations of copying do not fairly allow Apple to compare Mr. Ross's allegations against its allegedly infringing works.

### 3.    Mr. Ross Further Fails to Sufficiently Allege Infringement, Because He Fails to Allege Access or Copying and Fails to Plausibly Allege Substantial or Striking Similarity.

Mr. Ross also fails to sufficiently allege the second element of a copyright infringement claim, namely that Apple actually copied original elements of his work.  *See Herzog*, 193 F.3d at 1247; *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1223 (11th Cir. 2008) (quoting *Feist Pub'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (the plaintiff must show "copying of constituent elements of the work that are original.")).  Although Mr. Ross contends that Apple "generated infringing two-dimensional copies," and that its devices were "copied" from his technical drawings, Compl. ¶¶ 35–36; or works, *id.* ¶¶ 39, 57, 62, such statements are vague and general "labels and conclusions."  *Iqbal*, 662 U.S. at 678–79.  These labels and conclusions do not plausibly allege Apple copied any original element of Mr. Ross's works or show where such copied content appears in Apple's devices.

8

Mr. Ross does not allege any direct evidence of copying or any facts allowing any plausible inference of it. Nor does Mr. Ross allege circumstantial evidence of copying "by demonstrating that [Apple] had access to the copyrighted work and that the works are 'substantially similar.'" *Oravec*, 527 F.3d at 1223 (quoting *Herzog*, 193 F.3d at 1248). In fact, Mr. Ross fails to allege access at all. Instead, Mr. Ross merely speculates that it was *possible* for Apple to discover his abandoned patent applications, but does not allege that the applications were published or otherwise accessible.[5] Compl. ¶ 31; *see supra* n.1. Access, however, may not be inferred based on mere speculation or conjecture. *Herzog*, 193 F.3d at 1250. Thus, the fact that Mr. Ross's patent application was on file at the PTO does not create an inference that Apple had access to it. *See Roginski v. Time Warner Interactive, Inc.*, 967 F. Supp. 821, 826 (M.D. Pa. 1997).

The Complaint also fails to plausibly allege substantial similarity between the copyright registrations and Apple's devices and patent applications. Substantial similarity exists "where an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Oravec*, 527 F.3d at 1224. Mr. Ross generalizes that Apple's devices are "substantially the same as his technical drawings of the ERD." Compl. ¶ 34. However, Mr. Ross does not identify any non-functional elements depicted in his three *technical drawings* or any substantially similar expressive content in *any* Apple device, let alone in *all* Apple devices, that would lead a lay observer to believe that *all* versions of Apple's iPhone, iPad and iPod products—with all their dissimilarities between and among the various devices and versions thereof—infringe the same expressive content embodied in his five drawings. To the contrary,

---

[5]     In fact, at the time Mr. Ross's applications were filed, patent applications were not published. *See supra* n.1.

his exhibits unquestionably demonstrate that Mr. Ross's copyrighted expressions and Apple's

devices are *not* similar at all.



  

Mr. Ross's drawings depict generic, rectangular electronic devices with an external

keyboard and navigation buttons.  Besides being rectangular handheld electronic devices that

have a screen, the Apple devices share few elements with Mr. Ross's depictions, expressive or

otherwise, no matter what those unpleaded expressive elements of Mr. Ross's designs might be.

Mr. Ross's allegations that his depicted design elements are non-functional make his assertions

of similarity even less plausible because his depicted design elements include external

keyboards, navigation buttons, dual screens, foldable parts, and solar cells, among others—none of which are shared by Apple's products.

Lastly, although courts may permit an inference of copying even absent a showing of access if the two works are "strikingly" similar, *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007), Mr. Ross's two-dimensional handwritten drawings are *not* similar to Apple's three-dimensional devices, let alone "strikingly" so.  Striking similarity exists where proof of similarity in appearance is "so striking that the possibilities of independent creation, coincidence and prior common source are, as a practical matter, precluded."  *Id.*; *Benson v. Coca-Cola Co.*, 795 F.2d 973, 975 n.2 (11th Cir. 1986) (striking similarity requires that the "only possible explanation is copying.").  Here, Mr. Ross does not meet that high bar.  It would be impossible to maintain that the varied looks of these disparate Apple products could all infringe the same expressive elements in the same limited set of drawings.  With respect to Apple's patents, he provides nothing but conclusory allegations that Apple's patents were "exactly the same utility and ornamental design as Ross's technical drawing," Compl. ¶¶ 37–38, and that the content of Apple's patent applications were "strikingly similar and others were derivative of Ross's chart," *id.* ¶ 67.  These conclusory allegations do not demonstrate any, let alone "striking," similarity of expressive elements.

