# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 16-61471-CV (Judge Williams/Simonton)

FILED BY _____ D.C.

SEP 0 8 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

THOMAS S. ROSS,
      Plaintiff         )
                  )
                  )
vs.               )
                  )
APPLE INC., a California corporation    )
      Defendant     )
                  )

## PLAINTIFF'S RESPONSE IN OPOSITION TO DEFENDANT'S MOTION TO DISMISS

NOW COMES Plaintiff, Thomas S. Ross (Ross), Attorney *Pro Se* and files his Response in opposition to Defendant's Motion to Dismiss and, in so doing, Ross objects to APPLE, INC. (Apple), allegations, conclusions and interpretations of facts, in whole or in part, as incomplete, selective, misstated and confusing.

In support of this cause, Ross states, on information and belief, as follows:

On or about August 23, 2016, Apple, filed Motion to Dismiss pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedures alleging 1) Lack of Jurisdiction and 2) failure to state a claim upon which relief may be granted.

In short, Apple's position is that the Court lacks jurisdiction, Ross has no case, and even if he does, it has immunity.

# TABLE OF CONTENTS

I.   REBUTAL ........................................................................................................... 5

   A.   Defendant's Introduction Section ................................................................. 5

   B.   Defendant's Background Section ................................................................... 6

II.  STANDARD OF REVIEW ................................................................................. 7

   A.   Pro Se Pleadings ............................................................................................. 7

   B.   As to Rule 12(b)(1) - Jurisdiction ................................................................. 8

   C.   As to Rule 12(b)(6) - Failure to state a claim ............................................. 8

III. COUNTER ARGUMENTS ................................................................................ 10

   A.   Failure to state a claim under Rule 12(b)(6) ............................................... 10

      a)   Failure to show ownership of valid "copyright of ideas" ....................... 11

      b)   Failure to identify infringing work. ........................................................ 12

   B.   Failure to allege access and striking similarity. ......................................... 13

      a)   Access. ..................................................................................................... 13

      b)   Substantial similarity ............................................................................... 14

   C.   Claims are barred by Noerr-Pennington Doctrine and are time-barred ..... 15

      a)   Noerr-Pennington Doctrine immunizes Apple's alleged conduct ........... 15

      b)   Copyright claims are time-barred ............................................................ 17

   D.   Lack of standing to bring Lanham Act Claim, State Law claims should be dismissed, State law claims are preempted by the Copyright Act, and alternately, plaintiff fails to state a claim for misappropriation and unjust enrichment. .................................................... 18

## TABLE OF AUTHORITIES

Cases

*ACLU Foundation* v. *Burr*, 952 F.2d 457 (D.C. Cir. 1991)...................................................10, 14

*Apple v. Samsung*, 727 F.3d 1214 (2013 ......................................................................................... 8

*Arista Records, et al., v. Greubel*, 453 F. Supp. 2d 961 (2006) ..............................................10,12

*Bell Atlantic Corporation v. Twombly*, U.S. , , 127 S.Ct. 1955 (2007) ................................... 10

*Brought to Life Music, Inc. v MCA Records*, Inc., 65 U.S.P.Q.2d 1954 2003 WL 296561 (S.D. N.Y. 2003)
.......................................................................................................................................................... 11

*Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440 (5th Cir. 1980)............................................. 10

*City of Gainesville v. Florida Power & Light Co.*, 488 F.Supp. 1258 (1980)....................16, 17, 18

*Dell, Inc. v. 3K Computers, LLC*, No. 08–80455–CIV, 2008 WL 6600766, at *3 (S.D.Fla. Oct.7, 2008) 18

*Doe* v. *Northwest Bank Minn., N.A.*, 107 F.3d 1297 (8''' Cis. 1997)............................................. 10

*Ellis v Diffie*, 177 F.3d 503, 506, 50 U.S.P.Q.2d 1790, 1999 FED App. 0172P (6th Cir, 1999) ............... 15

*Frey v. City of Herculaneum*, 44 F.3d 667 (8th Cir.1995) .......................................................... 11

*Glanzmann v. King*, 8 U.S.P.Q.2d 1594 WL 212507 (E.D. Mich. 1988). ..................................... 15

*Hishon* v. *King & Spulding*, 467 U.S. 69 (1984) ...................................................................... 11

*Iiqfley* v. *Lohman*, 90 F.3d 264 (8''' Cir. 1996)........................................................................ 10

In re Kahn, 441 F.3d 977, 986 (Fed. Cir. 2006) ........................................................................ 13

*Jones v. Blige*, 558 F.3d, 485, 491, 89 U.S.P.Q.2d 2029 (6th Cir. 2009 ..................................... 15

*Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045 (5th Cir.1982). ............. 10

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167-169, 113
    S. Ct. 1160, 1163, 122 L. Ed. 2d 517 (1993)........................................................................ 12

