UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-CV-61471-KMW

Thomas S. Ross,

    Plaintiff,

v.

Apple Inc.,

    Defendant.
_____

**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Apple Inc. ("Apple") moved this Court to dismiss the Complaint of Plaintiff Thomas S. Ross under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. 19, Apple's Corrected Motion to Dismiss ("Motion")). Apple hereby submits this Reply in support of its Motion.

**I.    INTRODUCTION**

Mr. Ross's Response in Opposition ("Opposition") to Apple's Motion serves mainly to illustrate two points. First, his arguments to the contrary notwithstanding, Mr. Ross is, in fact, claiming a property interest in the *idea* of an electronic reading advice, which he once attempted to patent. Second, his actual claims appear to be for copyright infringement, "common law" misappropriation, and unjust enrichment, which are the claims Apple will address.[1] For the

---

[1]     Mr. Ross appears to concede he has not stated a claim under the Lanham Act or under state unfair competition law. Pl's. Opp'n at 8, 18. He also attempts to raise an entirely new claim—conversion—for the first

1

reasons set forth in Apple's Motion, each of Mr. Ross's claims fails.

## II. ARGUMENT

### A. Mr. Ross Fails to Allege a Valid Copyright, an Infringing Work, or Copying.

In order to state a claim for copyright infringement, Mr. Ross must allege that he (1) owns a valid copyright, and (2) that Apple copied original expressive elements of his copyrighted work. *Herzog v. Castle Rock Ent'mt*, 193 F.3d 1241, 1247 (11th Cir. 1999). Mr. Ross's copyright claims must be dismissed because he does not allege a valid copyright in any protectable expression, does not identify any infringing work, and does not allege that Apple copied his works.

#### 1. Mr. Ross Does Not Identify Any Protected Non-Utilitarian Expression.

While conceding that any copyright claim based on infringement of an idea is "absurd," Mr. Ross's arguments demonstrate his primary theory is exactly that—he believes Apple's devices reflect his idea for a handheld electronic reading device ("ERD") and that Apple stole the "identity," "DNA," and "idea" of that device. Pl's Opp'n at 19. The Copyright Act does not extend protection to ideas as distinguished from their expression. *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1294 (11th Cir. 2004). Nor does copyright extend to any utilitarian aspects of an idea. *Home Legend, LLC v. Mannington Mills, Inc.*, 784 F.3d 1404, 1412–13 (11th Cir. 2015). Mr. Ross's copyright claims should be dismissed on this basis alone.

---

time, but a plaintiff may not amend his complaint via a responsive brief on a motion to dismiss. *Gallagher v. City of Clayton*, 699 F.3d 1013, 1022 (8th Cir. 2012); *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989); *Mink v. Smith & Nephew, Inc.*, No. 15-CIV-61210, 2016 WL 1045588, at *8 (S.D. Fla. Mar. 14, 2016).

### 2.     Mr. Ross Fails to Identify an Apple Infringing Work.

Without identifying an accused infringing work, a pleading does not plausibly allege infringement and must be dismissed. *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*, 299 F. App'x 509, 512 (6th Cir. 2008) (plaintiff could not meet *Twombly*'s burden without alleging an infringing work). By failing to identify the infringing work, determining whether a work has been copied, and whether it is substantially similar—the two elements of copyright infringement—is literally impossible. Mr. Ross's Complaint fails to allege an infringing Apple work, and his briefing does not clarify what exactly it is he is accusing. Instead of identifying a work by Apple that *infringes*, Mr. Ross merely identifies his own work that he believes to be *infringed*. In a section of the Opposition entitled "<u>Failure to identify infringing work</u>" Mr. Ross states: "In the Complaint, Ross identifies with specificity, *each and every original work that is the subject of his claims,* states that *he owns the original works*, recites with particularity, the chain of title and genesis of *the subject original works*, and that *the original works* were registered pursuant to the relevant statute." Pl's Opp'n at 12 (emphasis added). While he may have identified works of his that he thinks are original, that identification does nothing to match those allegedly *infringed* works against some particular Apple work that he believes *infringes*. In short, Mr. Ross's copyright claims should be dismissed, as his Complaint does not provide the basic required allegations necessary to adjudicate his copyright claims.[2]

---

[2]    Mr. Ross's Complaint also alleged that Apple patents might contain content that infringes the registered drawings and text that once appeared in Mr. Ross's patent applications. But, the Complaint does not actually identify any such infringing patent content, and Mr. Ross's Opposition fails to address that point at all.

### 3. Mr. Ross Fails to Allege Copying.

Where direct evidence of copying is lacking, as it is here, it may be inferred only when there is a showing of (1) access to the copyrighted works and (2) striking similarity between the original works and the alleged copy. *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1223 (11th Cir. 2008). Mr. Ross's Complaint fails to allege copying, and his Opposition merely restates his unsupported, inflammatory attacks.

