UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-61471-CV (Judge Williams/Simonton)

FILED BY ⟨Ox⟩ D.C.
DEC 08 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

| | |
|---|---|
| THOMAS S. ROSS,<br>    Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| APPLE INC., a California corporation | )<br>) |
| Defendant | )<br>)<br>) |

## MOTION FOR LEAVE TO FILE
## PROPOSED CASE MANAGEMENT PLAN AND ORDER

NOW COMES PLAINTIFF, Thomas S. Ross (Ross), **PRO SE**, and, pursuant to F.R.C.P, 26(a) states, on information and belief, as follows:

Pursuant to Federal Rules of Civil Procedures 26(a) and Local Rule 16.1(a) and (b), litigants are required to develop a Case Management Plan. Since Plaintiff, having requested a conference with Defendant, and having been unable to secure same, applied his best effort to develop a case management timeline without the benefit of consulting with Defendant, and attaches same herein.

WHEREFORE, Plaintiff, Ross prays that this honorable Court grants Ross leave to file Plaintiff's Proposed Case Management Plan pursuant to F.R.C.P, 26(a), or grant such other relief, as this Court may deem appropriate.

THOMAS S, ROSS

Dated: December 8, 2016

Respectfully submitted,

/s/ Thomas S. Ross

THOMAS S. ROSS
Attorney *Pro Se*
P.O. Box 279381

# CERTIFICATE OF GOOD FAITH CONFERENCE
# UNABLE TO CONFER

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that *Pro Se* the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion but has been unable to do so. The reasonable efforts made were specifically as follows: On **November 21, 2016**, Plaintiff mailed , a letter to John F. O'Sullivan, Lead Counsel of the Law Firm of Hogan Lovells US LLP, via CERTIFIED US MAIL, requesting a conference with Defendant, pursuant to F.R.C.P. 26(f). All other attorneys of record representing the Defendant, APPLE, INC., were each sent a copy of the letter via email, on the same date. As of the time of this writing, Plaintiff has not received any response.

THOMAS S. ROSS

Dated: December 8, 2016

Respectfully submitted,

THOMAS S. ROSS
Plaintiff *Pro Se*
P.O. Box 279381
Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com

THOMAS S. ROSS
P.O. BOX 279381
MIRAMAR, FLORIDA 33027

TELEPHONE: 954-312-7532

Email: erd1992@globarize.com

FACSIMILE: 954-312-7604

November 21, 2016

VIA CERTIFIED MAIL AND EMAIL

John F. O'Sullivan, Esq.
Hogan Lovells US LLP
Brickell World Plaza
600 Brickell Ave.
Suite 2700
Miami, FL 33131



RE:  **Ross vs Apple, Inc.**
**16-cv-61471**
F.R.C.P. 26(f) Conference

Dear Mr. O'Sullivan,

    In compliance with the rule cited above, I hereby request that we arrange a time and place for a conference, the purpose of which will be to discuss what initial disclosures are appropriate to make, if any, the timing for making such disclosures, or, alternately discuss objections raised, if any, and to discuss a Proposed Case Management Plan, required therein.

    I suggest that we should meet within the next two or three weeks, say, at 3:30 PM, on 12/7/2016 or 12/14/2016 or 12/28/2016, or at such other date and time as we can agree upon.

    I am amenable to meet in person or through a Skype® videoconference, as we may mutually agree.

Best Regards,

THOMAS S. ROSS
*PRO SE* Plaintiff

cc:   Clayton C. James
      Jane Zenzi Li Carter
      Jessica Black Livingston
      Katherine A. Nelson

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

MIAMI, FL 33131

| | |
|---|---|
| Certified Mail Fee | $3.30 |
| $ | $2.70 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☒ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $0.47 |
| $ | |
| Total Postage and Fees | $6.47 |
| $ | |

Postmark Here — 0251 — 11/21/2016

Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

7016 1370 0000 6171 3140

This is our new mail interface! We love it, you will too! Here's why we're changing.

|  | Email | Contacts | Calendar | Tasks | Settings |  |

Search Mail...

**MAILBOXES**

- Inbox
- Drafts
- Sent
- Spam
- Trash

**FOLDERS**

- old-messages

**FILTERS**

- Unread
- Flagged
- Purchases
- Friends
- Newsletters
- Notifications

## Thomas S. Ross v Apple, Inc.; 16-cv-6147···

To: erd1992@globarize.com, Clayton James <clay.james@hoganlovells.com>,...

< 1 secs ago

1 Attachment

Dear Mr. O'Sullivan,

Please find attached a copy of correspondence regarding request for Rule 26(f) Conference, also forwarded to you, by U.S. Mail.

