UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 16-CV-61471-KMW**

Thomas S. Ross,

        Plaintiff,

v.

Apple Inc.,

        Defendant.

_____

## APPLE INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE PROPOSED CASE MANAGEMENT PLAN AND ORDER

Defendant Apple Inc. ("Apple") opposes Mr. Ross's Motion for Leave to File a Proposed Case Management Plan and Order (D.E. 28). Apple requests that the Court deny Mr. Ross's motion and entry of Mr. Ross's proposed case management plan and proposed scheduling order, because they are premature in light of Apple's pending Motion to Dismiss, and because Mr. Ross submitted his proposed plan and schedule without any input from Apple after failing to confer with Apple in good faith before filing his motion, in violation of Local Rule 7.1.

## BACKGROUND

On August 23, 2016, Apple filed a Motion to Dismiss (D.E. 19) Mr. Ross's complaint. The Motion to Dismiss is fully briefed and pending a decision by this Court. Apple's Motion asserts multiple grounds for dismissing each of Mr. Ross's claims.

On November 21, Mr. Ross sent a letter to Apple's counsel requesting a conference per Federal Rule of Civil Procedure 26(f). See Exhibit A. The letter was received by counsel two days before Thanksgiving, while Apple was closed and its Legal Department was out for the holiday week. Mr. Ross's letter did not state any grounds for proceeding immediately with discovery or request an immediate meeting or follow-up, instead suggesting an initial meeting "within the next two or three weeks" and suggesting December 7, December 14, or December 28 as possible conference dates. *See id.*

On December 8th, Mr. Ross sent a copy of his Motion for Leave and proposed case management plan to Apple's counsel. See Exhibit B. About 20 minutes later, a paralegal for Apple's counsel John O'Sullivan responded to Mr. Ross and informed him that Mr. O'Sullivan was traveling but would respond to Mr. Ross on the afternoon of December 9. *See id.* Later on December 8th, without any further attempt to confer with counsel for Apple, Mr. Ross filed his Motion for Leave and his proposed case management plan in person at the clerk's office. (See D.E. 28, filing stamp dated December 8, 2016.) Apple was served with Mr. Ross's Motion for Leave by the Court's CM/ECF system on December 9th. Apple's counsel conferred with Mr. Ross by telephone and email on December 13 regarding staying discovery, disclosures and all related conferences until the Court has an opportunity to rule on Apple's Motion to Dismiss and determine which, if any, of Mr. Ross's claims might survive. Mr. Ross responded that he opposes Apple's request to stay discovery.

## ARGUMENT

Mr. Ross's Motion for Leave should be denied because he failed to confer with Apple before filing it and because his proposed case management plan is premature in light of Apple's

pending Motion to Dismiss. Local Rule 16.1 requires parties to submit a conference report and joint proposed scheduling order once they have conferred according to Federal Rule of Civil Procedure 26(f). These submissions require the parties to submit detailed plans and proposals such as the likelihood of settlement, proposed time limits and discovery plans, and proposals for simplification of issues. See Local Rule 16.1 (a)–(b). Mr. Ross's complaint is comprised of a wide-ranging and rambling set of implausible and conclusory allegations that Apple's entire line of mobile products (including its iPhone, iPad and iPod lines)—and apparently every version thereof since 2007—copy in some unexplained way four drawings and text from patent applications that Mr. Ross filed with the United States Copyright Office fifteen years after the United States Patent & Trademark Office rejected the patent applications. In addition to claims for copyright infringement, Mr. Ross also attempts to state claims for "misappropriation of intellectual property as chattel" and "unjust enrichment."

Apple's Motion to Dismiss seeks to dismiss each of Mr. Ross's claims, and Mr. Ross's entire complaint could be dismissed if the Court grants Apple's Motion. Even if the Court allows one or more claims to proceed or allows Mr. Ross to amend his complaint, until the Court issues a final disposition, the parties will not know which, if any, of Mr. Ross's claims will survive. The scope of discovery and the content of any proposed scheduling order depends, however, on the claims, if any, that survive, and on the specific Apple product lines that are ultimately subject to well-pleaded factual allegations. Any such discovery would likely vary widely depending on the remaining claims (if any). Mr. Ross's complaint implicates dozens of Apple products and multiple Apple patents without any plausible factual basis for wrongdoing by Apple. Therefore, until the parameters of Mr. Ross's claims are better defined, the parties

cannot develop the kind of well-informed proposals required by Local Rule 16.1. Mr. Ross's proposed case management plan and scheduling order are thus premature, and Mr. Ross's Motion for Leave should be denied.

