**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 16-CV-61471-KMW**

Thomas S. Ross,

        Plaintiff,

v.

Apple Inc.,

        Defendant.

_____

**APPLE INC.'S MOTION TO STAY DISCOVERY**

Defendant Apple Inc. ("Apple") moves to stay all disclosures and discovery, including the initial conference and disclosures required by Federal Rule of Civil Procedure 26, until the Court issues a final disposition regarding Apple's pending Motion to Dismiss.  Any conference, case management filings, and discovery are premature until this Court determines which, if any, of Mr. Ross's claims survive the Motion to Dismiss.

**BACKGROUND**

Mr. Ross's complaint attempts to allege multiple claims of copyright infringement and various other common law torts, and seeks billions of dollars in damages against Apple.  Each claim is premised on implausible and conclusory allegations that Apple's products were copied from drawings and text Mr. Ross filed with the United States Patent and Trademark Office as part of rejected patent applications and later filed as copyright registrations.

The breadth of Mr. Ross's vague and conclusory complaint is staggering.  He alleges multiple counts of copyright infringement, multiple counts of unjust enrichment, and an unclear count of misappropriation of intellectual property.  Mr. Ross broadly accuses Apple's entire line of mobile devices of infringing his copyrights, in ways that the complaint never actually explains, and of infringing by virtue of Apple patent filings without, again, identifying with specificity any infringing work and never alleging any facts suggesting that Apple had access to his work.  On its face, Mr. Ross's complaint implicates each version of the iPhone, iPod Nano, iPod Touch, and iPad released since 2007 and alleges implausibly that each of these very different devices infringes the same four patent drawings that Mr. Ross later registered as copyrights.  This amounts to dozens of separate products potentially implicated and subject to costly and burdensome discovery, without the benefit of any non-speculative factual allegations that might suggest some actual limits on the scope of discovery.  As set forth more fully in Apple's Motion to Dismiss (D.E. 19), Mr. Ross fails to allege any facts necessary to state a plausible claim for copyright infringement or any other claim.  Apple seeks to dismiss each of Mr. Ross's claims.  The Motion to Dismiss is fully briefed and currently pending.

On November 21, Mr. Ross sent a letter to Apple's counsel requesting a conference per Federal Rule of Civil Procedure 26(f).  See Exhibit A.  The letter was received by counsel two days before Thanksgiving, while Apple was closed for the holiday week.  Mr. Ross's letter indicated that he was in no particular hurry, requesting an initial meeting "within the next two or three weeks" and suggesting  December 7, December 14, or December 28 as possible dates for the meet and confer.  *See id.*

2

On December 8, Mr. Ross sent Apple's counsel a copy of a motion for leave to file a proposed case management plan and scheduling order.  On that same day, and after having been informed that Apple's counsel was traveling but would be in contact the next day, Mr. Ross filed his motion and proposed case management plan with the Court.  (D.E. 28.)  Apple opposes Mr. Ross's motion for the reasons stated in its Opposition (D.E. 29).

## ARGUMENT

The Court should exercise its discretion to stay all discovery until final disposition of Apple's pending Motion to Dismiss, which seeks dismissal of all claims.  There is good cause for all discovery to be stayed, because the parties cannot conduct effective and efficient discovery until the Court determines which, if any, of Mr. Ross's claims will survive Apple's Motion to Dismiss.

The Court has discretion to limit discovery and may for good cause issue an order protecting a party from discovery due to "undue burden or expense."  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(c)(1).  District courts also have "broad discretion to stay proceedings as part of their inherent authority to control their docket."  *Pierce v. State Farm Mut. Auto. Ins. Co.*, No. 14-22691-CIV, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014).  In addition, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim for relief, should, however, be resolved before discovery begins."  *Id.* (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 1367 (11th Cir. 1997)).  As in this case, "good cause to stay discovery exists when the resolution of a preliminary motion may dispose of the entire action."  *Id.* (staying discovery because defendant's motion to dismiss raised threshold legal issues that may dispose of the plaintiff's claim in entirety).  It is also appropriate

for courts to stay discovery "during the pendency of facial challenges to the legal substance of claims, especially when the challenged claim has the potential to enlarge the scope and cost of discovery greatly." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005). Staying discovery while a potentially dispositive motion to dismiss is pending is appropriate because it saves parties from the burden of "the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged." *Chudasama*, 123 F.3d at 1367. Discovery also imposes burdens on the judicial system since resources "must be diverted from other cases to resolve discovery disputes." *Id.* at 1367–68.

