UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-61471-CV (Judge Williams/Simonton)

THOMAS S. ROSS,
        Plaintiff

vs.

APPLE INC., a California corporation
        Defendant

)
)
)
)
)
)
)
)
)

FILED BY _____ D.C.

DEC 16 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## PLAINTIFF REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE CASE MANAGEMENT PLAN AND ORDER

NOW COMES PLAINTIFF, Thomas S. Ross (ROSS), **PRO SE**, and states, on information and

belief, as follows:

Plaintiff denies being "premature" in seeking to develop a Case Management Plan, and

Plaintiff denies being in violation of Local Rule 7.1(a) as alleged by Defendant[1].

## STATEMENT OF FACTS

1. On June 27, 2016, Plaintiff files the Complaint (DOCKET #1);

2. On August 18, 2016, Defendant's attorney John O'Sullivan files his Appearance

   (DOCKET # 16), and several other attorneys for Defendant File Motion to Appear *Pro*

   *Hac Vice* and the Court grants all of the unopposed motions (DOCKET # 17);

3. On August 23, 2016, Defendant files a Motion to Dismiss (DOCKET #19);

---

[1] Local Rule 7.1(a)(3)(B) states in relevant part *"* * * that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so. * * * "*

4. On or about November 21, 2016, Plaintiff ROSS sent a certified letter requesting a conference to discuss initial disclosures and a Case Management Plan (CMP), to Apple's local counsel John O'Sullivan, and also forwarded said letter via email, to him as well as to, Clayton C. James, Jane Zenzi Li Carter, Jessica Black Livingston and Katherine A. Nelson.  See EXHIBIT A.

5. On or about November 21, 2016, Plaintiff received an auto-reply from Mr. Clayton C. James, stating that he would be out of the office until December 18, 2016.  As to all other attorneys, including Mr. John Sullivan, there was not a peep, not then, not during the 16 days between the mailing of the letter and the filing of this instant Motion, not ever. Complete radio silence.

6. On or about December 8, 2016, Plaintiff emails and sends, via Certified US mail, a letter regarding the Initial disclosures, as required by FRCP 26(a) See EXHIBIT B.

7. On or about December 8, 2016, Plaintiff files, his Motion for leave to file his Case Management Plan (DOCKET #28), and sends a copy of the filing via emails, and US Mail to all of Defendant's Counsels, except that, the copy to John O'Sullivan, Defendant's local Counsel, is sent via Certified US mail,. See EXHIBIT C.

8. On or about December 8, 2016, Olga Garcia, of the Law Firm of Hogan Lovells US, LLP, responds to Plaintiff's email regarding Plaintiff's Motion for Leave to file CMP, and says that Mr. O'Sullivan is traveling and will return "tomorrow", presumably meaning December 9, 2016.  See EXHIBIT D.

9. On or about December 9, 2016, John O'Sullivan responds to Plaintiff's email of December 8, 2016, regarding the filing of Plaintiff's Motion for Leave to File CMP, and states that he *"Will call in Monday to go over next steps."*  See EXHIBIT E.

10. On Monday, December 12, 2016, at approximately 4:30 PM EST, Mr. O'Sullivan calls Plaintiff to tell him that he wants to file a Motion to Stay Discovery and asks Plaintiff to agree and to not oppose it. Plaintiff tells Defendant, *inter alia*, that he was inclined to oppose it but that he would give it due consideration. On a subsequent email and follow up call, Plaintiff told Defendant that he will oppose it.

11. Defendant files the Motion to Stay on December 14, 2016 (DOCKET # 30). During that conversation, Mr. O'Sullivan never mentioned anything regarding his concerns about Local Rule 7.1 and Plaintiff's Motion for Leave to file a CMP.

12. On or about December 14, 2016, Defendant files his RESPONSE in Opposition to Plaintiff's Motion for Leave to file a Proposed CMP (DOCKET # 29), wherein Mr. O'Sullivan admits to having received Plaintiff's request for a Rule (26)(f) conference letter, two (2) days before Thanksgiving. That would place the arrival of the letter on November 22, 2016, which was the very day after Plaintiff sent it by emails and Certified U.S. Mail. So, between November 22, 2016 and December 8, 2016, neither he, nor any of his colleagues, responded to Plaintiff's request for a FRCP Rule 26(f) conference;

13. On or about December 14, 2016, in his response in opposition to the filing of Plaintiff's Motion for Leave to file Proposed CMP (DOCKET # 29), Mr. O'Sullivan accuses Plaintiff of violating Rule 7.1 by failing to confer with Defendant regarding "*his Motion for Leave*".

**ARGUMENT**

Plaintiff respectfully disagrees with Defendant's assertion that Plaintiff is 1) premature in his commencing discovery, and that 2) Plaintiff failed to comply with Local Rule 7.1.

With all due respect to esteemed Counsel for the Defense, this case had been in hibernation for nearly four (4) months, since Defendant's Counsels (five strong) made their appearances on August 18, 2016. Plaintiff can hardly be accused of being hasty, when his first request to meet with Defendant's Counsel regarding a CMP was made on November 21, 2016, approximately 95 days after their first appearance filings. Nonetheless, Defendant's Counsel opines that because there is a Motion to Dismiss pending, we should all be sitting around, do nothing, and just watch the days turn into weeks, and weeks into months.

