**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 16-61471-CV (Judge Williams/Simonton)**

THOMAS S. ROSS,　　　　　　　　　)
　　　　　　　Plaintiff　　　　　　)
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
APPLE INC., a California corporation　)
　　　　　　　Defendant　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
_____)

FILED BY _____ D.C.

DEC 2 3 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**PLAINTIFF THOMAS S ROSS' MEMORANDUM IN OPPOSITION TO DEFENDANT**
**APPLE, INC.'S MOTION TO STAY DISCOVERY PENDING A RULING ON**
**DEFENDANT'S MOTION TO DISMISS**

# Table of Contents

COUNTERSTATEMENT OF ISSUES ............................................................................................... 3

TABLE OF AUTHORITIES ........................................................................................................... 4

INTRODUCTION AND SUMMARY OF ARGUMENT .............................................................. 5

BACKGROUND ............................................................................................................................. 6

STATEMENT OF FACTS ............................................................................................................ 10

ARGUMENT ................................................................................................................................ 12

    I.     Apple Must Demonstrate A Particular and Specific Factual Need to Stay Discovery. ................... 13

    II.  Apple Fails to Show a Particular and Specific Need for a Stay. ......................................... 14

CONCLUSION ............................................................................................................................. 16

**COUNTERSTATEMENT OF ISSUES**

Whether Apple, Inc.'s purported generalized interest in reducing the "burden" of discovery warrants a grant to stay discovery during the pendency of its Motion to Dismiss in light of (a) lack of explicit Congressional intent to provide for an automatic stay and (b) where a discretionary stay requires that Defendant makes a showing of "good cause" under FRCP Rule 26(c).

## TABLE OF AUTHORITIES

### Cases

*Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). ............................................................ 5

*Isaac v. Shell Oil Co.*, 83 F.R.D. 428, 431 (E.D. Mich. 1979)).................................................................. 14

*Lehnert v. Ferris Faculty Ass'n-MEA-NEA* ......................................................................................... 14

*Lehnert v. Ferris Faculty Ass'n-MEA-NEA*, 556 F. Supp. 316, 318 (W.D. Mich. 1983) ........................ 14

*Mazer v. Stein*, 347 U.S. 201, 217 (1954) ........................................................................................... 8

*Miller v. Champion Enter.*, Inc., 346 F.3d 660, 691 (6th Cir. 2003)............................................................ 13

*Thompson v. Children's Hosp.*, No. 11-cv-00049-WYD-KMT, 2011 WL 2066517, at *1 (D. Colo. May

    25, 2011)............................................................................................................................. 5

*Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010)

    ...................................................................................................................................... 5

### Statutes

17 U.S.C. §507(b) ....................................................................................................................... 8

15 U.S.C. § 78u-4(b)(3)(B) ......................................................................................................... 13

17 U.S.C §101), ......................................................................................................................... 7

### Rules

Fed.R.Civ.Pro. 12(b) (6)............................................................................................................5, 9

F.R.C.P.12(b) (6) ......................................................................................................................5, 9

37 CFR § 202.12(a) (1959). ......................................................................................................... 8

F.R.C.P. 26(a) TA \s "12(b) (6)" .................................................................................................. 9

## INTRODUCTION AND SUMMARY OF ARGUMENT

Apple's generalized claims of burden does not provide a basis to stay discovery. Apple abruptly filed this motion with no discovery requests pending, and it has not identified any specific, undue discovery burden. If it had, the proper result would not be a stay, but a modification of the specific discovery request giving rise to the undue burden.

Rather than imposing any undue burden on Apple, the Plaintiff sought to negotiate a phased discovery plan intended to avoid unnecessary burden on any party and to narrow discovery at the outset. Apple ignored Plaintiff's invitation to confer and negotiate, and its motion is therefore both premature and unfounded.

The Motion to Stay Discovery (Docket No. 30) should be denied because Congress did not authorize an automatic stay during the pendency of a Motion to Dismiss, nor is there any evidence that it intended to create a procedural entitlement for one[1], and Apple has failed to make the "particular and specific" showing needed for delaying this enforcement action. The fact that Apple has filed a Motion to Dismiss (Docket No. 19) is not sufficient to stay discovery.

