UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-CV-61471-KMW

Thomas S. Ross,

    Plaintiff,

v.

Apple Inc.,

    Defendant.
_____

**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY**

Instead of addressing the merits of Apple Inc.'s ("Apple") Motion to Stay (D.E. 30, "Motion to Stay"), Mr. Ross uses his Memorandum in Opposition (D.E. 33) as an unauthorized sur-reply to Apple's pending Motion to Dismiss, spending several pages summarizing and re-casting the allegations in his Complaint. But that multi-page effort serves only to underscore the breadth of his Complaint, the likely complexity of discovery if conducted on all the claims, and the likelihood that some or all of those claims will not survive Apple's Motion to Dismiss. Mr. Ross, in fact, does little to rebut the actual issue at hand—Apple's Motion to Stay, which demonstrates good cause to stay all disclosures and discovery until the Court rules on Apple's Motion to Dismiss. Because Mr. Ross's fails to undermine Apple's showing of good cause, Apple's Motion to Stay should be granted.

As for the substance of Apple's Motion to Stay, Mr. Ross ignores it or mischaracterizes it. First, he contends that a stay of discovery pending a motion to dismiss is not automatic, but Apple never argued otherwise. Second, Mr. Ross ignores precedent from both the Eleventh

Circuit and this Court holding that a stay should be granted when a potentially dispositive motion to dismiss is pending, and he also ignores Apple's specific contentions as to why it is appropriate for this Court to issue a stay in this particular case. As demonstrated in Apple's Motion to Stay, a stay is appropriate in this particular case because there is a pending motion attacking, on multiple grounds, all claims of a *pro se* complaint that asks for billions of dollars in damages on convoluted and complicated intellectual property claims that cover broad and differentiated products but are unsupported by plausible factual allegations.

Finally, Mr. Ross's argument that no discovery is pending is irrelevant and implicitly mischaracterizes the scope of the relief Apple requests. Apple seeks a stay of all activity pending a decision on the Motion to Dismiss; not only of discovery, but also of the various conferences and planning activities required by Federal Rule of Civil Procedure Rule 26(f), along with the disclosures pursuant to Rule 26(a)(1) that such conferences trigger absent court order. Discovery under the current Rules must be proportional, and here proportionality cannot be assessed until the allowable scope of Mr. Ross's claims is determined by this Court. Therefore, the parties cannot propose an appropriate discovery or scheduling plan at this time.

## **CONCLUSION**

For the foregoing reasons, and those stated in Apple's Motion to Stay, the Court should exercise its discretion to stay all discovery, disclosures, and related case management activities and conferences, including the initial conference and disclosures required by Rule 26, until the final disposition of Apple's Motion to Dismiss.

Respectfully submitted on December 29, 2016.

By: /s/ *John F. O'Sullivan*
John F. O'Sullivan
HOGAN LOVELLS LLP
600 Brickell Avenue
Suite 2700
Miami, FL 33131
(305) 459-6500 (phone)
(305) 459-6550 (fax)
john.osullivan@hoganlovells.com

Clayton C. James
Jessica Black Livingston
Katherine A. Nelson
HOGAN LOVELLS LLP
1601 Wewatta Street, Suite 900
Denver, CO 80202
(303) 899-7300 (phone)
(303) 899-7333 (fax)
clay.james@hoganlovells.com
jessica.livingston@hoganlovells.com
katherine.nelson@hoganlovells.com

Jane Carter
HOGAN LOVELLS LLP
3 Embarcadero Center, Suite 1500
San Francisco, CA 94111
(415) 374-2300 (phone)
(415) 374-2499 (fax)
jane.carter@hoganlovells.com

*Attorneys for Defendant Apple Inc.*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 29th day of December 2016, a copy of the foregoing was electronically filed with the Clerk of the Southern District of Florida using the CM/ECF system, which automatically sends an electronic notification to all counsel of record and other CM/ECF participants. I also certify that I have sent by email and U.S. Mail, first class, a copy of this document to Thomas S. Ross, Pro Se Plaintiff, P.O. Box 279381, Miramar, FL 33027, Email: erd1992@globarize.com.

                                                By: */s/ John F. O'Sullivan*
                                                John F. O'Sullivan
                                                Fla. Bar No. 143154
                                                john.osullivan@hoganlovells.com