UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-CV-61471-KMW


Thomas S. Ross,

       Plaintiff,

v.

Apple Inc.,

       Defendant.

_____

**APPLE INC.'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT**

Defendant Apple Inc. ("Apple") submits this Request for Judicial Notice pursuant

Federal Rule of Evidence 201(b)(2) in support of its Opposition to Plaintiff 's Motion for Leave

to File Amended Complaint (D.E. 37).  Apple requests that the Court take judicial notice of (1)

37 C.F.R. § 1.14 (1999) (attached as Exhibit A); and (2) Changes to Implement Eighteen-Month

Publication of Patent Applications, 65 Fed. Reg. 57,024 (Sept. 20, 2000) (attached as Exhibit B).

A court may judicially notice a fact that is not subject to reasonable dispute if it "can be

accurately and readily determined from sources whose accuracy cannot be reasonably

questioned."  Fed. R. Evid. 201(b); *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997).  The

Eleventh Circuit takes judicial notice of documents published in the Federal Register.  *Longo v.

Seminole Indian Casino-Immokalee*, 813 F.3d 1348, 1350 n.2 (11th Cir. 2016) (citing 44 U.S.C.

§ 1507).  Apple's request for judicial notice of 37 C.F.R. § 1.14 (1999) and the Final Rule

published at 65 Fed. Reg. 57,024 (Sept. 20, 2000) is proper because the documents satisfy Rule

201(b): § 1.14 is a federal regulation that was published in the Federal Register, the Final Rule is

1

the Federal Register publication itself, and the accuracy of these documents cannot be reasonably questioned.  *Id*.

As these documents demonstrate, in 1999, § 1.14 required the USPTO to keep most patent applications in confidence in accordance with the current U.S. Code.  37 C.F.R. § 1.14 (a) (1999).  The regulation did not permit the publication of patent applications; rather, the USPTO would provide copies of an application's contents only upon written request under very limited circumstances.  *Id.* § 1.14 (a)(3).  In a Final Rule published on Sept. 20, 2000, the Patent and Trademark Office announced that it had revised its rules of practice to permit the publication of pending patent applications approximately 18 months from filing.  65 Fed. Reg. 57,024 (Sept. 20, 2000).  The Final Rule requiring publication in most circumstances applied to any patent applications filed on or after Nov. 29, 2000.  *Id.*

Taken together, 37 C.F.R. § 1.14 (1999) and 65 Fed. Reg. 57,024 (Sept. 20, 2000) establish that patent applications filed before Nov. 29, 2000 were not published and were instead kept in confidence.  This directly contradicts Mr. Ross's allegation that Apple could have discovered his copyrighted drawing when he submitted a "substitution" patent application to the USPTO in 1999 that was "now, searchable."  Proposed Am. Compl. ¶ 27.  This Court is not bound to accept an allegation that is contradicted by a judicially noticeable fact.  *Powers v. United States*, 996 F.2d 1121, 1125 (11th Cir. 1993) ("[W]e are not constrained to accept allegations clearly refuted by that which we can judicially notice.").  And based on the documents Apple submits for judicial notice, the Court should not accept Mr. Ross's factually incorrect allegation.

Ultimately, the two documents Apple submits for judicial notice are relevant to this Court's analysis of Mr. Ross's allegations in his Proposed Amended Complaint.  And they are

appropriate for judicial notice because they satisfy Rule 201(b)—they are published in the

Federal Register and their accuracy cannot reasonably be questioned.  Therefore, Apple

respectfully requests that this Court take judicial notice of 37 C.F.R. § 1.14 (1999) and 65 Fed.

Reg. 57,024 (Sept. 20, 2000).


Respectfully submitted on February 6, 2017.


/s/ *John F. O'Sullivan*
John F. O'Sullivan
HOGAN LOVELLS LLP
600 Brickell Avenue
Suite 2700
Miami, FL 33131
(305) 459-6500 (phone)
(305) 459-6550 (fax)
john.osullivan@hoganlovells.com

Clayton C. James
Jessica Black Livingston
Katherine A. Nelson
HOGAN LOVELLS LLP
1601 Wewatta St., Ste. 900
Denver, CO 80202
(303) 899-7300 (phone)
(303) 899-7333 (fax)
clay.james@hoganlovells.com
jessica.livingston@hoganlovells.com
katherine.nelson@hoganlovells.com

Jane Carter
HOGAN LOVELLS LLP
3 Embarcadero Center, Suite 1500
San Francisco, CA 94111
(415) 374-2300 (phone)
(415) 374-2499 (fax)
jane.carter@hoganlovells.com

*Attorneys for Defendant Apple Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of February 2017, a copy of the foregoing was electronically filed with the Clerk of the Southern District of Florida  using the CM/ECF system, which automatically sends an electronic notification to all counsel of record and other CM/ECF participants. I also certify that I have sent by email and U.S. Mail, first class, a copy of this document to Thomas S. Ross, Pro Se Plaintiff, P.O. Box 279381, Miramar, FL 33027, Email: erd1992@globarize.com.

By: */s/ John F. O'Sullivan*
John F. O'Sullivan
Fla. Bar No. 143154
john.osullivan@hoganlovells.com