# Exhibit A

records, books, papers, or drawings within the jurisdiction of the Patent and Trademark Office and open to the public, will be furnished by the Patent and Trademark Office to any person, and copies of other records or papers will be furnished to persons entitled thereto, upon payment of the fee therefor.

(b) Certified copies of the patents and trademark registrations and of any records, books, papers, or drawings within the jurisdiction of the Patent and Trademark Office and open to the public or persons entitled thereto will be authenticated by the seal of the Patent and Trademark Office and certified by the Commissioner, or in his name attested by an officer of the Patent and Trademark Office authorized by the Commissioner, upon payment of the fee for the certified copy.

[58 FR 54508, Oct. 22, 1993]

### § 1.14  Patent applications preserved in confidence.

(a) Patent applications are generally preserved in confidence pursuant to 35 U.S.C. 122. No information will be given concerning the filing, pendency, or subject matter of any application for patent, and no access will be given to, or copies furnished of, any application or papers relating thereto, except as set forth in this section.

(1) Status information includes information such as whether the application is pending, abandoned, or patented, as well as the application number and filing date (or international filing date or date of entry into the national stage).

(i) Status information concerning an application may be supplied:

(A) When copies of, or access to, the application may be provided pursuant to paragraph (a)(3) of this section;

(B) When the application is identified by application number or serial number and filing date in a published patent document or in a U.S. application open to public inspection; or

(C) When the application is the national stage of an international application in which the United States of America has been indicated as a Designated State.

(ii) Status information concerning an application may also be supplied when the application claims the benefit of

the filing date of an application for which status information may be provided pursuant to paragraph (a)(1)(i) of this section.

(2) Copies of an application-as-filed may be provided to any person, upon written request accompanied by the fee set forth in §1.19(b)(1), without notice to the applicant, if the application is incorporated by reference in a U.S. patent.

(3) Copies of (upon payment of the fee set forth in §1.19(b)(2)), and access to, an application file wrapper and contents may be provided to any person, upon written request, without notice to the applicant, when the application file is available and:

(i) It has been determined by the Commissioner to be necessary for the proper conduct of business before the Office or warranted by other special circumstances;

(ii) The application is open to the public as provided in §1.11(b);

(iii) Written authority in that application from the applicant, the assignee of the application, or the attorney or agent of record has been granted; or

(iv) The application is abandoned, but not if the application is in the file jacket of a pending application under §1.53(d), and is:

(A) Referred to in a U.S. patent;

(B) Referred to in a U.S. application open to public inspection;

(C) An application which claims the benefit of the filing date of a U.S. application open to public inspection; or

(D) An application in which the applicant has filed an authorization to lay open the complete application to the public.

(b) Complete applications (§1.51(a)) which are abandoned may be destroyed and hence may not be available for access or copies as permitted by paragraph (a)(3)(iv) of this section after 20 years from their filing date, except those to which particular attention has been called and which have been marked for preservation.

(c) Applications for patents which disclose, or which appear to disclose, or which purport to disclose, inventions or discoveries relating to atomic energy are reported to the Department of Energy, which Department will be given access to such applications, but

such reporting does not constitute a determination that the subject matter of each application so reported is in fact useful or an invention or discovery or that such application in fact discloses subject matter in categories specified by sections 151(c) and 151(d) of the Atomic Energy Act of 1954, 68 Stat. 919; 42 U.S.C. 2181 (c) and (d).

(d) Any decision of the Board of Patent Appeals and Interferences, or any decision of the Commissioner on petition, not otherwise open to public inspection shall be published or made available for public inspection if:

(1) The Commissioner believes the decision involves an interpretation of patent laws or regulations that would be of important precedent value; and

(2) The applicant, or any party involved in the interference, does not within one month after being notified of the intention to make the decision public, object in writing on the ground that the decision discloses a trade secret or other confidential information. If a decision discloses such information, the applicant or party shall identify the deletions in the text of the decision considered necessary to protect the information. If it is considered the entire decision must be withheld from the public to protect such information, the applicant or party must explain why. Applicants or parties will be given time, not less than twenty days, to request reconsideration and seek court review before any portions of decisions are made public over their objection. See §2.27 for trademark applications.

(e) Any request by a member of the public seeking access to, or copies of, any pending or abandoned application preserved in confidence pursuant to paragraph (a) of this section, or any papers relating thereto, must:

(1) Be in the form of a petition and be accompanied by the petition fee set forth in §1.17(i); or

(2) Include written authority granting access to the member of the public in that particular application from the applicant or the applicant's assignee or attorney or agent of record.

(f) Information as to the filing of an application will be published in the *Official Gazette* in accordance with §1.47(a) and (b).

(g) Copies of an application file for which the United States acted as the International Preliminary Examining Authority, or copies of a document in such an application file, will be furnished in accordance with Patent Cooperation Treaty (PCT) Rule 94.2 or 94.3, upon payment of the appropriate fee (§1.19(b)(2) or §1.19(b)(3)).

NOTE: See §1.612(a) for access by an interference party to a pending or abandoned application.

(Pub. L. 94–131, 89 Stat. 685; 35 U.S.C. 6, Pub. L. 97–247; 15 U.S.C. 1113, 1123)

[42 FR 5593, Jan. 28, 1977, as amended at 43 FR 20462, May 11, 1978; 49 FR 48451, Dec. 12, 1984; 50 FR 9378, Mar. 7, 1985; 54 FR 6900, Feb. 15, 1989; 56 FR 55461, Oct. 28, 1991; 58 FR 54509, Oct. 22, 1993; 60 FR 20221, Apr. 25, 1995; 61 FR 42802, Aug. 19, 1996; 62 FR 53182, Oct. 10, 1997; 63 FR 29617, June 1, 1998]

§1.15   Requests for identifiable records.

(a) Requests for records, not disclosed to the public as part of the regular informational activity of the Patent and Trademark Office and which are not otherwise dealt with in the rules in this part, shall be made in writing, with the envelope and the letter clearly marked "Freedom of Information Request." Each such request, so marked, should be submitted by mail addressed to the "Patent and Trademark Office, Freedom of Information Request Control Desk, Box 8, Washington, DC 20231," or hand delivered to the Office of the Solicitor, Patent and Trademark Office, Arlington, Virginia. The request will be processed in accordance with the procedures set forth in part 4 of title 15, Code of Federal Regulations.

(b) Any person whose request for records has been initially denied in whole or in part, or has not been timely determined, may submit a written appeal as provided in §4.8 of title 15, Code of Federal Regulations.

(c) Procedures applicable in the event of service of process or in connection with testimony of employees on official matters and production of official documents of the Patent and Trademark Office in civil legal proceedings not involving the United States shall