Mr. Ross fails to allege Apple had access to his works, and there is simply no substantial or striking similarity between Mr. Ross's drawings and any aspect of the Apple devices he accuses of infringement.  He has, thus, failed to allege plausibly that Apple actually copied original elements of his work.

11

### 4.   Mr. Ross's Claims are Barred by the *Noerr-Pennington* Doctrine and Are Time-Barred.

Even if the Complaint stated a copyright infringement claim, Mr. Ross's claims must be dismissed for two reasons: (1) the *Noerr-Pennington* doctrine precludes liability for including materials in a patent application and thus immunizes Apple's alleged conduct; and (2) Mr. Ross's claims are time-barred.

### a.   The Noerr-Pennington Doctrine Immunizes Apple's Alleged Conduct.

The *Noerr-Pennington* doctrine insulates parties from liability for "private efforts to influence government officials in creating or implementing legislation that has anticompetitive effects." *TEC Cogeneration Inc. v. Fla. Power & Light Co.*, 76 F.3d 1560, 1570 (11th Cir. 1996). Although originally an antitrust doctrine, *Noerr-Pennington* immunity today extends to attempts to influence adjudicative bodies and administrative agencies in other contexts. *Andrx Pharm., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1233 (11th Cir. 2005); *New W., L.P. v. City of Joliet*, 491 F.3d 717, 722 (7th Cir. 2007). Recognizing that parties petition the government when prosecuting trademarks and patents, district courts have applied the *Noerr-Pennington* doctrine to immunize parties' attempts to obtain a patent. *MedImmune, Inc. v. Genentech, Inc.*, No. CV 03-02567 MRP, 2004 WL 5326280, at *3 n.2 (C.D. Cal. Feb. 18, 2004) (holding petitioning activity before the PTO is protected and "attempts to obtain the issuance of a patent from the PTO are ordinarily covered by *Noerr-Pennington*"). A Florida federal district court recently found that "because the U.S. Patent and Trademark Office is an administrative agency, the act of applying for and registering trademarks is protected by *Noerr-Pennington* immunity." *PODS Enters., Inc. v. ABF Freight Sys., Inc.*, No. 8:11-CV-84-T-33MAP, 2011 WL 4948397, at *5

(M.D. Fla. Oct. 17, 2011). Thus, because any writings, drawings, or other expressions made in Apple's patent and trademark applications are instrumental parts of its petition to the government, any claim that Apple infringed Mr. Ross's copyrighted works by filing representations of its patented inventions in its patent and trademark applications is barred by the *Noerr-Pennington* doctrine.

<strong>b.       Mr. Ross's Copyright Claims are Time-Barred.</strong>

The Copyright Act has a three-year statute of limitation. 17 U.S.C. § 507(b); *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969–70 (2014). The Eleventh Circuit has held that Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate when it is apparent from the face of the complaint that the claim is time-barred. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Courts in the Southern District of Florida have held that the copyright statute of limitations accrues when a plaintiff learned, or should have learned through reasonable diligence, of the alleged infringement. *Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Int'l Corp.*, 998 F. Supp. 2d 1340, 1354–55 (S.D. Fla. 2014).

Mr. Ross is silent on when he discovered Apple's alleged infringement with respect to Apple's patent applications, but he suggests that he knew of Apple's devices through advertising and media since 2007, when Apple launched "a number of devices" that purportedly infringe Mr. Ross's copyrights. *Id.* ¶ 34–35. Mr. Ross would have certainly, through reasonable diligence, come across an iPhone, iPad or iPod prior to the last three years. Therefore, it is reasonable to conclude that Mr. Ross's infringement claims accrued at or around the time of each allegedly infringing products' respective release dates.