*Lewis Galoob Toys, Inc. v. Nintendo of Am., Inc.*, 964 F.2d 965, 967 (9th Cir. Cal. 1992 ...................... 13

*Lowery v. Texas A&M University System*, 117 F.3d 242 (5th Cir. 1997)....................................... 11

*Marvullo v. Gruner & Jahr, AG & Co*, 2001 Copr. L. Dec. P 28204, 2001 WL 40772 (S.D. N.Y. 2001) 11

*Mazer v. Stein*, 347 U.S. 201, 217 (1954) ............................................................................... 13

*McMorrow v.Little*, 109 F.3d 432 (8''' Cir. 1997) ................................................................... 10

*MedImmune, Inc. v. Genentech, Inc.*, Not Reported in F.Supp.2d (2004) .............................16, 17

*Mid Am. Title Co. v. Kirk*, 991 F.2d 417 (1993).................................................................... 12

*National Basketball Association v. Motorola, Inc.*, 105 F. 3d 841 (2d Cir. 1997)............................ 21

*Peter F. Gaito Architecture, LLC v. Simone Development Corp.*, 602 F. 3d 57, 66 (CA2 2010).............. 14

*Petrella v MGM*, 572 U. S. ____ (2014..................................................................... 6,14, 19

*PODS Enterprises, Inc. v. ABF Freight Systems, Inc.*, Not Reported in F.Supp.2d (2011). ............. 16,17, 18

*Ross v United States*, No 07-cv-61723-JIC (S.D. Fla. 2009). ..................................................... 14

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002)............... 12

*Tannenbaum v. United States*, 148 F.3d 1262 (11th Cir.1998)...................................................... 9

*Twentieth Century Sporting Club, Inc. v. Transradio Press Service*, 300 N.Y.S. 159 (N.Y. Sup. Ct. 1937)
.......................................................................................................................................................... 21

*U.S. Sporting Products, Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W. 2d 214 (Texas Ct. App., 10th
    Dist. 1993).......................................................................................................................... 21

*United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, Case No. 09-56499 (9th Cir., Jan. 26, 2011) (Wallace, J... 13

*Warshall v. Price*, 629 So. 2d 903, 904 (Fla. Dist. Ct. App. 1994) (citing 12 Fla. Jur. 2d, *Conversion and
    Replevin § 1* (1979) ......................................................................................................... 21


Statutes

17 U.S.C. § 410(c)......................................................................................................................... 13

17 U.S.C. §103(b).......................................................................................................................... 21

28 U.S.C. § 1367 ................................................................................................................. 9

Rules
F.R.C.P. *Rule 12(b)(1)* ...................................................................................................... 8
F.R.C.P. *Rule 12(b)(6* ...................................................................................................... 9
Fed.Rules Civ.Proc. Rule 8(a)(2) ..................................................................................... 17

Other Authorities
Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, §1357, at 601 (1969).............. 10
Mohammad Amin Naser , Computer Software: Copyrights v. Patents, 8 Loy. Law & Tech. Ann. 37
    (2008) ........................................................................................................................... 13

## I.       REBUTAL

Ross denies Apple's claims and substantially disputes Apple's narrative and conclusions in its

Introduction and Background.  See Motion to Dismiss, ¶ I, pg1 and ¶ II, pg. 2.

Ross's claims are both plausible and plead facts that allow the Court to draw a reasonable

inference that the defendant is liable for the misconduct alleged.

### A.       Defendant's Introduction Section

Specifically, Ross does not claim "infringement on his ideas", as that would be absurd. Ross

does sufficiently identify copyrightable expressive elements that Apple infringes upon, and

explains what expressive elements in the drawings are incorporated in Apple's two dimensional

images in packaging, advertising and other media, as well as its three dimensional products

specifically identified in the complaint, starting as far back as 2007, for the last three years,

(Compl. ¶ 41, 49, 50, 77; Pgs. 18, 21, 28.), and as recently as September 7, 2016. (iPhone 7®)




**ERD 1992**                                        **iPHONE 7® 2016**

*"Overall look and feel"*
<u>Petrella v MGM</u>, 572 U. S. ____ (2014)

5

Contrary to Apple's assertions that no explanation is given regarding survival of expressive design elements in successive products, Ross explains this process in some detail. See Compl, pgs 12- 22.

In his Complaint, Ross alleges two specific claims: 1) Misappropriation of his personal property, the Electronic Reading Device (ERD), and 2) Infringement of five copyrighted works.

In addition, Ross alleges two derivative claims, a) unjust enrichment resulting from the misappropriation of personal property, and b) unjust enrichment resulting from infringements of Ross's copyrights.

Contrary to Apple's assertions, the claims are properly laid out in sufficient detail to give Apple proper notice and to show the basis of Ross's claims and relief sought under the Law of Restitution, for the misappropriation, and Copyright Laws for the infringements, sufficient to allow this Court to draw a reasonable inference that Apple is liable for the misconduct alleged.