**Access to Copyrighted Works:** While replete with speculation and aspersions thrown at Apple and its founder, the Complaint does not allege (a) any direct evidence of copying or (b) either of the elements—access and substantial similarity—required to raise a plausible inference of copying. Further, since he cannot demonstrate access, to have a viable claim Mr. Ross would need to show not just substantial, but "striking" similarity, which he cannot do.

**Access:** The Complaint fails to allege Apple had access to any copyrighted work owned by Mr. Ross, and his Opposition brief merely maintains and restates his contention that Apple's "access to [Mr. Ross's] original works [can be] show[n] [by] Apple culture" or by Apple's alleged "public admissions [regarding] steal[ing] great ideas." Pl's Opp'n at 6, 13; Compl. ¶¶ 28–31. However, access and substantial similarity may not be inferred based on mere speculation or conjecture, *Herzog*, 193 F.3d at 1250, such as Mr. Ross's guess that "Apple's *potential* skullduggery *might have taken place* in such a way to … copy Ross's original works." Pl's Opp'n at 13.

Here, the closest Mr. Ross comes to addressing the thrust of Apple's argument is his contention that because some details of his 1992 patent application became public during his lawsuit against the USPTO, this Court should presume Apple had access to the underlying work.

4

Pl's Opp'n at 13 n.2. But mere public availability of some facts about a non-public patent application is simply not the same as actual access to the allegedly copyrightable work existing within that non-public application. In any event, mere public availability is not sufficient to show access. Instead, Mr. Ross must show a "reasonable possibility that [Apple] came across [his] work." *Watt v. Butler*, 457 F. App'x 856, 859–60 (11th Cir. 2012).

**Striking Similarity**: In the absence of evidence of access, a copyright plaintiff must show that the similarity between the original work and the alleged copy is so striking as to rule out independent creation. *See Benson v. Coca-Cola Co.*, 795 F.2d 973, 975 (11th Cir. 1986) (striking similarity requires that the "only possible explanation is copying."). Instead of demonstrating that such striking similarity exists, Mr. Ross simply asserts that Apple's devices have the same "overall look and feel" as his "designs." Pl's Opp'n at 14. While "overall look and feel" can be protectable under copyright, that legal truism does not relieve Mr. Ross of the burden of actually pleading the *original* and *expressive* elements in the particular "overall look and feel" of the work at issue—his copyrighted drawings and patent application text—particularly in the context of striking similarity.

To the contrary, by insisting that he has identified an infringing work by identifying <u>all</u> of Apple's iPhones, iPods and iPads, Mr. Ross effectively negates any argument that those works all are strikingly similar to his own. As the examples depicted in Apple's Motion show, the accused Apple devices are not strikingly similar to each other, so how could each and every one of them be strikingly similar to the same limited set of Mr. Ross's technical drawings? They

obviously cannot and, therefore, since Mr. Ross cannot show access or striking similarity, his claims should be dismissed.[3]

### B. Mr. Ross's Claims Are Barred By The *Noerr-Pennington* Doctrine.

In attempting to confine the *Noerr-Pennington* doctrine to its original antitrust context, Mr. Ross misreads its scope and ignores the precedent cited in Apple's Motion. *Noerr-Pennington*'s scope has been expanded to several varieties of claims attacking efforts to petition the government. *New W., L.P. v. City of Joliet*, 491 F.3d 717, 722 (7th Cir. 2007). Such petitions for government action—like applications for a patent— are immune from liability. *See MedImmune, Inc. v. Genentech, Inc.*, No. CV 03-02567 MRP, 2004 WL 5326280, at *3 n.2 (C.D. Cal. Feb. 18, 2004) (holding petitioning activity before the PTO is protected and "attempts to obtain the issuance of a patent from the PTO are ordinarily covered by *Noerr-Pennington*").

### C. Mr. Ross Does Not Plead a Series of Discrete Infringing Acts and Thus All His Copyright Claims are Time Barred.

Mr. Ross's copyright claims are barred by the Copyright Act's three-year statute of limitations. 17 U.S.C. § 507(b). Mr. Ross does not deny that he learned or, with reasonable diligence, should have learned, of Apple's alleged infringement around the time of the iPhone's introduction in 2007, at the latest. Therefore, under this jurisdiction's "discovery rule" his copyright claim accrued more than three years ago and is time-barred. *Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Int'l Corp.*, 998 F. Supp. 2d 1340, 1354–55 (S.D. Fla. 2014); *see* Mot. at 13. Mr. Ross cites *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1970 (2014) for the proposition that a "series of discrete infringing acts" can prevent the

---

[3] Mr. Ross's "overall look and feel" argument also fails to the extent it includes elements that are functional or otherwise not protected expression. *See Oravec v. Sunny Isles Luxury Ventures L.C.*, 469 F. Supp. 2d 1148, 1168–69 (S.D. Fla. 2006), *aff'd,* 527 F.3d 1218 (11th Cir. 2008) (similarities cannot involve only unprotected elements of the work).

operation of Section 507(b). But, *Petrella* addressed the operation of laches to bar a copyright claim, and Apple is not arguing laches. Rather, Apple is arguing that whatever infringement Mr. Ross is alleging is something he discovered or should have discovered well over three years before he filed his Complaint, and that Complaint does not allege any "separate and distinct" acts of infringement that might "reset" the limitations period. Without such an allegation in the Complaint, Mr. Ross has simply not alleged any series of acts that might invoke any doctrine tolling or resetting the limitations period.