Best Regards,

**Thomas S. Ross**

*PRO SE* Plaintiff

P.O. BOX 279381

Miramar, Florida 33027

Phone: (954) 312-7532

Fax: (954) 312-7604

E-Mail: erd1992@globarize.com

CONFIDENTIALITY NOTICE: The information contained in this e-mail is intended only for the confidential use of the recipient(s) named above. This message and its attachments are attorney-client privileged communications, work product and mental impressions of the above sender. If the reader of this message is not the intended recipient or if you have received this communication in error, you are hereby notified that you have received this in error, that you should destroy it, notify us at once and any review, dissemination or copying is strictly prohibited.

Ltr_to_Apple_re_Rule_26(f)_Conf.docx
Microsoft Word document - 27 KB

Options: ☐ Reply To All | Resend | Show Recipients | Edit Subject | Add Bcc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-61471-CV (Judge Williams/Simonton)

THOMAS S. ROSS,            )
       Plaintiff            )
vs.                        )
                           )
APPLE INC., a California corporation  )
       Defendant            )
_____)

## PROPOSED CASE MANAGEMENT PLAN AND ORDER

NOW COMES PLAINTIFF, THOMAS S. ROSS, *Pro Se*, and hereby submit the following Case Management Plan to the Court for approval:

**I. Parties and Representatives**
Counsel shall promptly file a notice with the Clerk if there is any change in this information.

  A. Name of parties
      1. **Plaintiff**:   THOMAS S. ROSS (Ross)

      2. **Defendant**: APPLE, INC. (Apple)

  B. Counsel
      1. **Plaintiff**:   THOMAS S. ROSS, ***Pro Se***, P.O. Box 279381, Miramar, Florida 33027
                    Telephone: 954-312-7532; Facsimile: 954-312-7604;
                    Email: erd1992@globarize.com
      2. **Defendant**:
          a.   John F. O'Sullivan, Hogan Lovells US LLP
               Brickell World Plaza, 600 Brickell Ave., Suite 2700, Miami, FL 33131
               305 459-6651; Fax: 305-459-6550;
               Email:John.osullivan@hoganlovells.com
          b.   Clayton C. James, Hogan Lovells US LLP, 1601 Wewatta Street, Suite 900, Denver, CO 80202; 303-899-7300; Fax: 303-899-7333;
               Email: clay.james@hoganlovells.com
          c.   Jane Zenzi Li Carter
               Hogan Lovells US LLP, 3 Embarcadero Center, Suite 1500
               San Francisco, CA 94111; 415-374-2300
               Email: jane.carter@hoganlovells.com
          d.   Jessica Black Livingston, Hogan Lovells US LLP, 1601 Wewatta Street Suite 900 Denver, CO 80202; 303-899-7300; Fax: 303-899-7333
               Email: jessica.livingston@hoganlovells.com

      e.      Katherine A. Nelson, Hogan Lovells US LLP, 1601 Wewatta Street Suite 900, Denver, CO 80202; 303-899-7300; Fax: 303-899-7333 Email: katherine.nelson@hoganlovells.com

## II. Jurisdiction and Statement of Claims

The parties shall state the basis for subject matter jurisdiction. If there is disagreement, each party shall state its position.

A. Jurisdiction of the Court

    1. **Plaintiff:** The Copyright Act (17 U.S.C. §§ 101,501); the Lanham Act (15 U.S.C. §§1125 et. seq.); 28 U.S.C. § 1331 (federal subject matter jurisdiction) and 28 U.S.C. §1338(a) (any act of Congress relating to copyrights, patents and trademarks) and Florida Common Law as to misappropriation and restitution. Federal Court has supplemental jurisdiction as to a state cause of action for misappropriation of personal property, pursuant to 28 U.S. Code § 1367 and *Hurn v. Oursler,* 289 U. S. 238, (1933) (* * * state law claims are appropriate for federal court determination if they form a separate but parallel ground for relief also sought in a substantial claim based on federal law.)

    2. **Defendant:**

**B.** Plaintiff's Statement of Claims

[Insert a one paragraph statement of plaintiff's claims, including the legal theories and facts upon which the claims are based.]

**Claims:** Misappropriation of personal property, copyright infringement and unjust enrichment.

Apple misappropriated the identity of the ERD, that Ross invented in 1992, when certain of Apple's iPhone®, iPad® and iPods® products embodied the characteristics and functionality of the ERD, without authorization.

Apple infringed on Ross's copyrights when Apple embodied in certain products **1)** a design that is strikingly similar to that of Ross's ERD signature design, that features a rectangular shape with rounded corners, with the flat surface dominated by a rectangular screen and framed seamlessly by the body of the hand-held ERD, when **2)** Apple embodied the ERD two-screen design, in its 2016 patent for a hand-held device with a two-screen design and **3)** when Apple embodied in its order-fulfillment process flow chart the same process expressed in Ross's copyrighted ERD Chart.