Mr. Ross's Motion for Leave also should be denied because his proposed case management plan and scheduling order were developed without any input from Apple. The parties have not yet scheduled an initial conference according to Federal Rule of Civil Procedure 26(f), and have not yet discussed the issues implicated in Rule 26(f) or Local Rule 16.1. Nor should such a conference be conducted until the Court rules on the pending Motion to Dismiss and until such time as a final operative complaint and set of claims is in place, for the reasons set forth above. Because Mr. Ross rushed to file his proposed case management plan and scheduling order, those documents are one-sided and likely would need to be modified after the pleadings are set. The Court should deny Mr. Ross's motion to avoid inefficient use of the Court's and the parties' resources.

Finally, Mr. Ross's Motion should be denied because he did not confer with Apple in good faith before filing his Motion for Leave in violation of Local Rule 7.1. Local Rule 7.1(a)(3) requires a party to confer or make reasonable effort to confer with parties to resolve the dispute set forth in the motion *prior to filing* any motion in a civil case, except for certain motions excluded by the rule. Mr. Ross did not ask to confer regarding his Motion for Leave, but merely forwarded a copy of his already drafted motion to Apple's counsel on December 8. Minutes later, a representative of Apple's counsel informed Mr. Ross that they would address the matter with him the next day. Mr. Ross nevertheless filed this Motion without any discussion. Mr. Ross's "Good Faith Certificate of Conference" addresses only his initial request for a Rule

26(f) conference, and not any conference regarding the Motion for Leave itself.  Since Mr. Ross

failed to confer with Apple regarding this Motion in good faith, Mr. Ross violated Local Rule

7.1.  His Motion should be denied.

### CONCLUSION

The disposition of Apple's pending Motion to Dismiss will greatly affect the content of

any required submissions under Federal Rule of Civil Procedure 26 and Local Rule 16.1.

Furthermore, Mr. Ross's proposed submissions lack any input from Apple.  Entering Mr. Ross's

proposed case management plan or scheduling order is therefore premature and wasteful of the

Court's resources, and Mr. Ross's Motion lacks good faith and violates Local Rule 7.1.  This

Motion should therefore be denied until the Court has ruled on Apple's Motion to Dismiss, with

a Rule 26(f) conference taking place only if any claims survive the Motion to Dismiss.

Respectfully submitted on December 14, 2016.

By:  /s/ John F. O'Sullivan
John F. O'Sullivan
HOGAN LOVELLS LLP
600 Brickell Avenue
Suite 2700
Miami, FL 33131
(305) 459-6500 (phone)
(305) 459-6550 (fax)
john.osullivan@hoganlovells.com

Clayton C. James
Jessica Black Livingston
Katherine A. Nelson
HOGAN LOVELLS LLP
One Tabor Center, Suite 1500
1200 Seventeenth Street
Denver, CO 80202
(303) 899-7300 (phone)
(303) 899-7333 (fax)
clay.james@hoganlovells.com
jessica.livingston@hoganlovells.com
katherine.nelson@hoganlovells.com

Jane Carter
HOGAN LOVELLS LLP
3 Embarcadero Center, Suite 1500
San Francisco, CA 94111
(415) 374-2300 (phone)
(415) 374-2499 (fax)
jane.carter@hoganlovells.com

*Attorneys for Defendant Apple Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 14th day of December 2016, a copy of the foregoing was electronically filed with the Clerk of the Southern District of Florida  using the CM/ECF system, which automatically sends an electronic notification to all counsel of record and other CM/ECF participants. I also certify that I have sent by email and U.S. Mail, first class, a copy of this document to Thomas S. Ross, Pro Se Plaintiff, P.O. Box 279381, Miramar, FL 33027, Email: erd1992@globarize.com.

By: */s/ John F. O'Sullivan*
John F. O'Sullivan
Fla. Bar No. 143154
john.osullivan@hoganlovells.com