Good cause exists to stay all discovery in this case, based on the nature of the complaint and Apple's pending Motion to Dismiss. Any discovery conducted prior to the disposition of the Motion to Dismiss exposes Apple to unreasonable burden and cost because of the vague and expansive nature of Mr. Ross's complaint. As argued fully in Apple's Motion, Mr. Ross claims billions of dollars in damages based on speculative and unsupported allegations that Apple's entire line of mobile devices—presumably every version of each device since 2007—infringes Mr. Ross's rights in drawings and text from rejected patent applications for which Mr. Ross subsequently applied for copyright registrations. Mr. Ross could seek burdensome, costly discovery about dozens of separate products and any number of multiple Apple patents that the complaint suggests, without any underlying factual support, were copied from Mr. Ross.

4

Apple's Motion seeks to dismiss each of Mr. Ross's claims, and could dispose of the case in its entirety, or at least substantially limit it.  Until the Court has an opportunity to issue a final ruling on Apple's Motion, the parties cannot know which of Mr. Ross's many claims might be subject to continuing litigation.  Even if some of Mr. Ross's claims survive, without the Court's guidance, the parties cannot tailor discovery to be fair, efficient, and proportional.

Rule 26 requires the parties to confer about claims and defenses and develop a discovery plan, and exchange disclosures regarding persons with discoverable information.  Once a Rule 26(f) conference has occurred, Local Rule 16.1 requires parties to submit a conference report and joint proposed scheduling order containing detailed plans and proposals such as the likelihood of settlement, proposed time limits and discovery plans, and proposals for simplification of issues. See Local Rule 16.1 (a)–(b).  In most cases, parties will find it difficult to tailor discovery appropriately to the claims or product lines subject to litigation when a potentially dispositive motion to dismiss is pending, resulting in waste and inefficiency.  Here, given the speculative and inherently implausible nature of Mr. Ross's allegations, combined with the tremendous breadth of the vague claims, it is impossible to meaningfully frame the scope of discovery or exchange meaningful disclosures according to Rule 26 without knowing which claims are at issue and which Apple products and product versions are subject to those claims.  Without knowing which claims and product lines are at issue, the parties cannot effectively determine a scope of discoverable information or determine a workable discovery plan.  Therefore, any conference or exchange of information is premature and impracticable at this time.

## CONCLUSION

Until the parties know which if any of Mr. Ross's many claims may be subject to continuing litigation, any conference or discovery is speculative, inefficient, and impracticable. Apple respectfully requests that the Court exercise its discretion to stay all discovery, including the initial conference and disclosures required by Rule 26, until the Court has an opportunity to issue a final ruling on Apple's Motion to Dismiss.

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that pursuant Local Rule 7.1 and Federal Rule of Civil Procedure 26(c)(1), I conferred with plaintiff Thomas S. Ross regarding the foregoing Motion to Stay Discovery. The conference was held by telephone and email on December 13, 2016. Mr. Ross refused to agree and opposes the Motion.

By: */s/ John F. O'Sullivan*
John F. O'Sullivan
Fla. Bar No. 143154
john.osullivan@hoganlovells.com

Respectfully submitted on December 14, 2016.

By: /s/ *John F. O'Sullivan*
John F. O'Sullivan
HOGAN LOVELLS LLP
600 Brickell Avenue
Suite 2700
Miami, FL 33131
(305) 459-6500 (phone)
(305) 459-6550 (fax)
john.osullivan@hoganlovells.com

Clayton C. James
Jessica Black Livingston
Katherine A. Nelson
HOGAN LOVELLS LLP
One Tabor Center, Suite 1500
1200 Seventeenth Street
Denver, CO 80202
(303) 899-7300 (phone)
(303) 899-7333 (fax)
clay.james@hoganlovells.com
jessica.livingston@hoganlovells.com
katherine.nelson@hoganlovells.com

Jane Carter
HOGAN LOVELLS LLP
3 Embarcadero Center, Suite 1500
San Francisco, CA 94111
(415) 374-2300 (phone)
(415) 374-2499 (fax)
jane.carter@hoganlovells.com

*Attorneys for Defendant Apple Inc.*

7

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 14th day of December 2016, a copy of the foregoing was electronically filed with the Clerk of the Southern District of Florida  using the CM/ECF system, which automatically sends an electronic notification to all counsel of record and other CM/ECF participants. I also certify that I have sent by email and U.S. Mail, first class, a copy of this document to Thomas S. Ross, Pro Se Plaintiff, P.O. Box 279381, Miramar, FL 33027, Email: erd1992@globarize.com.

By: */s/ John F. O'Sullivan*
John F. O'Sullivan
Fla. Bar No. 143154
john.osullivan@hoganlovells.com