Basically, once we look beyond Defendant's whining about the merits of the case, we find that Defendant has no use for Case Management Plans, initial disclosures or discovery, as that would be too great a "burden" for Apple. Well, again, with all due respect, the last we looked, there is nothing in the Federal Rules of Civil Procedures that grants an automatic stay after the defense files a Motion to Dismiss, and, since when does a Defendant get to decide when a case merits prosecution? Dismissing a case is the prerogative of the Court, not an attorney for Apple.


Now let us address Defendant's allegation that Plaintiff violated Local Rule 7.1.

Here, Defendant asserts that Plaintiff failed to seek a conference regarding *"his Motion for Leave"*, in violation of Local Rule 7.1. Plaintiff disagrees.

The purpose of Rule 7.1 is to encourage litigants to resolve issues before they are brought in front of the Court. The issue at hand was to develop a mutually agreed upon Case Management Plan, and to file same with the Court. To this end, Plaintiff contacted Defendant on November

21, 2016, to secure a date when Plaintiff could confer with Defendant regarding the CMP. Since Plaintiff's reading of the Federal Rules of Civil Procedures and the Local Rules, led him to understand that FRCP 26(f) required this to be accomplished within four (4) months of Defendant's filing his appearance, and given that, for sixteen (16) days, Defendant ignored Plaintiff's request to confer, Plaintiff filed Motion for leave to file his own CMP.

In short, the 11/21/2016 letter to Defendant, was, in fact, an attempt to seek agreement on a mutually arrived at CMP that, in turn, would be submitted to the Court, "unopposed". This was the *"relief sought in the motion"*. Rule 7.1 requires the parties to confer regarding the *"relief sought in the motion"*, not, as Defendant asserts, to confer regarding the *"Motion for Leave to File"*, itself.

Therefore, Plaintiff did make the requisite good faith attempt to confer with all parties affected by *"the relief sought"* in Plaintiff's Motion. It is Defendant's Counsels' failure to respond, that prompted Plaintiff to file his Motion for Leave to file his unilateral, or "opposed", Case Management Plan.

## CONCLUSION

As the facts show, Plaintiff has been anything but hasty, in his pursuit to start discovery almost four (4) months after Defendant's filing of an appearance, and, as the record shows, Plaintiff did seek to confer with Defendant to discuss the CMP and initial disclosures, which is the *"relief sought in the motion"*, within the meaning of Local Rule 7.1. After sixteen (16) days, it became apparent to Plaintiff, that Defendant's cadre of attorneys were not going to respond, so Plaintiff proceeded to request leave to file his own Case Management Plan that included a Certificate of Good Faith Conference-Unable to Confer, statement.

It is obvious, by the plain reading of Defendant's response, that Apple was never interested in conferring about any Case Management Plan, much less in advancing any discovery, and raised this Rule 7.1 violation to obfuscate that fact.

Finally, in spite of the fact that there is nothing in the federal Rules of Civil Procedures that entitles Defendant to unilaterally decide to prevent discovery, Defendant simply decided to do just that, regardless of the fact that this instant case, like it or not, is not over.

**PRAYER**

WHEREFORE, Plaintiff, Ross prays that this honorable Court compel Defendant to make its initial disclosures pursuant to FRCP Rule 26(a) within a time frame dictated by this Court, and compel Defendant to offer a suitable time during which the parties can meet and develop a mutually agreed Case Management Plan, or schedule a conference with the Court, when the parties can be assisted in complying with the requirements of FRCP Rule 26(f), or grant such other relief as it deems just and proper.

THOMAS S, ROSS

Dated: December 16, 2016

Respectfully submitted,

THOMAS S. ROSS
Attorney *Pro Se*
P.O. Box 279381
Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com

**Certificate of Service**

    **I hereby certify** that a true and correct copy of the foregoing was served by US Mail and email, on or about December 16, 2016 on all counsel or parties of record on the Service List below.

THOMAS S. ROSS
Attorney *Pro Se*
P.O. Box 279381
Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com

# SERVICE LIST

Thomas S. Ross v Apple, Inc.
CASE NO. 16-61471-CV (Judge Williams/Simonton)
United States District Court, Southern District of Florida

**Attorneys for Defendant APPLE, INC.**

**John F. O'Sullivan**
Hogan Lovells US LLP
Brickell World Plaza
600 Brickell Ave.
Suite 2700
Miami, FL 33131
305 459-6651
Fax: 305-459-6550
Email: john.osullivan@hoganlovells.com

**Clayton C. James**
Hogan Lovells US LLP
1601 Wewatta Street
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email: clay.james@hoganlovells.com

**Jane Zenzi Li Carter**
Hogan Lovells US LLP
3 Embarcadero Center, Suite 1500
San Francisco, CA 94111
415-374-2300
Email: jane.carter@hoganlovells.com

**Jessica Black Livingston**
Hogan Lovells US LLP
1601 Wewatta Street
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email: jessica.livingston@hoganlovells.com

**Katherine A. Nelson**
Hogan Lovells US LLP
1601 Wewatta Street
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email: katherine.nelson@hoganlovells.com

# EXHIBIT A

This is our new mail interface! We love it, you will too! Here's why we're changing.

Email      Contacts      Settings

Search Mail...