---

[1] *Thompson v. Children's Hosp.*, No. 11-cv-00049-WYD-KMT, 2011 WL 2066517, at *1 (D. Colo. May 25, 2011) ("The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings."); *Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010) ("'Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b) (6) would stay discovery, the Rules would contain a provision to that effect.'") (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)).

**BACKGROUND**

In its Motion to Stay Discovery, Apple continues to represent Plaintiff's case at bar with inaccuracies, distortions and purported facts that are either patently false or irrelevant, all of which is calculated to discredit Plaintiff and this instant case, in an effort to buttress its claim that Plaintiff is not entitled to pursue discovery, not now, not ever.  So Plaintiff is compelled, once again, to rebut Apple's narrative, with the actual facts.

**Facts**: Ross created the ERD in 1992 and owns it as personal property or chattel.  In addition, Ross's three (3) ERD drawings, one flow chart and narratives, were copyright-protected since 1992, and registered since May 4th, 2014. Three of the drawings prominently feature a rectangular shape with rounded corners, with the flat surface dominated by a rectangular screen and framed seamlessly by the body of the ERD with dimensions intended to fit in the palm of a hand.  Two of the drawings feature a hand-held, two-screen design, shown side-by-side with one attached to the other.  The flow chart drawing expresses the flow of the order fulfilment process between a host computer and the ERD device.  Apple's flow chart appearing in one of its patents, shows the order fulfilment process that embodies the same process as that in the ERD chart.  Apple's design of certain of its smartphones, tablets and ipods®, past and present, embody a rectangular shape with rounded corners, with the flat surface dominated by a rectangular screen and framed seamlessly by the body of the devices, same as the ERD.  Apple, recently secured a patent for a two-screen hand-held device that embodies the same design as that depicted in two ERD drawings. Contrary to Apple's false statement to the contrary, Ross's patent 1992 application was not "rejected", but was abandoned due to failure to pay the required fees. ( Def's Motion to Stay Discovery at pg. 1)  While this fact is irrelevant for purposes of this

case, it merits correction because Apple uses this distortion, and a number of other one, purely to maliciously discredit and disparage Plaintiff and his claims.  Finally, Apple, through its former CEO, Steve Jobs, and other corporate officers, have publicly admitted, since 1994, of "stealing great ideas".   Plaintiff aims to prove exactly that.

**Claims:** Misappropriation of personal property, copyright infringement and unjust enrichment. Apple misappropriated the identity of the ERD, that Ross invented in 1992, when certain of Apple's iPhone®, iPad® and iPod® products embodied the same design characteristics and functionality of the ERD, without authorization.

Apple infringed on Ross's copyrights when Apple embodied in certain products **1)** a design that is strikingly similar to that of Ross's ERD signature design, that features a rectangular shape with rounded corners, with the flat surface dominated by a rectangular screen and framed seamlessly by the body of the hand-held ERD, when **2)** Apple embodied the ERD two-screen design, in its 2016 patent for a hand-held device with a two-screen design and **3)** when Apple embodied  in its order-fulfillment process flow chart the same process expressed in Ross's copyrighted ERD Chart.

Apple unjustly enriched itself, at the expense of Ross, when it infringed on Ross's copyrights.

**Legal theories**:

**Misappropriation**- Ross's Intellectual Property has three separate and distinct characteristics, that of  1) a chattel, 2) an invention and  3) a work of art, all of which affords Ross three separate and independent property rights.

Generally, the basic elements of a claim of trespass to chattels (Personal Property) are lack of an owner's consent to trespass, interference with possessory interest, and intention of the trespasser.