13

Based on the release dates of Apple's devices, Mr. Ross's copyright claims are time-barred because his claims accrued more than three years ago.  Mr. Ross created his allegedly copyrighted works in 1992.  Compl. ¶¶ 17–21.  Mr. Ross admits that most of Apple's allegedly infringing devices were launched and discontinued more than three years ago, but he does not allege any specific, continuing acts of infringement after the discontinuation of these devices.  *Id.* ¶¶ 35–36.  As for devices launched and Apple patents received in the last three years, *id.* ¶¶ 36–37, Mr. Ross fails to identify an infringing work or any specific acts of infringement with respect to any of those devices.  Accordingly, he does not allege a "series of discrete infringing acts" within the last three years that would prevent the operation of Section 507(b).  *Petrella*, 134 S. Ct. at 1970.  Therefore, Mr. Ross's copyright claims are time-barred and should be dismissed.  *See Sieger Suarez*, 998 F. Supp. 2d at 1355.

> **B.     Mr. Ross Lacks Standing to Bring a Lanham Act Claim.**

Though not expressly alleged, the Complaint could be broadly read as attempting to state an unfair competition claim under the Lanham Act, based on Mr. Ross's assertion that the Court has subject-matter jurisdiction over claims relating to that Act.  *See* Compl. ¶ 10.  Mr. Ross also inserts boilerplate allegations that Apple "has engaged in unfair trade practices and unfair competition in connection with its publication and sale of the infringing material."  *Id.* ¶¶ 78, 80, 82, 84, 86.  To the extent Mr. Ross attempts to state such a claim, it should be dismissed under Rule 12(b)(1) for lack of standing.

To have standing under the Lanham Act, a plaintiff must have suffered or be imminently threatened with an injury in fact and come within the "zone of interests" protected by the Lanham Act.  *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1389

14

(2014).  Mr. Ross does not allege any actual or imminent injury in fact.  Unfair competition is

generally understood to concern injuries to business reputation and present and future sales.  *Id.*

Mr. Ross does not allege that he makes or sells any products or services, and thus he cannot

show any commercial or competitive injury or likelihood thereof.  Accordingly, his Lanham Act

claim—to the extent he plausibly alleges one—should be dismissed.  *See* Fed. R. Civ. P.

12(h)(3); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998) (A suit brought

by a plaintiff without standing is not a "case or controversy," and an Article III court lacks

subject matter jurisdiction over that suit.).

### C.    Mr. Ross's State Law Claims Should Be Dismissed.

Mr. Ross also asserts claims under Florida law for (1) misappropriation of intellectual

property as chattel (Count I) and (2) unjust enrichment resulting from (a) misappropriation of

intellectual property as chattel (Count II) and (b) copyright infringement (Counts XIII–XVII).

Because the Complaint does not establish federal claims under the Lanham Act or Copyright

Act, this Court lacks subject-matter jurisdiction over Mr. Ross's state-law claims.  "Once the

district court determines that subject-matter jurisdiction over a plaintiff's federal claims does not

exist, courts must dismiss a plaintiff's state law claims."  *Scarfo v. Ginsberg*, 175 F.3d 957, 962

(11th Cir. 1999).  Even if subject-matter jurisdiction did exist, those claims should be dismissed

based on copyright preemption and failure to state a claim.

### 1.    Mr. Ross's State Law Claims are Preempted by the Copyright Act.

To the extent that Mr. Ross alleges misappropriation of intangible rights that are

identified or merged in his copyrighted works, his common law claims are preempted by the

Copyright Act.  17 U.S.C. § 301.  *See Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1295

(11th Cir. 2004); *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001) ("Section 301 of the Act preempts all state causes of action based on a right found in the [Copyright] Act or an equivalent to such a right.").  The federal Copyright Act exclusively governs a claim when the rights at issue fall within the "subject matter of copyright" set forth in sections 102 and 103, and the rights at issue are equivalent to the exclusive rights of section 106.  *Crow v. Wainwright*, 720 F.2d 1224, 1225–26 (11th Cir. 1983); 17 U.S.C. § 301(a).  The scope of the Copyright Act's subject matter is broader than the scope of the Act's protections.  A work may be unprotected under the Copyright Act and still fall within the "subject matter" of copyright for preemption purposes. *See, e.g.*, *Garrido v. Burger King Corp.*, 558 So.2d 79, 81–82 (Fla. Dist. Ct. App. 1990) (state-law claim for conversion of an idea preempted even though ideas were not subject to copyright protection).