### B.    Defendant's Background Section

In the Background section of Apple's Motion to Dismiss, much is said about Ross's attempt to patent the ERD, how Apple had no access to the abandoned 1992 application, and how Ross is trying to "capitalize" with his copyrights what he couldn't do with his patent applications.

When considering the information in the Complaint and its attachments, Ross plainly alleges that Apple misappropriated his personal property, and, given the very public pronouncements by top Apple executives that they stole ideas with abandon, Ross laid out a plausible groundwork of further discovery regarding Apple's theft of the identity of Ross's 1992 ERD.

Separately, Ross clearly lays out a second rail that alleges infringement of five separate copyrighted works, again and again for years, for the last three years and to the very present.

With each succeeding product, Apple tweaked functional elements, and made marginal improvements here and there, but retained the same fundamental design that Apple itself has declared to be non-functional (ornamental), and that it has been intentionally replicated in all of the products in its line of iPhone®, iPod® and iPad® that have been identified in the Complaint. Apple itself has identified this ornamental design as the rectangular shape, round corners, dominant flat screen design that would be identifiable in its entire line iPhones®, iPads® and iPod Touch®. This is the very design that Ross alleges, was first manifested in his 1992 ERD, See Compl. ¶ 49, 50; Pg 21, 22, 23. Also see *Apple v. Samsung*, 727 F.3d 1214 (2013). While Ross clearly laid out two tracks of alleged misconduct, misappropriation of personal property, on the one hand, and infringements of copyrights, on the other, as a practical matter, a showing of access in furtherance of misappropriation of personal property, will also benefit a showing of access in furtherance of allegations of infringement.

Once again, Ross makes it abundantly clear that his narrative regarding his failed patent application in 1992 and 1999, and his 2007 action against the United States Patent and Trademark Office (USPTO), is to evidence 1) the existence and identity of the ERD, as personal property, 2) that it was created in 1992 and 3) that Ross never abandoned the ERD, as personal property.

Obviously, this narrative was in furtherance of Ross's claim of misappropriation of his ERD as personal property, and not some quixotic chase for the impossible dream.

## II.   STANDARD OF REVIEW

### A.   Pro Se Pleadings

Ross is a *Pro Se* Plaintiff, and, as this Honorable Judge has made abundantly clear, he is expected to follow strictly the Rules of Civil Procedures and Local Rules, as well as any

practicing member of the federal bar.  Nonetheless, the courts have held that pleadings of a *Pro Se* litigant, are to be construed liberally and are held to "*a less stringent standard than pleadings drafted by attorneys.*" *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998).

**B.    As to Rule 12(b)(1) - Jurisdiction**

In his Complaint, Ross states that this Court has jurisdiction over disputes related to the Copyrights, Patents and Trademarks and includes the Lanham Act in his statement of the Court's jurisdiction, as a matter of form, to include jurisdiction over of all acts of Congress with respect to Copyrights, Patents and Trademarks.  See Compl. Pg. 3.

Apple alleges that just in case Ross has a "Lanham Claim" somewhere, that it should be dismissed, even though Apple could not point to any, within the four walls of the Complaint. See Motion to Dismiss, ¶ III, IV(B) pgs 3 and 14.

In addition, Defendant claims that Ross asserted claims under Florida Law that should be dismissed based on copyright preemption.

While intertwined, fact is that the claim brought pursuant to misappropriation of personal property, is a parallel claim that is separate and distinct from the federal claims under copyright law.  Pursuant to 28 U.S. Code § 1367, when a claim under state law is parallel to a claim of federal law, this Court has supplemental jurisdiction over the claim of misappropriation of personal property, brought under Common Law.  Furthermore, given that the claim of misappropriation is intertwined with claims under the Copyright Act, makes resolution of the jurisdictional issue on a 12(b)(1) motion, improper.

**C.    As to Rule 12(b)(6) - Failure to state a claim**

Apple, also alleges failure to state a claim, pursuant to Rule 12(b)(6).  See Defendant's Motion to Dismiss at ¶ III, pg 3.

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Complaint must be liberally construed in favor of plaintiff, and all facts pleaded in the original complaint must be taken as true. *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440,442 (5th Cir. 1980). Also see *Doe* v. *Northwest Bank Minn., N.A.,* 107 F.3d 1297, 1303-04 (8'" Cis. 1997), and *Arista Records, et al., v. Greubel*, 453 F. Supp. 2d 961 (2006) *""[A] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.*" Citing *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.,* <u>677 F.2d 1045</u>, 1050 (5th Cir.1982). The complaint must be reviewed in the light most favorable to the plaintiff, *McMorrow v.Little,* 109 F.3d 432, 434 (8'" Cir. 1997), and should not be dismissed unless it is clear beyond doubt that the plaintiff can prove no set of facts thereunder which would entitle him or her to relief. *Iiafley* v. *Lohman,* 90 F.3d 264, 266 (8'" Cir. 1996). Also, In *Bell Atlantic Corporation v. Twombly*, U.S. , , 127 S.Ct. 1955, 1969 (2007) the Supreme Court held that "*once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint.*" *Id.* at , 127 S.Ct. at 1969.  "*The question therefore, is whether, in the light most favorable to the plaintiff and with every doubt resolved in his favor, the complaint states any valid claim for relief.*" *Lowery v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997) quoting Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, §1357, at 601 (1969).