### D. Mr. Ross's State Law Claims are Preempted and Inadequately Pleaded.

Mr. Ross's supplemental common-law claims for misappropriation and unjust enrichment fail to add any extra element that would prevent their preemption by the Copyright Act. *See* Mot. at 15–17; *Dunlap*, 381 F.3d at 1295; *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001). Though a misappropriation claim can theoretically be distinct from an infringement claim (though such a claim might be preempted by patent law), here Mr. Ross's allegation is that Apple copied his copyrighted drawings and text. It is that copying that he alleges comprises the misappropriation, and he fails to allege any element additional to or different from what is required for copyright infringement. To the contrary, Mr. Ross's Opposition underscores that his misappropriation claim is inextricably bound up with and derived from his copyright claim. See Pl's Opp'n at 8, 18 (misappropriation is "intertwined" and "parallel" to his copyright claims); *id.* at 18 (misappropriation allegations are "an inherent part of the act of copying his original works); *id.* at 7 ("a showing of access in furtherance of misappropriation of personal property, will also benefit a showing of access in furtherance of allegations of infringement").

7

Finally, even if his misappropriation and unjust enrichment claims are not preempted, Mr. Ross has not adequately stated any common law cause of action.  Mr. Ross is a Florida resident who filed his state law claims in federal court in Florida, but his Opposition affirmatively disclaims Florida law as the source of his misappropriation claims[4] (and presumably his other state causes of action, to the extent he states any), instead relying on some unidentified "Law of Restitution."  Pl's Opp'n at 6; Compl. ¶ 1.[5]  Neither the Complaint nor the Opposition brief identifies the source or elements of the Law of Restitution. Therefore, Mr. Ross's state law claims fail and should be dismissed.

## III.  CONCLUSION

Mr. Ross's Opposition demonstrates he has no cognizable claim against Apple.  For the foregoing reasons, and for the reasons described in Apple's Motion to Dismiss, the Court should dismiss his Complaint.

---

[4]  *See* Pl's Opp'n at 19 ("So, where exactly in the Complaint, does Ross say that his claim of misappropriation of personal property is brought under Florida Statutes? He doesn't.").

[5]  To the extent that Mr. Ross argues that misappropriation exists under federal common law, Pl's Opp'n at 20 n.5, that argument fails.  First, *International News Service v. Associated Press*, 248 U.S. 215 (1918) and *Twentieth Century Sporting Club v. Transradio Press Service*, 300 N.Y.S. 159 (Sup. Ct. 1937) are pre-*Erie* cases that are no longer good law.  *See, e.g.*, *McKevitt v. Pallasch*, 339 F.3d 530, 534 (7th Cir. 2003) (recognizing that *Int'l News Serv*. "no longer is legally authoritative because it was based on the federal courts' subsequently abandoned authority to formulate common law principles in suits arising under state law though litigated in federal court").  Mr. Ross's only other case cited in support of his misappropriation claim, *U.S. Sporting Products, Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214 (Tex. App. 1993) reflects the law of a state, Texas, having no apparent connection to Mr. Ross's claims.

Respectfully submitted on September 19, 2016.

By: */s/ John F. O'Sullivan*
John F. O'Sullivan
HOGAN LOVELLS LLP
600 Brickell Avenue
Suite 2700
Miami, FL 33131
(305) 459-6500 (phone)
(305) 459-6550 (fax)
john.osullivan@hoganlovells.com

Clayton C. James
Jessica Black Livingston
Katherine A. Nelson
HOGAN LOVELLS LLP
1601 Wewatta St., Suite 900
Denver, CO 80202
(303) 899-7300 (phone)
(303) 899-7333 (fax)
clay.james@hoganlovells.com
jessica.livingston@hoganlovells.com
katherine.nelson@hoganlovells.com

Jane Carter
HOGAN LOVELLS LLP
3 Embarcadero Center, Suite 1500
San Francisco, CA 94111
(415) 374-2300 (phone)
(415) 374-2499 (fax)
jane.carter@hoganlovells.com

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of September 2016, the foregoing Apple Inc.'s Reply in Support Motion to Dismiss was electronically filed with the Clerk of the Southern District of Florida using the CM/ECF system, which automatically sends an electronic notification to all counsel of record and other CM/ECF participants. I also certify that I have sent by email and U.S. Mail, first class, a copy of this document to Thomas S. Ross, Pro Se Plaintiff, P.O. Box 279381, Miramar, FL 33027, Email: erd1992@globarize.com.

By: */s/ John F. O'Sullivan*
John F. O'Sullivan
Fla. Bar No. 143154
john.osullivan@hoganlovells.com