Apple unjustly enriched itself, at the expense of Ross, when it infringed on Ross's copyrights.

**Legal theories**:

> Misappropriation- Ross's Intellectual Property has three separate and distinct characteristics, that of 1) a chattel, 2) an invention and 3) a work of art, all of which affords Ross three separate and independent property rights.
>
> Generally, the basic elements of a claim of trespass to chattels (Personal Property) are lack of an owner's consent to trespass, interference with possessory interest, and intention of the trespasser.
>
> Copyright Infringement- The Copyright Act of 1976 ("the 1976 Act") restated the copyright protection to scientific and technical drawings by defining "works of authorship" to include "pictorial, graphic, and sculptural works." The 1976 Act further clarifies that "[p]ictorial, graphic, and sculptural works" (17 USC §102) include two-dimensional and three-dimensional works of charts, diagrams, models, and technical drawings, including architectural plans (17 USC §101),
>
> In addition, two-dimensional mechanical drawings are considered as a copyright protectable "expression," not "a useful article." Current copyright law provides for copyright protection to two-dimensional technical drawings. Generally, the Copyright Office recognizes published or unpublished two-dimensional drawings as including diagrams or models, illustrating scientific or technical works or formulating scientific or technical information in linear form, such as a mechanical drawing or an engineering diagram. 37 CFR § 202.12(a) (1959).
>
> Patentability does not bar copyright. Neither the Copyright Statute nor any other says that because a thing is patentable it may not be copyrighted. See *Mazer v. Stein*, 347 U.S. 201, 217 (1954)

If infringement occurred within three years prior to filing, the action will not be barred even if prior infringements by the same party as to the same work are barred because they occurred more than three years previously."). Thus, when a defendant has engaged (or is alleged to have engaged) in a series of discrete infringing acts, the copyright holder's suit ordinarily will be timely under §507(b) with respect to more recent acts of infringement (*i.e.,* acts within the three-year window), but untimely with respect to prior acts of the same or similar kind. See *Petrella v MGM*, 572 U. S. \_\_\_\_ (2014)

Unjust Enrichment - Restitution, is the cause of action that seeks to redress gains of one, at the expense of another, by restoring a balance. Stated another way, it is a set of rights that are given rise when a defendant has unjustifiably gained at the plaintiff's expense (i.e. Unjust Enrichment). This occurs when there is a transfer of property (i.e, misappropriation), whether by mistake, conferrings, takings, or failed contracts. The law of restitution, as a remedy for unjust enrichment, is rooted in the law of Equity that goes back some two thousand years, with the maxim that *"For this by nature is equitable, that no one be made richer through someone's loss."*

**Facts**: Ross created the ERD in 1992 and owns it as personal property or chattel. In addition, Ross's three (3) ERD drawings, one flow chart and narratives, were copyright-protected since 1992 and registered since May 4th, 2014. Three of the drawings prominently feature a rectangular shape with rounded corners, with the flat surface dominated by a rectangular screen and framed seamlessly by the body of the ERD with dimensions intended to fit in the palm of a hand. Two of the drawings feature a hand-held, two-screen design, shown side-by-side with one attached to the other. The flow chart drawing expresses the flow of the order fulfilment process between a host computer and the ERD device. Apple's design of certain of its smartphones, tablets and ipods®, past and present, embody a rectangular shape with rounded corners, with the flat surface dominated by a rectangular screen and framed seamlessly by the body of the devices, same as the ERD. Apple, recently secured a patent for a two-screen hand-held device, that embodies the same design as that depicted in two ERD drawings. Apple's flow chart appearing in one of its patents, shows the order fulfilment process that embodies the same process as that in the ERD chart. Apple, through its former CEO, Steve Jobs, and other corporate officers, have publicly admitted, since 1994, of "stealing great ideas".

**C.** Defendant's Statement of Claims

[Insert a one paragraph responsive statement of defendant's claims or defenses, including the legal theories and facts upon which the claims are based.]

D. Within **14 days after the non-expert discovery deadline**, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b) the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

**Case Track Assignment**[1]

| | |
|---|---|
| ☐ | **Track 1 (Case resolved within 18 months);** [The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated]. |
| ☒ | **Track 2 (Case is resolved within 20 months);** [Note: The Court expects this will be the typical track when dispositive motions are anticipated.] |
| ☐ | **Track 3 (Case resolved within 2 years)** [Note: The Court expects that this will not be the typical track when dispositive motions are anticipated.] |
| ☐ | **Track 4 (Case resolved within 2 years)** [Note: The Court provides Track 4 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1-3 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1-3.] |

---

[1] Case disposition times for all Case Tracks have been established in accordance with Federal Rule of Civil Procedure 26(f)(3).