**MAILBOXES**

Inbox

Drafts

Sent

Spam

Trash

**FOLDERS**

old-messages

**FILTERS**

Unread

Flagged

Purchases

Friends

Newsletters

Notifications

To: erd1992@globarize.com, Clayton James <clay.james@hoganlove...

# Thomas S. Ross v Apple, Inc.; 16-cv-6147···

11/21/16 12:46

1 Attachment

Dear Mr. O'Sullivan,

Please find attached a copy of correspondence regarding request for Rule 26(f) Conference, also forwarded to you, by U.S. Mail.

Best Regards,

Thomas S. Ross

*PRO SE* Plaintiff

P.O. BOX 279381

Miramar, Florida 33027

Phone: (954) 312-7532

Fax: (954) 312-7604

E-Mail: erd1992@globarize.com

CONFIDENTIALITY NOTICE: The information contained in this e-mail is intended only for the confidential use of the recipient(s) named above. This message and its attachments are attorney-client privileged communications, work product and mental impressions of the above sender. If the reader of this message is not the intended recipient or if you have received this communication in error, you are hereby notified that you have received this in error, that you should destroy it, notify us at once and any review, dissemination or copying is strictly prohibited.

Ltr_to_Apple_re_Rule_26(f)_Conf.docx
Microsoft Word document - 27 KB

THOMAS S. ROSS
P.O. BOX 279381
MIRAMAR, FLORIDA 33027

TELEPHONE: 954-312-7532

FACSIMILE: 954-312-7604

Email: erd1992@globarize.com

November 21, 2016

VIA CERTIFIED MAIL AND EMAIL

John F. O'Sullivan, Esq.
Hogan Lovells US LLP
Brickell World Plaza
600 Brickell Ave.
Suite 2700
Miami, FL 33131

RE:   **Ross vs Apple, Inc.**
      **16-cv-61471**
      F.R.C.P. 26(f) Conference

Dear Mr. O'Sullivan,

    In compliance with the rule cited above, I hereby request that we arrange a time and place for a conference, the purpose of which will be to discuss what initial disclosures are appropriate to make, if any, the timing for making such disclosures, or, alternately discuss objections raised, if any, and to discuss a Proposed Case Management Plan, required therein.

    I suggest that we should meet within the next two or three weeks, say, at 3:30 PM, on 12/7/2016 or 12/14/2016 or 12/28/2016, or at such other date and time as we can agree upon.

    I am amenable to meet in person or through a Skype® videoconference, as we may mutually agree.

Best Regards,

THOMAS S. ROSS
*PRO SE* Plaintiff

cc:   Clayton C. James
      Jane Zenzi Li Carter
      Jessica Black Livingston
      Katherine A. Nelson

# EXHIBIT B

erd1992@globarize.com...

This is our new mail interface! We love it, you will too! Here's why we're changing.

Email      Contacts      Settings      Thomas S. Rc

Search Mail...

**MAILBOXES**

Inbox

Drafts

Sent

Spam

Trash

**FOLDERS**

old-messages

**FILTERS**

Unread

Flagged

Purchases

Friends

Newsletters

Notifications

## Plaintiff's Initial Disclosure per FRCP Rule 26(a)

To: Clayton James <clay.james@hoganlovells.com>, Jane Carter <jane.carter@...

12/8/16 14:22

2 Attachments

Mr. O'Sullivan,

Please find attached Plaintiff's Initial Disclosure, not filed with the Court, as required by F.R.C.P. 23(a).

If you have any questions, please contact me.

Best Regards,

Thomas S. Ross

*Pro Se* Plaintiff

Ross v. Apple, Inc.

P.O. Box 279381

Miramar, Florida 33027

TELEPHONE: 954-312-7532

FACSIMILE: 954-312-7604

Email: erd1992@globarize.com

CONFIDENTIALITY NOTICE: The information contained in this e-mail is intended only for the confidential use of the recipient(s) named above. This message and its attachments are attorney-client privileged communications, work product and mental impressions of the above sender. If the reader of this message is not the intended recipient or if you have received this communication in error, you are hereby notified that you have received this in error, that you should destroy it, notify us at once and any review, dissemination or copying is strictly prohibited.

Ltr_to_Apple_re_Rule_26(a)_Init_Discl.docx
Microsoft Word document - 29 KB

PLT_Initial_Disclosures.doc
Microsoft Word document - 74 KB

**THOMAS S. ROSS**
P.O. BOX 279381
MIRAMAR, FLORIDA 33027

TELEPHONE: 954-312-7532

FACSIMILE: 954-312-7604

Email: erd1992@globarize.com

December 8, 2016

VIA CERTIFIED MAIL AND EMAIL

John F. O'Sullivan, Esq.
Hogan Lovells US LLP
Brickell World Plaza
600 Brickell Ave.
Suite 2700
Miami, FL 33131

RE:   Ross vs Apple, Inc.
      16-cv-61471
      F.R.C.P. 26(a) Initial Disclosures

Dear Mr. O'Sullivan,

  In compliance with the Rule cited above, please find attached Plaintiff's initial disclosures, including 1) the names of each individual likely to have discoverable information regarding ownership of the personal property identified in the Complaint, as the ERD, 2) proof of ownership of each copyright identified in the Complaint, 3) description of documents in support of claims, 4) computation of each category of damages claimed in the Complaint and 5) the names of each individual likely to have discoverable information regarding computation of each category of damages claimed in the Complaint.