**Copyright Infringement**- The Copyright Act of 1976 ("the 1976 Act") restated the copyright protection to scientific and technical drawings by defining "works of authorship" to include "pictorial, graphic, and sculptural works." The 1976 Act further clarifies that "[p]ictorial, graphic, and sculptural works" (17 USC §102) include two-dimensional and three-dimensional works of charts, diagrams, models, and technical drawings, including architectural plans (17 USC §101),

In addition, two-dimensional mechanical drawings are considered as a copyright protectable "expression," not "a useful article." Current copyright law provides for copyright protection to two-dimensional technical drawings.  Generally, the Copyright Office recognizes published or unpublished two-dimensional drawings as including diagrams or models, illustrating scientific or technical works or formulating scientific or technical information in linear form, such as a mechanical drawing or an engineering diagram.

Patentability does not bar copyright. Neither the Copyright Statute nor any other says that because a thing is patentable it may not be copyrighted.

If infringement occurred within three years prior to filing, the action will not be barred even if prior infringements by the same party as to the same work are barred because they occurred more than three years previously. Thus, when a defendant has engaged (or is alleged to have engaged) in a series of discrete infringing acts, the copyright holder's suit ordinarily will be timely under USC 17 §507(b) with respect to more recent acts of infringement (*i.e.,* acts within the three-year window), but untimely with respect to prior acts of the same or similar kind.

**Unjust Enrichment** - Restitution, is the cause of action that seeks to redress gains of one, at the expense of another, by restoring a balance.  Stated another way, it is a set of rights that are given rise when a defendant has unjustifiably gained at the plaintiff's expense (i.e. Unjust Enrichment).

This occurs when there is a transfer of property (i.e, misappropriation), whether by mistake, conferrings, takings, or failed contracts.  The law of restitution, as a remedy for unjust enrichment, is rooted in the Law of Equity that goes back some two thousand years, with the maxim that "*For this by nature is equitable, that no one be made richer through someone's loss."*

## STATEMENT OF FACTS

1. On June 27, 2016, Plaintiff filed the Complaint (DOCKET #1);

2. On August 18, 2016, Defendant's attorney John O'Sullivan filed his Appearance (DOCKET # 16), and several other attorneys for Defendant Filed Motion to Appear *Pro Hac Vice* and the Court granted all of the unopposed  motions (DOCKET # 17);

3. On August 23, 2016, Defendant filed a Motion to Dismiss (DOCKET #19);

4. On or about November 21, 2016, Plaintiff ROSS sent a certified letter to Apple's local counsel John O'Sullivan, and also forwarded said letter via email, to him, as well as to Clayton C. James, Jane Zenzi Li Carter, Jessica Black Livingston and Katherine A. Nelson, requesting a conference to discuss initial disclosures and negotiate a Case Management Plan (CMP).

5. On or about November 21, 2016, Plaintiff received an auto-reply from Mr. Clayton C. James, stating that he would be out of the office until December 18, 2016.  As to all other attorneys, including Mr. John Sullivan, there was complete radio silence until the filing of Defendant's Motion for Leave to File the Case Management Plan.

6. On or about December 8, 2016, Plaintiff emailed and sent, via Certified US mail, a letter regarding the Initial disclosures, as required by F.R.C.P. 26(a).

7. On or about December 8, 2016, Plaintiff files his Motion for Leave to file his Case Management Plan (DOCKET #28), and sends a copy of the filing via email, and US Mail, to all of Defendant's Counsels, except that, the copy to John O'Sullivan, Defendant's local Counsel, was sent via Certified US mail.

8. On or about December 8, 2016, Olga Garcia, of the Law Firm of Hogan Lovells US, LLP, responded to Plaintiff's email regarding Plaintiff's Motion for Leave to file CMP, and wrote that Mr. O'Sullivan was "traveling and will return "tomorrow", presumably meaning December 9, 2016.

9. On or about December 9, 2016, John O'Sullivan responded to Plaintiff's email of December 8, 2016, regarding the filing of Plaintiff's Motion for Leave to File CMP, and stated that he "*Will call in Monday to go over next steps.*"

10. On Monday, December 12, 2016, at approximately 4:30 PM EST, Mr. O'Sullivan called Plaintiff to tell him that he wants to file a Motion to Stay Discovery and asks Plaintiff to agree and to not oppose it.   Plaintiff told Defendant, *inter alia*, that he was inclined to oppose it but that he would give it due consideration.   On a subsequent email and follow up call, Plaintiff told Defendant that he will oppose it.