Here, Mr. Ross's five registered copyrights—the "subject matter" of his common law claims—fall within the purview of federal copyright protection.  *See Pro-Med Clinical Sys., L.L.C. v. Utopia Provider Sys., Inc.*, 18 So. 3d 1146, 1148 (Fla. Dist. Ct. App. 2009) ("subject matter" requirement satisfied if claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works). Mr. Ross also seeks to enforce rights equivalent to those contained in 17 U.S.C. § 106.  To avoid preemption, a state law claim must require proof of an "extra element" in lieu of or in addition to the exclusive rights of reproduction, performance, distribution, or display.  17 U.S.C. § 106; *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1312 (11th Cir. 2001).  The extra element of the state law claim must change the nature of the claim so that it is "qualitatively different from a

copyright infringement claim." *Jaggon v. Rebel Rock Entm't, Inc.*, No. 09-61144-CIV, 2010 WL 3468101, at *2 (S.D. Fla. Sept. 1, 2010).

Here, there is no extra element that would save Mr. Ross's misappropriation of intellectual property as chattel and resulting unjust enrichment claims. Mr. Ross's vague references to elements of misappropriation and unjust enrichment do not qualitatively distinguish his state law claims from his copyright claims. *See Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1550 (11th Cir. 1996) ("artful pleading and presentation of evidence seemingly may create a pendent state law claim that in actuality is nothing more than a dressed up version of a copyright infringement claim"). For example, Mr. Ross does not allege that he made any disclosure of his intellectual property to Apple in confidence, which is required for a misappropriation claim. Instead, he seeks to recover damages flowing from the alleged "identity theft" of his copyrighted works, Compl. ¶ 45, but the alleged "theft" of those works would be part and parcel of taking an intangible literary or artistic property right equivalent to copyright. The gravamen of Mr. Ross's claims is that Apple allegedly misappropriated his copyrighted drawings and texts. Thus, the Copyright Act preempts his state law causes of action and they must be dismissed.

## 2. Even If Not Preempted, Plaintiff Fails to State A Claim For Misappropriation and Unjust Enrichment Under Florida Law.

Even if they survived preemption, Mr. Ross's state-law claims do not satisfy Rule 12(b)(6)'s pleading requirements.

*Misappropriation Claim:*[6] Mr. Ross fails to state a misappropriation claim because he does not allege sufficient facts to satisfy the elements of Florida's cause of action for

---

[6]     Mr. Ross's Claim I—misappropriation of intellectual property chattel—does not allege sufficient facts to state a claim for misappropriation of a tangible chattel. Though Mr. Ross pleads that "[a]s a Chattel, Ross's ERD is

misappropriation of an idea, which requires that: (1) the idea is novel; (2) the disclosure of the idea is made in confidence; and (3) the idea is adopted and used by the defendant. *Alevizos v. John D. & Catherine T. MacArthur Found.*, 764 So. 2d 8, 11 (Fla. Dist. Ct. App. 1999). Mr. Ross does not allege the existence of a novel idea that was ever disclosed to Apple in confidence.

Mr. Ross has not alleged that the idea for his ERD was novel. Courts have applied a stringent test in determining whether an idea is a truly innovative one that merits special protection: to warrant protection, an idea must show genuine novelty and invention and not merely a clever or useful adaptation of existing knowledge. *Alevizos*, 764 So. 2d at 12. A novel idea is not a variation on a basic theme or an adaptation of existing knowledge. *Garrido*, 558 So.2d at 84. Here, the PTO expressly rejected Mr. Ross's patent application in 2000 on the basis of obviousness and for failing to define the invention. *See supra* at 2. Because the Complaint does not show novelty, Mr. Ross cannot state a claim under Florida law for misappropriation of his "unnovel" idea. *Garrido*, 558 So. 2d at 84.

Mr. Ross also does not allege any facts to show that he disclosed novel ideas to Apple in confidence. *Dyer v. Wal-Mart Stores, Inc.*, 535 F. App'x 839, 842 (11th Cir. 2013) ("For a misappropriation claim, the idea must have been revealed in confidence; in other words, a secret."). Mr. Ross merely speculates that Apple could have "rummage[d] through" abandoned patent applications. Compl. ¶ 31. But that does not plausibly allege that Mr. Ross's idea was disclosed to Apple in confidence. Therefore, Mr. Ross's misappropriation claim must be dismissed. *See Dyer*, 535 F. App'x at 843.