In its motion to dismiss, Apple argues about lack of access, to Ross's 1992 ERD, and lack of similarity between Ross's copyrighted works and Apple's products and derivatives.  That's all fine and good, however, a motion to dismiss is not a device for testing the truth of what is asserted or for determining whether the plaintiff has any evidence to back up what is in the complaint.  See ACLU *Foundation* v. *Burr, 952* F.2d 457,467 (D.C. Cir. 1991). "*The issue is not*

*whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. Id*   Thus, a motion to dismiss should be granted *"as a practical matter . . . . only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief."*   See <u>*Frey v. City of Herculaneum,* 44 F.3d 667, 671 (8th Cir.1995)</u> (quoting *Hishon* v. *King* & *Spulding,* 467 U.S. 69, 73 (1984)). Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the Complaint and the documents either attached to or incorporated in the Complaint.

## III.   COUNTER ARGUMENTS

### A.   Failure to state a claim under Rule 12(b)(6)

Apple asserts that Ross 1) did not allege that he owns a valid copyright 2) that Apple copied original elements of his copyrighted work.  Then Apple claims that 3) it is immunized under the Noerr-Pennington Doctrine, and 4) that Ross's claims are time-barred.

Ross incorporates herein his analysis of the standard of review for a Rule 12(b)(6) challenge, above.

To withstand a motion to dismiss, a copyright infringement case must allege which specific original work is the subject to the claim, that the plaintiff owns the copyrighted work, that the copyrighted work has been registered in accordance with statute, and what acts and during what time the defendant infringed the copyright.  See *Brought to Life Music, Inc. v MCA Records*, Inc., 65 U.S.P.Q.2d 1954 2003 WL 296561 (S.D. N.Y. 2003) citing *Marvullo v. Gruner & Jahr, AG & Co,* 2001 Copr. L. Dec. P 28204, 2001 WL 40772 (S.D. N.Y. 2001). To the extent Apple is suggesting that there is a heightened pleading requirement for copyright litigation, that position does not comport with the liberal pleading requirements

found in the Federal Rules of Civil Procedure.  Although Federal Rule of Civil Procedure 9 imposes heightened pleading standards for allegations of fraud or mistake, most causes of action, including copyright infringement claims, must satisfy only the minimal notice-pleading requirements of Federal Rule of Civil Procedure 8. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 167-169, 113 S. Ct. 1160, 1163, 122 L. Ed. 2d 517 (1993); *see also Mid Am. Title Co. v. Kirk,* 991 F.2d 417 (1993) showing page number 3 of 9.  The simplified notice-pleading standard relies on liberal discovery rules and summary-judgment motions to define the disputed facts and issues and dispose of meritless, claims.  See *Arista Records, et al., v. Greubel*, 453 F. Supp. 2d 961 (2006).

A plain reading of the Complaint shows that Ross did assert ownership not of one copyright, but five copyrights (Compl. ¶ 5, 27, pgs.8-11 and Exhibit B 1 through 5) and that Apple copied each one of them. See ¶34, 35, 36, 37, 38 and 38, pgs. 12-18.

a) **Failure to show ownership of valid "copyright of ideas".**  As already stated, Apple keeps alleging that Ross failed to show that "he owns a valid copyright in his idea", which is utter nonsense, as one cannot prove ownership of a valid "copyright of ideas", any more than one can prove that unicorns roam the Earth.  Ross never advanced the notion that he owns a "copyright of ideas", anywhere in the Complaint.  Rather, Ross argues, that Apple stole the identity of the ERD (misappropriation), and, separately, argues that Apple copied the designs, flow chart and narratives, expressed in his copyrighted original works (infringement).