**Case Deadlines and Events**

|  | Anchor Date | avg days in a mo |
|---|---|---|
|  | 08/19/16 | 30 |
| **Events** | **Deadlines** | |
|  | **Plaintiff** | **Defendant** |
| **Parties and Representatives** | 12/17/16 |  |
| **Jurisdiction and Statement of Claims** | 12/17/16 |  |
| **Initial Disclosures** | 12/17/16 |  |
| **Preliminary witness and exhibit lists** | 01/16/17 | 02/15/17 |
| All motions for leave to amend the pleadings and/or to join additional parties | 01/16/17 |  |
| Plaintiff's Statement of special damages, if any, and make a settlement demand (but not file with the Court) and Defendant's response thereto. (do not file with the Court) | 01/16/17 | 02/15/17 |
| Disclosure of expert witness(es), and filing of F.R.C.P. 26(a)(2) Report. | 09/13/17 | 10/13/17 |
| **Expert witness disclosure** | 10/13/17 |  |
| **Final witness and exhibit lists** | 10/13/17 |  |
| **Dispositive motions** | 08/14/17 |  |
| Liability issues and expert witness discovery that may be necessary at the dispositive motions stage | 07/15/17 |  |
| **Completion of all Discovery** | 12/12/17 |  |
| **Pre-Trial/Settlement Conferences (if any)** | 11/12/17 |  |
| **Trial Date (Five (5) days)** | 04/11/18 |  |
| Referral to Magistrate Judge for further proceedings, Rule on Motions and trial (agree/not agree) | NOT AGREED | |

| TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE | 10/29/17 | |
|---|---|---|
| ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE | 11/05/17 | |
| Other Matters (if any) | 11/12/17 | |

*Signature, address and telephone number of Counsel and Unrepresented Parties. Counsel must state FL Bar number:*

**John F. O'Sullivan**
Hogan Lovells US LLP
Brickell World Plaza
600 Brickell Ave.
Suite 2700
Miami, FL 33131
305 459-6651
Fax: 305-459-6550
Email: John.osullivan@hoganlovells.com

**Thomas S. Ross**
Attorney *Pro Se*
P.O. Box 279381
Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com

### CERTIFICATE OF GOOD FAITH CONFERENCE
### UNABLE TO CONFER

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that *Pro Se* the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion but has been unable to do so. The reasonable efforts made were specifically as follows: Sent letter requesting a F.R.C.P. 26(f) conference to discuss the Case Management Plan, to John F. O'Sullivan, Esq. at the offices of Hogan Lovells US LLP, by Certified U.S. Mail on 11/21/2016 (article # 7016 1370 0000 6171 3140) and a copy to each counsel of record via email. No response has been received, to date of this submission.

THOMAS S, ROSS
Dated: 12/8/16, 2016

Respectfully submitted,

_____
THOMAS S. ROSS
Plaintiff *Pro Se*
P.O. Box 279381
Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com

## ORDER APPROVING PROPOSED CASE MANAGEMENT PLAN

THE COURT having reviewed the preceding Case Management Plan, and finding it to be satisfactory, it is:

**ORDERED AND ADJUDGED** that Proposed Case Management Plan is hereby **APPROVED AND ALL PARTIES SHALL ABIDE BY THE TERMS HEREIN.**

ORDERED this _____ day of _____, 2016.

_____
The Honorable Kathleen M. Williams, Judge
of the United States District
or

_____
Andrea M. Simonton, Magistrate Judge
Court for the Southern District of Florida

Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by US Mail and email, on or about **December 8, 2016** on all counsel or parties of record on the Service List below.

_____

THOMAS S. ROSS
Attorney **Pro Se**
P.O. Box 279381
Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com

## SERVICE LIST

Thomas S. Ross v Apple, Inc.
CASE NO. 16-61471-CV (Judge Williams/Simonton)
United States District Court, Southern District of Florida

**Attorneys for Defendant APPLE, INC.**

**John F. O'Sullivan**
Hogan Lovells US LLP
Brickell World Plaza
600 Brickell Ave.
Suite 2700
Miami, FL 33131
305 459-6651
Fax: 305-459-6550
Email: john.osullivan@hoganlovells.com

**Clayton C. James**
Hogan Lovells US LLP
1601 Wewatta STreet
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email: clay.james@hoganlovells.com

**Jane Zenzi Li Carter**
Hogan Lovells US LLP,
3 Embarcadero Center, Suite 1500
San Francisco, CA 94111
415-374-2300
Email: jane.carter@hoganlovells.com

**Jessica Black Livingston**
Hogan Lovells US LLP
1601 Wewatta Street
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email: jessica.livingston@hoganlovells.com

**Katherine A. Nelson**
Hogan Lovells US LLP
1601 Wewatta Street
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email: katherine.nelson@hoganlovells.com