Best Regards

*TRoss* /s

THOMAS S. ROSS
*PRO SE* Plaintiff
TSR/cr
Incl.:

**Email cc:**  Clayton C. James
     Jane Zenzi Li Carter
     Jessica Black Livingston
     Katherine A. Nelson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-61471-CV (Judge Williams/Simonton)

THOMAS S. ROSS,                              )
          Plaintiff                   )
                                )
vs.                                          )
                                )
APPLE INC., a California corporation         )
          Defendant                   )
_____)

## PLAINTIFF'S INITIAL DISCLOSURES TO DEFENDANT

COMES NOW PLAINTIFF, Thomas S. Ross (Ross), *PRO SE*, and, pursuant to F.R.C.P,

26(a)(1)(A) and Local Rule 16.1(b)(1), states, on information and belief, as follows:

1) The names of each individual likely to have discoverable information regarding

ownership of the personal property identified in the above-styled action, as the ERD:

    a.  Thomas S. Ross, P.O.Box 279381, Miramar, Florida  33027

    b.  U.S. Patent and Trademark Office, Arlington, Virgina.

2) Proof of ownership of each copyright identified in the above-styled action:

    a.  Certificate of Copyright # VAu 1-186-491  issued by United States Library of

        Congress, Office of Copyrights;

    b.  Certificate of Copyright # VAu 1-186-859  issued by United States Library of

        Congress, Office of Copyrights

    c.  Certificate of Copyright # VAu 1-186-860  issued by United States Library of

        Congress, Office of Copyrights

    d.  Certificate of Copyright # VAu 1-186-862  issued by United States Library of

        Congress, Office of Copyrights

    e. Certificate of Copyright # TXu 1-919-460 issued by United States Library of Congress, Office of Copyrights

3) Description of documents in support of claims:

    a. Original Designs of the ERD;

    b. Original descriptions of the ERD;

    c. Original Application for Patent 07/974,428 dated 11/12/1992, submitted to the United States Patent and Trademark Office;

    d. Exhibits produced by the Government in *Ross v. U.S.A.*

    e. Copyright Certificates;

4) Computation of each category of statutory damages pursuant to 17 U.S.C. 412, actual damages and profits under 17 U.S.C. 504(b), claimed in the above-styled action:

    a. **Statutory damages**: None estimated, to date.

    b. **Actual damages**: *ex aequo et bono* evaluation method of Plaintiff's imputed licensing revenues. See *On Davis v. Gap*, 246 F.3d 152 (2d Cir. 2001)

    c. **Profits: ERD design**: a) Infringed design (consisting of rectangular shape of device, rounded corners, framed screen and hand-held size) contribution to revenues = 10%; b) Infringer's gross revenue for each eligible year for each instance of infringement, less expenses attributable to the infringed design, only: (Number of infringing items) x (listed price per unit) x (eligible years) – (Infringer's expenses). See *Design v. K-Mart Apparel Corp.*, 13 F.3d 559 (2d Cir. 1994;

d.  **Future Licensing Revenue**: a) Design 1(VAu 1-186-491): 1.5% of unit sale price of each future device utilizing the ERD design; b) Design 2 (VAu 1-186-859) and Design 3 (VAu 1-186-860): 1.5% of unit sale price; c) Design 4 (Chart (VAu 1-186-862): 0.5% of unit sale price and d) Text (TXu 1-919-460): TBA.

e.  **Restitution**: For misappropriation of the ERD in the form of identity theft (intentional or unintentional): *In quantum meruit* method of computation.

5)  The names of each individual likely to have discoverable information regarding computation of each category of damages claimed in the above-styled action:

a.  Thomas S. Ross

PURSUANT to F.R.C.P, 26(a)(1)(A) and Local Rule 16.1)(b)(1), this document has not been filed with the Court, qt this time.

THOMAS S, ROSS

Dated: **December 8**, 2016

Respectfully submitted,

_____

THOMAS S. ROSS
Attorney *Pro Se*
P.O. Box 279381
Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com

# SERVICE LIST

Thomas S. Ross v Apple, Inc.
CASE NO. 16-61471-CV (Judge Williams/Simonton)
United States District Court, Southern District of Florida


**Attorneys for Defendant APPLE, INC.**

**John F. O'Sullivan**
Hogan Lovells US LLP
Brickell World Plaza
600 Brickell Ave.
Suite 2700
Miami, FL 33131
305 459-6651
Fax: 305-459-6550
Email: john.osullivan@hoganlovells.com

**Clayton C. James**
Hogan Lovells US LLP
1601 Wewatta STreet
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email: clay.james@hoganlovells.com

**Jane Zenzi Li Carter**
Hogan Lovells US LLP,
3 Embarcadero Center, Suite 1500
San Francisco, CA 94111
415-374-2300
Email: jane.carter@hoganlovells.com

**Jessica Black Livingston**
Hogan Lovells US LLP
1601 Wewatta Street
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email: jessica.livingston@hoganlovells.com

**Katherine A. Nelson**
Hogan Lovells US LLP

1601 Wewatta Street
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email: katherine.nelson@hoganlovells.com

# EXHIBIT C

This is our new mail interface! We love it, you will too! Here's why we're changing.