11. On or about December 14, 2016, Defendant filed his RESPONSE in Opposition to Plaintiff's Motion for Leave to file a Proposed CMP (DOCKET # 29).

12. On or about December 14, 2016, Defendant filed the Motion to Stay (DOCKET # 30).

To summarize the relevant facts, after filing its appearance on August 18, 2016, Defendant filed a Motion to Dismiss on August 23, 2016.  The case remained idle, until November 21, 2016, when Plaintiff sent Defendant an invitation to develop a reasonable discovery schedule.  When Plaintiff did not get a response, Plaintiff Filed a Motion for Leave to File his own Proposed Case Management Plan, on December 8, 2016.  Soon thereafter Defendant filed, among other things, this Motion to Stay Discovery.

The issue before the Court is whether Apple has shown good cause for a stay. Therefore, Plaintiff limits his response to briefly noting only the following facts:  Defendant failed to respond to Plaintiff's invitation to develop a CMP.  Without the benefit of Defendant's input, Plaintiff submitted his own Case Management Plan with the intention of providing a reasonable timeline during which individual steps, Defendant's concerns could have been addressed in an effort to focus discovery on potentially key facts while avoiding unnecessary burden.  Apple failed to provide its own proposed plan with a discovery schedule or even offer to come up with one.  Instead, Apple summarily filed this instant Motion to Stay Discovery. The Motion was filed even though no discovery requests had even been served in this case at any time.

**ARGUMENT**

Essentially, Apple argues that Plaintiff's Complaint has no merit, that it filed a Motion to Dismiss, and, because the District Court has an inherent power to control its docket, it should grant Defendant's motion to Stay.

Plaintiff respectfully disagrees. Yes, Plaintiff concedes that the Court has the inherent authority to control its docket, but, exactly what onerous activity must the Court bring under control, in this instant case?  Runaway silence and inactivity, are the only notable events that have dominated these proceedings since Defendant filed its appearance and filed its Motion to Dismiss.  There is hardly anything here that merits any control.

Apple made it abundantly clear what its position is, regarding Plaintiff's claims. Apple has filed a Motion to Dismiss, we get that.  But think about it, if every time a Defendant filed a dispositive motion, the Courts were to grant a stay, this, or any other proceeding, would stretch out *ad infinitum*.  Not a bad Defense strategy. Upon receiving a Complaint, immediately File a Motion

to Dismiss, follow up with a Motion to Stay Discovery, and hope and pray that the case will get

dismissed.  Meanwhile, the Plaintiff is kept dangling in the wind with no end in sight.  Fact is

that Apple is eager to pull the plug on this case, before the District Court gets to make its

decision, one way or another.

I.  *Apple Must Demonstrate A Particular and Specific Factual Need to Stay*
    *Discovery.*

Because a motion to stay discovery is "tantamount to a request for a protective order prohibiting

or limiting discovery pursuant to Rule 26(c)," the movant must demonstrate "good cause" for the

limitation on discovery. *Kron Med. Corp. v. Groth*, 119 F.R.D 636, 637 (M.D.N.C. 1988);

accord, *Perry v. City of Pontiac*, 254 F.R.D. 309, 312 (E.D. Mich. 2008) ("court[s] may fashion a

protective order to limit discovery" under Rule 26(c) "[u]pon good cause shown"). To establish

"good cause" under Rule 26(c), "courts have insisted on a particular and specific demonstration

of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*,

452 U.S. 89, 101–02 n.16 (1981).

Consequently, a party moving to stay discovery under Rule 26(c) "must show a particular and

specific need for the protective order." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40

(N.D. Cal. 1990) (applying same standard as *Gulf Oil* in denying motion to stay discovery during

pendency of motion to dismiss). To determine good cause, courts perform "an individualized

balancing of the many interests that may be present," *United States v. Microsoft Corp.*, 165 F.3d

952, 960 (D.C. Cir. 1999).