---

tangible personal property that confers property rights," Compl. ¶ 2, he does not seek recovery for the physical deprivation of his tangible property. Instead, he alleges only "theft" of the ERD's intangible "identity." *Id.* ¶ 45.

*Unjust Enrichment Claims:*  Neither does Mr. Ross allege sufficient facts to state a claim for unjust enrichment resulting from misappropriation of intellectual property or copyright infringement.  Unjust enrichment requires that the plaintiff conferred a benefit on the defendant; the defendant knew of the benefit; the defendant accepted or retained the benefit conferred; and the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it.  *Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So. 2d 322, 331 (Fla. Dist. Ct. App. 2007); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Cir. 2009).

Mr. Ross alleges that Apple's design patents, utility patents, and trade dress registrations constitute intellectual property "misappropriated" from him and that unjustly enriched Apple. Compl. ¶¶ 35–41.  But to satisfy the first element of an unjust enrichment claim, the benefit must be conferred directly from the plaintiff to the defendant.  *City of Miami v. Bank of Am. Corp.*, 800 F.3d 1262, 1287 (11th Cir. 2015); *Century Sr. Servs. v. Consumer Health Ben. Ass'n, Inc.*, 770 F. Supp. 2d 1261, 1267 (S.D. Fla. 2011) ("A benefit that a defendant gains that does not come directly from the plaintiff does not give rise to a claim for unjust enrichment.").  Mr. Ross does not allege that he had a relationship with Apple or that he conferred any direct benefit upon Apple.  Nor could he.  The U.S. government, and not Mr. Ross, conferred the benefits of the design patents, utility patents, and trade dress registrations upon Apple.  On this basis alone, Mr. Ross's unjust enrichment claim must be dismissed.  *See Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012) (affirming dismissal of unjust enrichment claim because plaintiffs only 'indirectly' conferred a benefit on defendants).  Even if Mr. Ross could prove that a benefit was directly conferred to Apple, he has not alleged that Apple knew of the benefit or accepted or retained the benefit conferred.  Thus, his unjust enrichment claims must be dismissed.

**V.**     **CONCLUSION**

Mr. Ross has no cognizable claims against Apple.  Because the "rights" Mr. Ross asserts are incompatible with long-established law, the Court should dismiss his Complaint with prejudice, without leave to amend, because any amendment would be futile.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (court need not grant leave to amend where amendment would be futile).

Respectfully submitted on August 23, 2016.

By: */s/ John F. O'Sullivan*
John F. O'Sullivan
HOGAN LOVELLS LLP
600 Brickell Avenue
Suite 2700
Miami, FL 33131
(305) 459-6500 (phone)
(305) 459-6550 (fax)
john.osullivan@hoganlovells.com

Clayton C. James
Jessica Black Livingston
Katherine A. Nelson
HOGAN LOVELLS LLP
One Tabor Center, Suite 1500
1200 Seventeenth Street
Denver, CO 80202
(303) 899-7300 (phone)
(303) 899-7333 (fax)
clay.james@hoganlovells.com
jessica.livingston@hoganlovells.com
katherine.nelson@hoganlovells.com

Jane Carter
HOGAN LOVELLS LLP
3 Embarcadero Center, Suite 1500
San Francisco, CA 94111
(415) 374-2300 (phone)
(415) 374-2499 (fax)
jane.carter@hoganlovells.com

*Attorneys for Defendant Apple Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 23rd day of August 2016, the foregoing Apple Inc.'s

Motion to Dismiss was electronically filed with the Clerk of the Southern District of Florida

using the CM/ECF system, which automatically sends an electronic notification to all counsel of

record and other CM/ECF participants. I also certify that I have sent by email and U.S. Mail, first

class, a copy of this document to Thomas S. Ross, Pro Se Plaintiff, P.O. Box 279381, Miramar,

FL 33027, Email: erd1992@globarize.com.

By: <u>*/s/ John F. O'Sullivan*</u>
John F. O'Sullivan
Fla. Bar No. 143154
john.osullivan@hoganlovells.com

22