The misappropriation claims fall under Common Law, and the infringements fall under Federal Copyright Laws.  Separate and distinct claims, arising out of the same fact pattern.

b)  **Failure to identify infringing work.**  In the Complaint, Ross identifies with specificity, each and every original work that is the subject of his claims, states that he owns the original works, recites with particularity, the chain of title and genesis of the subject original works, and that the original works were registered pursuant to the relevant statute. (Compl. ¶ 5, 27, pgs.8-11 and Exhibit B 1 through 5.)[1]  Each Certificate of Copyright creates a presumption that the plaintiff is the owner of a valid copyright and the facts stated in the Complaint, including the chain of title in the source artwork, are entitled to the presumption of truth.  See *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, Case No. 09-56499 (9th Cir., Jan. 26, 2011) (Wallace, J.) *"A copyright registration is "prima facie evidence of the validity of the copyright and the facts stated in the certificate.* 17 U.S.C. § 410(c)".  At this stage of the litigation, Ross has satisfied its burden of proof to establish standing, by introducing its copyrights.  For purposes of this motion to dismiss, facts pleaded in the original complaint must be taken as true.

---

[1] Apple raised issue that Ross's original works were part of his 1992 application for patent and this should, somehow void copyright claims.  This is not the case.  See *Mazer v. Stein*, 347 U.S. 201, 217 (1954) ("patentability ... does not bar copyright ... . Neither the Copyright Statute nor any other says that because a thing is patentable it may not be copyrighted."). For example, computer software is amenable to both copyright and patent protection. See generally, Mohammad Amin Naser , Computer Software: Copyrights v. Patents, 8 Loy. Law & Tech. Ann. 37 (2008).  Also, see *Lewis Galoob Toys, Inc. v. Nintendo of Am., Inc.*, 964 F.2d 965, 967 (9th Cir. Cal. 1992) (stating that a derivative work often physically incorporates the original work).  Furthermore, many or perhaps most inventions are combinations of existing components. In re Kahn, 441 F.3d 977, 986 (Fed. Cir. 2006); In re Kotzab, 217 F.3d 1365, 1369 (Fed. Cir. 2000); In re Rouffet, 149 F.3d 1350, 1357 (Fed. Cir. 1998).

**B.     Failure to allege access and striking similarity.**

These issues should be determined by a finder of fact (a jury), and is not at issue in a motion

to dismiss. See ACLU *Foundation* v. *Burr*, 952 F.2d 457,467 (D.C. Cir. 1991). "*The issue is*

*not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer*

*evidence to support the claims. Id*".

Key evidence in the litigation, will be the certificate, the original work, and the allegedly

infringing work.  And the adjudication will often turn on the factfinder's direct comparison

of the original and the infringing works, i.e., on the factfinder's "good eyes and common

sense" in comparing the two works' "total concept and overall feel." See *Petrella v. MGM*,

572 U. S. ____ (2014) citing *Peter F. Gaito Architecture, LLC v. Simone Development Corp.*,

602 F. 3d 57, 66 (CA2 2010) (internal quotation marks omitted).

**Access.**  Ross does allege that Apple had access to his original works by showing that

Apple's culture, by their own very public admissions, was to steal great ideas, and that there

is abundant fertile ground for discovery of how, and when, Apple's potential skullduggery

might have taken place in such a way as to, not only steal the identity of the ERD, but to

copy Ross's original works.  (Compl.¶ 28-31, pg. 11.)[2]  By making such public admissions

as far back as 1994, Apple demonstrated that, more likely than not, it was not just a casual or

accidental finder of discarded ideas, but that it actively searched for them, with the intent to

steal them and copy them.  With respect to access, generally, the courts have long recognized

that direct evidence of copying is rarely available, and that copying may be inferred.  See

---

[2] Apple, in an effort to inappropriately litigate this issue in their motion to dismiss, asserts that it could not
have had access to the ERD because the USPTO did not publish abandoned patent applications that were
filed prior to November 29, 2000.  (Motion to Dismiss, Footnote on pg. 2.)  Yet, two things are clear, one
is that the USPTO retained all of the information regarding the 1992 ERD patent application, making
potential exposure plausible at any time thereafter, and 2) that in fact, it was exposed, when the USPTO
produced records of the 1992 ERD, as exhibits, in the course of the 2007 litigation, *Ross v United States*,
No 07-cv-61723-JIC (S.D. Fla. 2009).

*Jones v. Blige*, 558 F.3d, 485, 491, 89 U.S.P.Q.2d 2029 (6th Cir. 2009 quoting *Ellis v Diffie*,

177 F.3d 503, 506, 50 U.S.P.Q.2d 1790, 1999 FED App. 0172P (6th Cir, 1999) *"Access is * *

* having the opportunity to copy."*

Access is proven when Ross shows that Apple had an opportunity to copy Ross's work.  See

*Murry Hill Publications, Inc. v Twentieth Century Fox Film Corp.*, 361 F.3d 312, 316, 70

U.S.P.Q.2d 1220, 2004 FED App. 0082P (6th Cir. 2004) quoting *Glanzmann v. King*, 8

U.S.P.Q.2d 1594 WL 212507 (E.D. Mich. 1988).