Email      Contacts      Settings      Thomas S. Ro

Search Mail...

**MAILBOXES**

Inbox

Drafts

Sent

Spam

Trash

**FOLDERS**

old-messages

**FILTERS**

Unread

Flagged

Purchases

Friends

Newsletters

Notifications

## Proposed Case Management Plan (FRCP 26(···

To: Clayton James <clay.james@hoganlovells.com>, Jane Carter <jane.carter@...

12/8/16 14:22

2 Attachments

Mr. O'Sullivan,

Pursuant to F.R.C.P. Rule 23(a) and Local Rule 16.1(a) and (b), please find attached Motion for leave to file and Plaintiff's Proposed Case Management Plan.

Please note that on or about November 21, 2016, I had forwarded to your office, and that of your colleagues via email, a letter requesting a conference to discuss the Case Management Plan, but to date of this email, I received no response.

Regards,

Thomas S. Ross

*Pro Se* Plaintiff

Ross v. Apple, Inc.

P.O. Box 279381

Miramar, Florida 33027

TELEPHONE: 954-312-7532

FACSIMILE: 954-312-7604

Email: erd1992@globarize.com

CONFIDENTIALITY NOTICE: The information contained in this e-mail is intended only for the confidential use of the recipient(s) named above. This message and its attachments are attorney-client privileged communications, work product and mental impressions of the above sender. If the reader of this message is not the intended recipient or if you have received this communication in error, you are hereby notified that you have received this in error, that you should destroy it, notify us at once and any review, dissemination or copying is strictly prohibited.

PLT_Motion For Leave To File CMP.doc
Microsoft Word document - 72 KB

PLT_PROPOSED CASE MANAGEMENT PLAN.docx
Microsoft Word document - 52 KB

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-61471-CV (Judge Williams/Simonton)

THOMAS S. ROSS,                              )
              Plaintiff            )
                                )
vs.                                          )
                                )
APPLE INC., a California corporation         )
                                )
             Defendant            )
_____ )

## MOTION FOR LEAVE TO FILE
## PROPOSED CASE MANAGEMENT PLAN AND ORDER

NOW COMES PLAINTIFF, Thomas S. Ross (Ross), *PRO SE*, and, pursuant to F.R.C.P, 26(a)

states, on information and belief, as follows:

Pursuant to Federal Rules of Civil Procedures 26(a) and Local Rule 16.1(a) and (b), litigants are

required to develop a Case Management Plan.  Since Plaintiff, having requested a conference

with Defendant, and having been unable to secure same, applied his best effort to develop a case

management timeline without the benefit of consulting with Defendant, and attaches same

herein.

WHEREFORE, Plaintiff, Ross prays that this honorable Court grants Ross leave to file

Plaintiff's Proposed Case Management Plan pursuant to F.R.C.P, 26(a), or grant such other

relief, as this Court may deem appropriate.

THOMAS S, ROSS

Dated: December 8, 2016                      Respectfully submitted,

                                                 _____

                                                 THOMAS S. ROSS
                                                 Attorney *Pro Se*
                                                 P.O. Box 279381

Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by US Mail and

email, on or about **December 8, 2016** on all counsel or parties of record on the Service List

below.

_____

THOMAS S. ROSS
Attorney *Pro Se*
P.O. Box 279381
Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com

## CERTIFICATE OF GOOD FAITH CONFERENCE
## UNABLE TO CONFER

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that *Pro Se* the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion but has been unable to do so.  The reasonable efforts made were specifically as follows: On **November 21, 2016**, Plaintiff mailed , a letter to John F. O'Sullivan, Lead Counsel of the Law Firm of Hogan Lovells US LLP, via CERTIFIED US MAIL, requesting a conference with Defendant, pursuant to F.R.C.P. 26(f).  All other attorneys of record representing the Defendant, APPLE, INC.,  were each sent a copy of the letter via email, on the same date.  As of the time of this writing, Plaintiff has not received any response.

THOMAS S. ROSS

Dated: December 8, 2016

Respectfully submitted,

_____

THOMAS S. ROSS
Plaintiff *Pro Se*
P.O. Box 279381
Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com

## SERVICE LIST

Thomas S. Ross v Apple, Inc.
CASE NO. 16-61471-CV (Judge Williams/Simonton)
United States District Court, Southern District of Florida

**Attorneys for Defendant APPLE, INC.**

**John F. O'Sullivan**
Hogan Lovells US LLP
Brickell World Plaza
600 Brickell Ave.
Suite 2700
Miami, FL 33131
305 459-6651
Fax: 305-459-6550
Email: john.osullivan@hoganlovells.com

**Clayton C. James**
Hogan Lovells US LLP
1601 Wewatta STreet
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email: clay.james@hoganlovells.com

**Jane Zenzi Li Carter**
Hogan Lovells US LLP,
3 Embarcadero Center, Suite 1500
San Francisco, CA 94111
415-374-2300
Email: jane.carter@hoganlovells.com

**Jessica Black Livingston**
Hogan Lovells US LLP
1601 Wewatta Street
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email: jessica.livingston@hoganlovells.com

**Katherine A. Nelson**
Hogan Lovells US LLP
1601 Wewatta Street
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email:
katherine.nelson@hoganlovells.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-61471-CV (Judge Williams/Simonton)

THOMAS S. ROSS,                                   )
              Plaintiff                               )
                                                      )
vs.                                               )
                                                      )
APPLE INC., a California corporation              )
              Defendant                               )
_____           )

## PROPOSED CASE MANAGEMENT PLAN AND ORDER

NOW COMES PLAINTIFF, THOMAS S. ROSS, *Pro Se*, and hereby submit the following Case Management Plan to the Court for approval:

### I. Parties and Representatives
Counsel shall promptly file a notice with the Clerk if there is any change in this information.