Simply filing a motion to dismiss does not excuse Apple from its requirement to show

particularized "good cause," because "a pending Motion to Dismiss is not ordinarily a situation

that in and of itself would warrant a stay of discovery." *Turner Broadcasting System, Inc. v.*

*Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Indeed, courts have rejected motions to

stay discovery pending resolution of motions to dismiss, recognizing that "the Federal Rules of

Civil Procedure do not provide (and have never provided) for an automatic stay of discovery

during the pendency of any type of case-dispositive motion, nor is the pendency of such a

motion explicitly cited as a factor to be considered under those rules."[2] *Heartland Jockey Club*

*Ltd. v. Penn Nat'l Gaming*, No. 2:09-cv-804, 2009 WL 5171829, at *4 (S.D. Ohio Dec. 21,

2009); *see also Hoxie v. Livingston County*, No. 09-CV-10725, 2010 WL 822401, at *1 (E.D.

Mich. March 4, 2010) (Majzoub, M.J.) (denying motion to stay discovery pending motion to

dismiss).

In Short, Apple fails to present any arguments that affirmatively demonstrate good cause for

delaying discovery in this copyright infringement action.

## II.   *Apple Fails to Show a Particular and Specific Need for a Stay.*

Apple fails to identify any particular and specific need that would weigh in favor of staying

discovery. First, Apple's Motion to Dismiss is not well-founded and provides no basis for

staying discovery. Second, Apple has not demonstrated any particular burden arising from any

particular discovery request because none have been made.

---

[2] By comparison, in rare instances, Congress has legislated that discovery be automatically
stayed upon a motion to dismiss, such as under the Private Securities Litigation Reform Act of
1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), where Congress was concerned about nuisance
suits by private plaintiffs seeking damages. See *Miller v. Champion Enter.*, Inc., 346 F.3d 660,
691 (6th Cir. 2003) (automatic stay of discovery "was intended by Congress to protect innocent
defendants from having to pay nuisance settlements in securities fraud actions in which a
foundation for the suit cannot be pleaded").  This is not such a case.

Apple fails to offer any "particular and specific demonstration of fact" to describe the burden of Plaintiffs' discovery, and thus does not establish good cause. *See Gulf Oil,* 452 U.S. at 102 n.16. The only currently pending discovery-related request is Plaintiffs' invitation to confer regarding the development of a Case Management Plan and initial disclosures.  This request is limited to a set of initial disclosures and a specific Case Management Plan with the intention to allow later discovery to "proceed more efficiently." See *Twin City Fire Ins. Co. v. Employers Ins. of Wausau,* 124 F.R.D. 652, 653 (D. Nev. 1989) (courts "have insisted on a particular and specific demonstration of fact, as distinguished from conclusory statements in order to establish good cause"). In fact, even after Plaintiff informed Apple on November 21, 2016, of the invitation it intended to seek a conference to develop a Case Management Plan, Apple did not identify any burden arising from the then forthcoming request. Instead, Apple's Motion to Stay speculates about what discovery may cost over the entire course of litigation. (Def.'s Mot. to Stay Disc., pg. 3).  Such conjectures are insufficient, because "[t]he wheels of justice would surely grind to a halt if discovery were stayed pending dispositive motions [ ] based on such generic allegations of undue burden and expens[e]."[3] *Hoxie,* 2010 WL 822401, at *1 (E.D. Mich. March 4, 2010) (Majzoub, M.J.).  But Apple, rather than negotiating a mutually agreeable Case Management Plan, abruptly filed this Motion, with no discovery pending.  Though Apple may have extensive, potentially burdensome discovery plans of its own, those plans provide no basis to stay *Plaintiffs'* discovery.  Indeed, rather than burdening the Court with this unfounded and premature motion,

---

[3] Even if Apple could demonstrate that the Plaintiffs' invitation to confer regarding initial disclosures and a Case Management Plan would cause it some expense, such a showing in and of itself would not establish good cause. *See Lehnert v. Ferris Faculty Ass'n-MEA-NEA,* 556 F. Supp. 316, 318 (W.D. Mich. 1983) (*citing Isaac v. Shell Oil Co.,* 83 F.R.D. 428, 431 (E.D. Mich. 1979)) ("good cause is not established merely by showing that discovery may involve inconvenience and expense"); *Twin City,* 124 F.R.D. at 653 (same).