**Substantial similarity** – In his Complaint, contrary to Apple's assertion, Ross identifies the

specific elements of the ERD designs that he alleges Apple of infringing, and that Apple has

infringed on the designs by copying them onto two-dimensional media as well as the three-

dimensional product lines. (Compl. ¶ 48-76, pgs. 20-28).[3]  Apple complains that Ross's

claims fail because of buttons, keyboards, solar cells, and the like.  Fact of the matter is that

those are "functional" items that are not copyright protectable and that to determine what is

purely non-functional, aesthetic, and ornamental, one must strip out all of the functional

components. So, Ross says that his designs that are the subject of this litigation, and those of

Apple, have the same "overall look and Feel", have substantial, if not striking similarity, and

Apple says, predictably, no, they don't.  This is why we need to rely on the trier of facts

(jury) to make a determination, and cannot be litigated in a motion to dismiss.

---

[3] " * * * the Copyright Act of 1976 ("the 1976 Act") restated the **copyright protection to scientific and technical drawings by defining "works of authorship" to include "pictorial, graphic, and sculptural works."** The 1976 Act further clarifies that "[p]ictorial, graphic, and sculptural works" (17 USC §102) include two-dimensional and three-dimensional works of …charts, diagrams, models, and technical drawings, including architectural plans. 17 USC §101* * *". See *Copyright Protection for Engineers?* by Douglas P. Jeremiah, P.E., Esq., The Professional Engineer, Spring 2009.

C.     **Claims are barred by Noerr-Pennington Doctrine and are time-barred**

1.     **Noerr-Pennington Doctrine immunizes Apple's alleged conduct**

Here, Apple argues that it cannot be sued, because it has Government issued grants of

monopoly, (i.e. patents and copyrights), and that this Court should dismiss this case. In

support of this claim, Apple cites a number of cases that have analyzed the Noerr-

Pennington Doctrine.   In *MedImmune, Inc. v. Genentech, Inc*., Not Reported in

F.Supp.2d (2004), Plaintiff asserts, among other things, state and federal antitrust and

unfair competition claims.   In *PODS Enterprises, Inc. v. ABF Freight Systems, Inc*., Not

Reported in F.Supp.2d (2011). *PODS Enterprises, Inc* (PODS) alleges that *ABF Freight*

*Systems, Inc* (ABF) is infringing on their Trademark "Pods".   ABF counters by alleging

that use of the term without disclaiming the generic use of the term constitutes

anticompetitive conduct.   Citing *City of Gainesville v. Florida Power & Light Co*., 488

F.Supp. 1258 (1980), the *PODS* Court, found that "*the act of applying for and registering*

*trademarks is protected by Noerr– Pennington immunity*" and that Noerr–Pennington

applies to affirmative defenses alleging antitrust liability.

This Court must discard this claim because (1) Ross makes no allegations of antitrust or

anti-competitive conduct, the *sin qua non* for a claim of immunity under this doctrine, (2)

Apple's claim of immunity is conclusory and void of any supporting arguments, and (3)

this case is distinguished from all of the authorities cited by Apple, in that this case has

nothing to do with antitrust or anti-competitive conduct, while the cited cases have

everything to do with antitrust and anti-competitive conduct.

(1) Apple asserts that, Ross is barred from bringing any claim of misappropriation and

infringement because anything in Apple's Patent and Trademark applications are

"instrumental parts of its petition to the government." See Corrected Apple Inc's Motion

to Dismiss, ¶ a., pg. 13.  What defendant conspicuously fails to show, is any *nexus* between Ross's action in this instant case, and any allegations of antitrust, restraint of trade or conspiracy to restrain trade, that would warrant a claim of immunity under the Noerr-Pennington Doctrine.  Mere fact that Ross alleges that, *inter alia*, copyright infringements are manifest in specific Apple designs, products, design patents, packaging, advertising, and entertainment venues, is not the same as a showing that Ross, on the face of his Complaint, is alleging restraint of trade, conspiracy to restrain trade or alleging anti-trust conduct.  Furthermore, Ross is alleging that Apple's conduct amounted to misappropriation and infringement of specifically enumerated products in Apple's product line and in some very specific ways.  There is nothing here that merits immunity under any doctrine.

(2) Apple simply throws this Noerr-Pennington Doctrine out there, makes conclusory allegations that Ross is attacking Apple's patented subject matter, so this should trigger, somehow, immunity under the Noerr-Pennington Doctrine.  Ross suggests not.  See *City of Gainesville v. Florida Power & Light Co.*, 488 F.Supp. 1258 (1980) *"A conclusory allegation of a conspiracy to restrain trade will not survive a motion to dismiss."* Citing Fed.Rules Civ.Proc. Rule 8(a)(2), 28 U.S.C.A.

(3) In asserting immunity under the Noerr-Pennington doctrine, Apple cites several cases, all of which have nothing in common with this instant case, but everything in common with one another, and that is allegations of anti-trust practices and restraint of trade conduct.