A. Name of parties
    1. **Plaintiff**:   THOMAS S. ROSS (Ross)

    2. **Defendant**: APPLE, INC. (Apple)

B. Counsel
    1. **Plaintiff**:   THOMAS S. ROSS, *Pro Se*, P.O. Box 279381, Miramar, Florida 33027
                     Telephone: 954-312-7532; Facsimile: 954-312-7604;
                     Email: erd1992@globarize.com

    2. **Defendant**:
        a.   John F. O'Sullivan, Hogan Lovells US LLP
            Brickell World Plaza, 600 Brickell Ave., Suite 2700, Miami, FL 33131
            305 459-6651; Fax: 305-459-6550;
            Email:John.osullivan@hoganlovells.com
        b.   Clayton C. James, Hogan Lovells US LLP, 1601 Wewatta Street, Suite
            900, Denver, CO 80202; 303-899-7300; Fax: 303-899-7333;
            Email: clay.james@hoganlovells.com
        c.   Jane Zenzi Li Carter
            Hogan Lovells US LLP, 3 Embarcadero Center, Suite 1500
            San Francisco, CA 94111; 415-374-2300
            Email: jane.carter@hoganlovells.com
        d.   Jessica Black Livingston, Hogan Lovells US LLP, 1601 Wewatta Street
            Suite 900 Denver, CO 80202; 303-899-7300; Fax: 303-899-7333
            Email: jessica.livingston@hoganlovells.com

    e.    Katherine A. Nelson, Hogan Lovells US LLP, 1601 Wewatta Street
Suite 900, Denver, CO 80202; 303-899-7300; Fax: 303-899-7333
Email: katherine.nelson@hoganlovells.com

## II. Jurisdiction and Statement of Claims

The parties shall state the basis for subject matter jurisdiction. If there is disagreement, each party shall state its position.

**A.** Jurisdiction of the Court

    1.  **Plaintiff:** The Copyright Act (17 U.S.C. §§ 101,501); the Lanham Act (15 U.S.C. §§1125 et. seq.); 28 U.S.C. § 1331 (federal subject matter jurisdiction) and 28 U.S.C. §1338(a) (any act of Congress relating to copyrights, patents and trademarks) and Florida Common Law as to misappropriation and restitution. Federal Court has supplemental jurisdiction as to a state cause of action for misappropriation of personal property, pursuant to 28 U.S. Code § 1367 and *Hurn v. Oursler, 289 U. S. 238, (1933)* (* * * state law claims are appropriate for federal court determination if they form a separate but parallel ground for relief also sought in a substantial claim based on federal law.)

    2.  **Defendant:**

**B.** Plaintiff's Statement of Claims

[Insert a one paragraph statement of plaintiff's claims, including the legal theories and facts upon which the claims are based.]

**Claims:** Misappropriation of personal property, copyright infringement and unjust enrichment.

Apple misappropriated the identity of the ERD, that Ross invented in 1992, when certain of Apple's iPhone®, iPad® and iPods® products embodied the characteristics and functionality of the ERD, without authorization.

Apple infringed on Ross's copyrights when Apple embodied in certain products **1)** a design that is strikingly similar to that of Ross's ERD signature design, that features a rectangular shape with rounded corners, with the flat surface dominated by a rectangular screen and framed seamlessly by the body of the hand-held ERD, when **2)** Apple embodied the ERD two-screen design, in its 2016 patent for a hand-held device with a two-screen design and **3)** when Apple embodied in its order-fulfillment process flow chart the same process expressed in Ross's copyrighted ERD Chart.

Apple unjustly enriched itself, at the expense of Ross, when it infringed on Ross's copyrights.

**Legal theories:**

Misappropriation- Ross's Intellectual Property has three separate and distinct characteristics, that of 1) a chattel, 2) an invention and 3) a work of art, all of which affords Ross three separate and independent property rights.

Generally, the basic elements of a claim of trespass to chattels (Personal Property) are lack of an owner's consent to trespass, interference with possessory interest, and intention of the trespasser.

Copyright Infringement- The Copyright Act of 1976 ("the 1976 Act") restated the copyright protection to scientific and technical drawings by defining "works of authorship" to include "pictorial, graphic, and sculptural works." The 1976 Act further clarifies that "[p]ictorial, graphic, and sculptural works" (17 USC §102) include two-dimensional and three-dimensional works of charts, diagrams, models, and technical drawings, including architectural plans (17 USC §101),

In addition, two-dimensional mechanical drawings are considered as a copyright protectable "expression," not "a useful article." Current copyright law provides for copyright protection to two-dimensional technical drawings.  Generally, the Copyright Office recognizes published or unpublished two-dimensional drawings as including diagrams or models, illustrating scientific or technical works or formulating scientific or technical information in linear form, such as a mechanical drawing or an engineering diagram. 37 CFR § 202.12(a) (1959).