Apple could have negotiated in good faith with Plaintiff and, failing agreement, Apple could have then sought appropriate relief from specific demands that would impose an undue burden.

## CONCLUSION

Apple has failed to show good cause in support of its motion to stay discovery. The motion should be denied.

THOMAS S, ROSS

Dated: December 23, 2016

Respectfully submitted,

THOMAS S. ROSS
Attorney *Pro Se*
P.O. Box 279381
Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com

**Certificate of Service**

**I hereby certify** that a true and correct copy of the foregoing was served by US Mail on

or about December, 23, 2016 on all counsel or parties of record on the Service List below.

_____

THOMAS S. ROSS
Attorney **Pro Se**
P.O. Box 279381
Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com

## SERVICE LIST

Thomas S. Ross v Apple, Inc.
CASE NO. 16-61471-CV (Judge Williams/Simonton)
United States District Court, Southern District of Florida

**Attorneys for Defendant APPLE, INC.**

**John F. O'Sullivan**
Hogan Lovells US LLP
Brickell World Plaza
600 Brickell Ave.
Suite 2700
Miami, FL 33131
305 459-6651
Fax: 305-459-6550
Email: john.osullivan@hoganlovells.com

**Clayton C. James**
Hogan Lovells US LLP
1601 Wewatta Street
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email: clay.james@hoganlovells.com

**Jane Zenzi Li Carter**
Hogan Lovells US LLP
3 Embarcadero Center, Suite 1500
San Francisco, CA 94111
415-374-2300
Email: jane.carter@hoganlovells.com

**Jessica Black Livingston**
Hogan Lovells US LLP
1601 Wewatta Street
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email: jessica.livingston@hoganlovells.com

**Katherine A. Nelson**
Hogan Lovells US LLP
1601 Wewatta Street
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email: katherine.nelson@hoganlovells.com

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-cv-61471 – (Judge Williams/Simonton)

THOMAS S. ROSS,                        )
     Plaintiff,                       )
                                  )

vs.                                    )
                                  )

APPLE, INC.,                           )
     Defendant.                       )
_____ )


STATE OF FLORIDA                       )
                                  )
                                  )
COUNTY OF BROWARD                       )


### AFFIDAVIT IN SUPPORT OF
### PLAINTIFF THOMAS S ROSS' MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE, INC.'S MOTION TO STAY DISCOVERY PENDING A RULING ON DEFENDANT'S MOTION TO DISMISS


I, THOMAS S. ROSS, Affiant, being duly sworn, state as follows:

1.     I am Thomas S. Ross;

2.     I am the Plaintiff in this instant case;

3.     Plaintiff is the Affiant;

4.     I am proceeding as Attorney *Pro Se* and I am familiar with the file, records and pleadings in this matter;

5.     The above captioned Motion was filed on or about ___Dec 23___, 2016.


I, THOMAS S. ROSS, Affiant, states, under penalty of perjury, that, with respect to the

1

above captioned Motion, and this Affidavit in support thereof, as to statements of fact,

they are true and correct, to the best of my knowledge, and as to statements of

information and belief, I believe them to be true.


THOMAS S. ROSS

Dated: Dec 23 ____, 2016          Respectfully submitted,
Miramar, Florida 33027

_____
Thomas S. Ross, Affiant
P.O. Box 279381
Miramar, Florida, 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com


Sworn to and subscribed before me

this 23 day of DECEMBER, 2016.

_____
Notary Public

FELIX C. MESA, JR.
MY COMMISSION #FF021806
EXPIRES May 27, 2017
(407) 398-0153   FloridaNotaryService.com

2