In *MedImmune, Inc. v. Genentech, Inc.*, Not Reported in F.Supp.2d (2004), Plaintiff asserts, among other things, state and federal antitrust and unfair competition claims.  Here

Plaintiff MedImmune asserts that Defendants Genentech and City of Hope had an illegal twenty-nine year patent monopoly. Here, the District Court, in a slip opinion, concluded that the Noerr-Pennington doctrine applied to bar the antitrust and unfair competition claims brought against the Defendants. This instant case is clearly distinguished, as Ross alleges no such things, and does not, therefore, raise the applicability of the Noerr-Pennington doctrine.

Which brings us to *PODS Enterprises, Inc. v. ABF Freight Systems, Inc.*, Not Reported in F.Supp.2d (2011). Here we have a case where PODS alleges that ABF is infringing on their Trademark "Pods". ABF counters by alleging that use of the term without disclaiming the generic use of the term constitutes anticompetitive conduct. Citing *City of Gainesville v. Florida Power & Light Co.*, 488 F.Supp. 1258 (1980), the *PODS* Court, in reviewing the history of Noerr–Pennington, states that "*Because the U.S. Patent and Trademark Office is an administrative agency, the act of applying for and registering trademarks is protected by Noerr–Pennington immunity.*" This Court also found that the Noerr–Pennington doctrine applies to affirmative defenses. See *Dell, Inc. v. 3K Computers, LLC*, No. 08–80455–CIV, 2008 WL 6600766, at *3 (S.D.Fla. Oct.7, 2008) (finding affirmative defense alleging antitrust liability legally inadequate because of Noerr-Pennington immunity). Here, again, while the Court concludes that the Noerr Pennington doctrine applies in affirmative defenses alleging antitrust liability and to litigation, it is always in the context of allegations of antitrust and anti-competitive conduct, which is not under attack and does not exist in this instant case.

## 2.  Copyright claims are time-barred

Ross's copyright claims are not time-barred. In his Complaint, Ross alleges a series of discrete infringing acts, occurring each time a new infringing product is reproduced, distributed, and each infringing product spawns a new campaign of promotional images and new images on packaging

associated with it.  A number of these acts occurred as far back as 2007 (Compl. ¶ 34 and 35,

pgs. 12-14), and others falling within the last three years (counting either from the date of the

cease and desist demand, on March 10, 2015 or the date of filing of this Complaint, June 27,

2016).  In _Petrella v MGM_, 572 U. S. ____ (2014), the court held that in a case alleging

copyright infringement, the doctrine of laches cannot be invoked as a bar to the pursuit of a claim

for damages brought within the three-year window established by Section 507(b) of the

Copyright Act.  Furthermore, the Supreme Court held that when a defendant is alleged to have

engaged in a series of discrete infringing acts, the copyright holder's suit ordinarily will be

timely under §507(b) with respect to more recent acts of infringement (i.e., acts within the three-

year window), but untimely with respect to prior acts of the same or similar kind.

**D.      Lack of standing to bring Lanham Act Claim, State Law claims should be dismissed, State law claims are preempted by the Copyright Act, and alternately, plaintiff fails to state a claim for misappropriation and unjust enrichment.**

Apple argues that Ross lacks standing to bring a Lanham Act claim that it cannot find in the

Complaint, just in case.  As Ross reasoned above, this Court should resolve any jurisdictional

issue raised here, in favor of asserting jurisdictional authority, because, _inter alia_, to do

otherwise might invite unjust dismissal without first considering whether the Plaintiff has

pleaded a case that the Court could provide relief for.

As to state claims, Ross has already argued that this Court has supplemental jurisdiction, and, to

the extent pleaded, the misappropriation allegations are not subordinate to the Copyright

allegations, but are parallel, as one alleges the taking of personal property (misappropriation) and

the other alleges copying (infringement).  Allegation of misappropriation of Ross's copyrights

granted under the Copyright law, are an inherent part of the act of copying his original works,

but are distinguished from allegations of the taking of his personal property, that are rights other

than those protected under the Copyright Laws.  This notion is argued right at the beginning of

the Complaint (Copl. ¶ 1- 6, pgs. 1-3)    These are two separate and distinct sets of allegations.

As to Apple's argument that Ross fails to state a claim for misappropriation, it contends that

Ross brings these allegations under Florida law, and pursuant thereof, Ross fails to allege

elements required under Florida Law.  So, where exactly in the Complaint, does Ross say that his

claim of misappropriation of personal property is brought under Florida Statutes?  He doesn't.