Patentability does not bar copyright. Neither the Copyright Statute nor any other says that because a thing is patentable it may not be copyrighted. See *Mazer v. Stein*, 347 U.S. 201, 217 (1954)

If infringement occurred within three years prior to filing, the action will not be barred even if prior infringements by the same party as to the same work are barred because they occurred more than three years previously."). Thus, when a defendant has engaged (or is alleged to have engaged) in a series of discrete infringing acts, the copyright holder's suit ordinarily will be timely under §507(b) with respect to more recent acts of infringement (*i.e.*, acts within the three-year window), but untimely with respect to prior acts of the same or similar kind. See *Petrella v MGM*, 572 U. S. ____ (2014)

Unjust Enrichment - Restitution, is the cause of action that seeks to redress gains of one, at the expense of another, by restoring a balance. Stated another way, it is a set of rights that are given rise when a defendant has unjustifiably gained at the plaintiff's expense (i.e. Unjust Enrichment). This occurs when there is a transfer of property (i.e, misappropriation), whether by mistake, conferrings, takings, or failed contracts. The law of restitution, as a remedy for unjust enrichment, is rooted in the law of Equity that goes back some two thousand years, with the maxim that *"For this by nature is equitable, that no one be made richer through someone's loss."*

**Facts:** Ross created the ERD in 1992 and owns it as personal property or chattel. In addition, Ross's three (3) ERD drawings, one flow chart and narratives, were copyright-protected since 1992 and registered since May 4th, 2014. Three of the drawings prominently feature a rectangular shape with rounded corners, with the flat surface dominated by a rectangular screen and framed seamlessly by the body of the ERD with dimensions intended to fit in the palm of a hand. Two of the drawings feature a hand-held, two-screen design, shown side-by-side with one attached to the other. The flow chart drawing expresses the flow of the order fulfilment process between a host computer and the ERD device. Apple's design of certain of its smartphones, tablets and ipods®, past and present, embody a rectangular shape with rounded corners, with the flat surface dominated by a rectangular screen and framed seamlessly by the body of the devices, same as the ERD. Apple, recently secured a patent for a two-screen hand-held device, that embodies the same design as that depicted in two ERD drawings. Apple's flow chart appearing in one of its patents, shows the order fulfilment process that embodies the same process as that in the ERD chart. Apple, through its former CEO, Steve Jobs, and other corporate officers, have publicly admitted, since 1994, of "stealing great ideas".

**C.** Defendant's Statement of Claims

[Insert a one paragraph responsive statement of defendant's claims or defenses, including the legal theories and facts upon which the claims are based.]

D. Within **14 days after the non-expert discovery deadline,** and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b) the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

**Case Track Assignment[1]**

    ☐       **Track 1 (Case resolved within 18 months):**
           [The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

    ☒       **Track 2 (Case is resolved within 20 months):**
           [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

    ☐       **Track 3 (Case resolved within 2 years)**
           [Note: The Court expects that this will not be the typical track when dispositive motions are anticipated.]

    ☐       **Track 4 (Case resolved within 2 years)**
           [Note: The Court provides Track 4 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1-3 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1-3.]

---

[1] Case disposition times for all Case Tracks have been established in accordance with Federal Rule of Civil Procedure 26(f)(3).

**Case Deadlines and Events**

| | Anchor Date | avg days in a mo |
|---|---|---|
| | 08/19/16 | 30 |
| | **Deadlines** | |
| **Events** | **Plaintiff** | **Defendant** |
| Parties and Representatives | 12/17/16 | |
| Jurisdiction and Statement of Claims | 12/17/16 | |
| Initial Disclosures | 12/17/16 | |
| Preliminary witness and exhibit lists | 01/16/17 | 02/15/17 |
| All motions for leave to amend the pleadings and/or to join additional parties | 01/16/17 | |
| Plaintiff's Statement of special damages, if any, and make a settlement demand (but not file with the Court) and Defendant's response thereto. (do not file with the Court) | 01/16/17 | 02/15/17 |
| Disclosure of expert witness(es), and filing of F.R.C.P. 26(a)(2) Report. | 09/13/17 | 10/13/17 |
| Expert witness disclosure | 10/13/17 | |
| Final witness and exhibit lists | 10/13/17 | |
| Dispositive motions | 08/14/17 | |
| Liability issues and expert witness discovery that may be necessary at the dispositive motions stage | 07/15/17 | |
| Completion of all Discovery | 12/12/17 | |
| Pre-Trial/Settlement Conferences (if any) | 11/12/17 | |
| Trial Date (Five (5) days) | 04/11/18 | |
| Referral to Magistrate Judge for further proceedings, Rule on Motions and trial (agree/not agree) | NOT AGREED | |

| | | |
|---|---|---|
| **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE** | 10/29/17 | |
| **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE** | 11/05/17 | |
| **Other Matters (if any)** | 11/12/17 | |

*Signature, address and telephone number of Counsel and Unrepresented Parties.  Counsel must state FL Bar number:*

---

**John F. O'Sullivan**
Hogan Lovells US LLP
Brickell World Plaza
600 Brickell Ave.
Suite 2700
Miami, FL 33131
305 459-6651
Fax: 305-459-6550
Email: John.osullivan@hoganlovells.com

---

**Thomas S. Ross**
Attorney *Pro Se*
P.O. Box 279381
Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>
## <u>UNABLE TO CONFER</u>

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that *Pro Se* the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion but has been unable to do so.  The reasonable efforts made were specifically as follows: Sent letter requesting a F.R.C.P. 26(f) conference to discuss the Case Management Plan, to John F. O'Sullivan, Esq. at the offices of Hogan Lovells US LLP, by Certified U.S. Mail on 11/21/2016 (article # 7016 1370 0000 6171 3140) and a copy to each counsel of record via email.  No response has been received, to date of this submission.