This point notwithstanding, Apple states that Ross's 2000 patent application was rejected on the

basis of obviousness, and from this, draws the false conclusion that Ross failed to allege novelty

of the ERD.  Apple misses some key facts in this Complaint, 1) the property at issue is the ERD

created in 1992, 2) evidence of its existence is, *inter alia*, the 1992 patent application.  The 2000

patent application has zero to do with this case and is irrelevant to this cause of action other than

as a historical footnote.[4]

 Ross's claim of misappropriation of personal property alleges that his 1992 ERD was novel

(Compl. ¶ 17, 49, pgs. 7 and 21) at the time he created it, 1992, that it was concretized and

identifiable through a series of documents depicting its salient design features and described its

utility, all of which created its unique identity.  When the ERD was conceived in Ross's mind, it

was part of his being, and it remained there, gestating and growing as an idea.  When the idea

was applied to paper, it was born.  It had the DNA that included previous technological evolution

up to that point, but the ERD possessed characteristics in such a combination that made it unique,

novel and different than anything that existed before.  (Compl. ¶ 14-21, pgs.5-7).  Ross alleges

that Apple took this "identity", cloned it in successive generations, and called the resulting

---

[4] The 2000 patent application was pursued in a failed attempt revive the original 1992 patent application, that would have disregarded art created after Ross's 1992 patent application.  This failed because Ross was deemed to be too late for a "revival" of the 1992 application, and the USPTO wrongly advised him to pursue a "substitution" strategy, that did not achieve the result that Ross was pursuing.

progeny, its own.  The essential element of proving misappropriation, (i,e, conversion) under

Florida common law, is  an unauthorized act which deprives another of his property." See

*Warshall v. Price*, 629 So. 2d 903, 904 (Fla. Dist. Ct. App. 1994) (citing 12 Fla. Jur. 2d,

*Conversion and Replevin* § 1 (1979)) *"It is not necessary for a person to deprive another of*

*exclusive possession of their property in order to be liable for conversion."* [5]

Apple also argues that Ross's claim of misappropriation is preempted by the Copyright Laws.  "*

* * *if the legal or equitable rights are not within the general scope of copyright or if they are*

*over subject matter that copyright does not cover, then they are not preempted.*" See 17 U.S.C.

§103(b).   See *National Basketball Association v. Motorola, Inc.*, 105 F. 3d 841 (2d Cir. 1997).

In his Complaint, Ross alleges that Apple has misappropriated his personal property, by way of

identity theft, the 1992 identity of the ERD, which is not preempted by federal copyright laws.


WHEREFORE Plaintiff Thomas Ross, *Pro Se*, prays that this Court deny Defendant's Motion to

Dismiss and grant such other relief as it may deem just and proper.


Dated: _____*9 -8*_____, 2016
Miramar, Florida

Respectfully submitted,

_____
Thomas S. Ross, Attorney *Pro Se*
P.O. Box 279381
Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com
Thomas S. Ross, Attorney *Pro Se* for
Plaintiff/Thomas S. Ross

---

[5] The common law doctrine of misappropriation originated in the 1918 Supreme Court opinion, *International News Service v. Associated Press*, 248 U.S. 215.  The Supreme Court found that intangible property is subject to protection even if it isn't copyrighted.  Also see  *U.S. Sporting Products, Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W. 2d 214 (Texas Ct. App., 10th Dist. 1993) and *Twentieth Century Sporting Club, Inc. v. Transradio Press Service*, 300 N.Y.S. 159 (N.Y. Sup. Ct. 1937)

## <u>Certificate of Service</u>

**I hereby certify** that a true and correct copy of the foregoing PLAINTIFF'S RESPONSE IN OPOSITION TO DEFENDANT'S MOTION TO DISMISS was served by US Mail on _____9 – 8_____, 2016 on all counsel or parties of record on the attached service list.

Thomas S. Ross, Attorney *Pro Se*
P.O. Box 279381
Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com

**SERVICE LIST**
Thomas S. Ross v Apple, Inc.
**CASE NO. 16-61471-CV (Judge Williams/Simonton)**
United States District Court, Southern District of Florida


**Attorneys for Defendant APPLE, INC.**
**John F. O'Sullivan**
Hogan Lovells US LLP
Brickell World Plaza
600 Brickell Ave.
Suite 2700
Miami, FL 33131
305 459-6651
Fax: 305-459-6550
Email: john.osullivan@hoganlovells.com

**Clayton C. James**
Hogan Lovells US LLP
1200 17th Street, Suite 1500
Denver, CO 80202
303-899-7300
Email: clay.james@hoganlovells.com

**Jane Zenzi Li Carter**
Hogan Lovells US LLP,
3 Embarcadero Center, Suite 1500
San Francisco, CA 94111
415-374-2300
Email: jane.carter@hoganlovells.com

**Jessica Black Livingston**
Hogan Lovells US LLP
1200 17th Street, Suite 1500
Denver, CO 80202
303-899-7300
Email: jessica.livingston@hoganlovells.com


**Katherine A. Nelson**
Hogan Lovells US LLP
1200 17th Street, Suite 1500
Denver, CO 80202
303-899-7300
Email: katherine.nelson@hoganlovells.com