THOMAS S, ROSS
Dated: _____, 2016

Respectfully submitted,

---

THOMAS S. ROSS
Plaintiff *Pro Se*
P.O. Box 279381
Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com

## <u>ORDER APPROVING PROPOSED CASE MANAGEMENT PLAN</u>

THE COURT having reviewed the preceding Case Management Plan, and finding it to be

satisfactory, it is:

**ORDERED AND ADJUDGED** that Proposed Case Management Plan is hereby

**APPROVED AND ALL PARTIES SHALL ABIDE BY THE TERMS HEREIN**.

ORDERED this _____ day of _____, 2016.

_____
The Honorable Kathleen M. Williams, Judge
of the United States District
or

_____
Andrea M. Simonton, Magistrate Judge
Court for the Southern District of Florida

# EXHIBIT D



This is our new mail interface! We love it, you will too! Here's why we're changing.

📧 Email    👤 Contacts    ⚙ Settings    RE: Proposed Cas    ✕

MAILBOXES
📥 Inbox
📄 Drafts
➤ Sent
🚫 Spam
🗑 Trash

FOLDERS ▾    + ⚙
📁 old-messages

FILTERS
👥 Unread
🚩 Flagged
🛒 Purchases
👥 Friends
📰 Newsletters
🔔 Notifications

## RE: Proposed Case Management Plan (F···

Garcia, Olga M. olga.garcia@hoganlovells.com
To: "erd1992@globarize.com" <erd1992@globarize.com>                    12/8/16 14:47
Cc: "James, Clay C." <clay.james@hoganlovells.com>, "Carter, Jane Zenzi Li" <jane.carter@ho···

---

John F. O'Sullivan is traveling.  He returns to Miami tomorrow afternoon and will attend to this matter then.

Many thanks,

**Olga Garcia**
Senior Paralegal

Hogan Lovells US LLP
600 Brickell Avenue

Suite 2700

Miami, FL 33131

Tel:      +1 305 459 6500

Direct:   +1 305 459 6558

Fax:      +1 305 459 6550

Email:    olga.garcia@hoganlovells.com

          www.hoganlovells.com

*Please consider the environment before printing this e-mail.*

---

**From:** erd1992@globarize.com [mailto:erd1992@globarize.com]
**Sent:** Thursday, December 08, 2016 2:22 PM
**To:** James, Clay C.; Carter, Jane Zenzi Li; Black Livingston, Jessica; O'Sullivan, John F.; Nelson, Katherine A.; Garcia, Olga M.; Chandler Ross
**Subject:** Proposed Case Management Plan (FRCP 26(a) and Local Rule 16.1(a) and (b)

Mr. O'Sullivan,

Pursuant to F.R.C.P. Rule 23(a) and Local Rule 16.1(a) and (b), please find attached Motion for leave to file and Plaintiff's Proposed Case Management Plan.

Please note that on or about November 21, 2016, I had forwarded to your office, and that of your colleagues via email, a letter requesting a conference to discuss the Case Management Plan, but  to date of this email, I received no response.

Regards,

**Thomas S. Ross**

*Pro Se* Plaintiff

Ross v. Apple, Inc.

# EXHIBIT E



This is our new mail interface! We love it, you will too! Here's why we're changing.

✎ Email   👥 Contacts   ✏ Settings          Re: Proposed Ca ✕          🔍 Search Mail...

MAILBOXES
- Inbox
- Drafts
- Sent
- Spam
- Trash

FOLDERS ▼
- old-messages

FILTERS
- Unread
- Flagged
- Purchases
- Friends
- Newsletters
- Notifications

## Re: Proposed Case Management Plan (F···

O'Sullivan, John F. john.osullivan@hoganlovells.com

12/9/16 17:50

To: "erd1992@globarize.com" <erd1992@globarize.com>
Cc: "James, Clay C." <clay.james@hoganlovells.com>, "Carter, Jane Zenzi Li" <jane.carter@hoganlovells.com···

Hi Tom. I just landed after a change in flight schedules. Will give you a call in Monday to go over next steps. Thx.

John F. O'Sullivan
Hogan Lovells
3054569651
3054395008 (mobile)

On Dec 8, 2016, at 2:22 PM, "erd1992@globarize.com" <erd1992@globarize.com> wrote:

Mr. O'Sullivan,

Pursuant to F.R.C.P. Rule 23(a) and Local Rule 16.1(a) and (b), please find attached Motion for leave to file and Plaintiff's Proposed Case Management Plan.

Please note that on or about November 21, 2016, I had forwarded to your office, and that of your colleagues via email, a letter requesting a conference to discuss the Case Management Plan, but to date of this email, I received no response.

Regards,

Thomas S. Ross

*Pro Se Plaintiff*

Ross v. Apple, Inc.