UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-61471-CV (Judge Williams/Simonton)

THOMAS S. ROSS,                         )
      Plaintiff                    )
vs.                                     )
                          )
APPLE INC., a California corporation    )
      Defendant                    )
                          )
_____)

FILED BY _____ D.C.

FEB 1 3 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## PLAINTIFF'S REPLY TO DEFENDANT'S MOTION IN OPPOSITION OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

NOW COMES PLAINTIFF, Thomas S. Ross (Ross), **PRO SE**, and states, on information and belief, as follows:

## I.    Background

1. On or about June 28, 2017, Ross filed suit against Apple, Inc. (Apple) for Misappropriation and for Copyright Infringement;

2. On or about December 30, 2016, the Court granted Defendant's Motion to Dismiss, but explicitly provided that Plaintiff may File Motion for Leave to file Amended Complaint *"in a manner consistent with this Order"* by January 21, 2017.

3. On or about January 23, 2017, Ross filed the Motion for Leave to File an Amended Complaint, pursuant to Local Rule 7.1(a)(c)(1) that extends the date to the next working day, if the deadline falls on a Saturday or Sunday, which January 21, 2017 did.

4. On or about February 6, 2017, Apple filed Motion in Opposition to Plaintiff's Motion for Leave to File Amended Complaint.

II.    **Legal Standard for Amended Pleadings**

**Rule 15(d)** of the Federal Rules of Civil Procedure provides that [t]he court may permit

supplementation even though the original pleading is defective in stating a claim or

defense.   Under the 1963 amendment the court has discretion to permit a supplemental

pleading despite the fact that the original pleading is defective. As in other situations where a

supplemental pleading is offered, the court is to determine in the light of the particular

circumstances whether filing should be permitted, and if so, upon what terms.

**Rule 15(a)(2)** of the Federal Rules of Civil Procedure provides that leave to amend

pleadings "shall be freely given when justice so requires."

> [T]his mandate is to be heeded. If the underlying facts or circumstances relied upon
> by a plaintiff may be a proper subject of relief, he ought to be afforded an
> opportunity to test his claim on the merits. In the absence of any apparent or
> declared reason - such as
> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure
> to cure deficiencies by amendments previously allowed, undue prejudice to the
> opposing party by virtue of allowance of the amendment, etc. -- the leave sought
> should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation omitted). It is within the

discretion of the court to determine whether to allow an amended complaint. *Id.*;

see also *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

"Although the decision whether to grant leave is within the discretion of the district

court, the rule contemplates that leave shall be granted unless there is a substantial

reason to deny it." *Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441,

443 (11th Cir. 1985) (citing *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984)

(the policy of Rule 15(a) in liberally permitting amendments to facilitate
determination of claims on the merits circumscribes the trial court's discretion)).

## III.    Analysis regarding Amended Pleadings

None of Apple's objections to Ross's proposed amendments, discussed below, are
sufficient to overcome the liberal standard for amending complaints set forth in
Rule 15(a).  Notably, the motion should not be denied because nothing in this case
supports the grounds cited in *Foman,* that would otherwise support the denial of a request
to amend.  There is no evidence in the record for this case, of undue delay, bad faith or
dilatory motive on Ross's part, or of undue prejudice to Apple, by virtue of allowing the
Amended Complaint. In light of the liberal policy of Rule 15(a), this Court should
exercise its discretion to allow the amendments requested by Ross.

## IV.    Court Order

a.  In its Motion to Dismiss, Apple argued that 1) as to Counts 3 through 17, Ross's
complaint did not allege sufficient facts to support a claim of copyright infringement
and that 2) as to counts 1 and 2, his claims did not allege sufficient facts to support a
claim or were preempted by his copyright claims.

b.  In its analysis, the Court objected to the "proverbial shotgun pleading".

c.  Further, the Court found that 1) Ross's complaint proved ownership of a valid
copyright, but 2) failed to allege any facts showing when and how Apple copied
constituent elements of Ross's original works.  The Court stated that Ross's
allegation of access did not rise above speculation or conjecture and that allegations
of striking similarity were devoid of details and that Ross relies on the overbroad
claim of infringement based on "look and feel".

    d.   The Court concludes that in order to state a copyright claim, Ross must identify the particular expression to which he objects and explain in detail how that expression infringes on his rights.

    e.   The Court dismissed Ross's misappropriation and unjust enrichment claims.

## V.  Ross's Amended Complaint

In his effort to comply with the Order of the Court, Ross eliminated the "proverbial shotgun pleading", and 1) withdrew his claims of misappropriation and unjust enrichment, 2) removed any allegations regarding Apple's patents, 3) reduced the object of his claims to one copyrighted work of authorship, and 4) made a good faith effort to address the deficiencies with respect to access and to identify the "*particular expression to which he objects and explain in detail how that expression infringes on his rights*". Order, pg. 10.

As to access, Ross's alleges facts, motives, and events that together, present circumstantial evidence sufficient to rise above mere speculation, if that is even possible, without a "smoking gun".  Having said that, Ross relies on a showing of "Striking Similarity" as to the copyright protected expressions in his drawing, to prove that access is implied.

As to striking similarity, Ross has specifically enumerated the copyrighted expressions at issue, (Amended Complaint at ¶ 23 pg. 7 and 8) and has elaborated to explain how Apple has infringed on these expressions with its lines of products, and by highlighting several of these key products, explained how each embodied the infringing expressions and when that happened. (Amended Complaint at ¶ 32 through 46, , pgs. 11-21).

## VI.  Apple's Opposition

Apple argues that Ross's Motion for Leave to file his Amended Complaint should not to
be granted because Ross's Amended Complaint fails to fix what was wrong with his
Original Complaint and that the claims are barred by the Statutes of Limitation.
This amounts to a Defendant's Motion to Dismiss masquerading as a Motion in
Opposition to a Motion for Leave to File an amended pleading.

VII.   **Discussion**

a.  There is no disagreement between Plaintiff and Defendant that Ross's Amended
    Complaint has eliminated the issue of misappropriation, unjust enrichment, and
    allegations of copyright infringement for all but one drawing, the Copyright
    Certificate of which is VAu 1-186-491 Title of Work: Drawing 10.1 The Electronic
    Reading Device Patent Application #07/974,428.  (hereinafter **491**), which was
    incorporated to the Amended Complaint as Exhibit A.

b.  Apple also appears to concede that Ross is the owner of the copyrighted drawing at
    issue in the Amended Complaint.   In this regard, it is noteworthy that, "A Motion to
    Dismiss may be denied where certificates are attached to the complaint, even though
    the infringement allegation was vague: that the defendant copied "one or more" of the
    defendant's works." Citing *Newborn v. Yahoo! Inc.*, 437 F. Supp. 2d 1 (D.C. 2006).
    See *Copyright Litigation Handbook* by Raymond J. Dowd, Dunnington, Bartholow &
    Miller, LLP, ©2014 Thomson Reuters, pg 431.  As the court pointed out in *Tin Pan
    Apple v. Miller Brewing No. 88* Civ. 4085 (CSH), 1994 U.S. Dist. LEXIS 2178
    (S.D.N.Y. Feb. 23, 1994),  "[t]he threshold issue in copyright infringement cases is
    originality, not copying" and added "While they may not prevail, plaintiffs are

entitled to test their claim of originality at trial, where they will have the assistance of a jury instruction concerning the registration's presumption of validity. *** "

c.  Now, Apple takes issue with Ross's allegations that Apple had opportunities to copy his works of original authorship during the period of 1998 and 2007, by searching databases. In support of this objection, Apple filed a request for Judicial Notice to show that, according to 37 CFR § 1.14 (1999) and part 1 and 5, patent applications were kept confidential by the United States Patent and Trademark Office, and that its databases were not searchable for patent applications filed prior to the year 2000.  Even so, Ross suggests that these restrictions were not sufficient to significantly impede Apple's discovery.  Regardless, without a "smoking gun", the truth value of this, or any other alleged conduct, will remain circumstantial, unless and until Ross is given the opportunity to pursue discovery to confirm, or not, the relevant facts.  Again, as the court in *Tin Pan Apple v. Miller Brewing No. 88* cited above, pointed out that " *** In infringement cases copying may be proved by direct evidence, a "rare scenario," citing *Rogers v. Koons* , 960 F.2d 301, 307 (2d Cir.), cert. denied , 121 L. Ed. 2d 278, 113 S. Ct. 365 (1992) at 307 *** [b]ecause copiers are rarely caught red-handed, copying has traditionally been proved circumstantially by proof of access and substantial similarity. *** Citing *Gaste v. Kaiserman*, 863 F.2d 1061, 1066 (2d Cir. 1988) at 1066."  However, Ross relies primarily on showing that the infringing products are so strikingly similar, that as a practical matter, if "two works are so similar as to make it highly probable that the later one [Apple] is a copy of the earlier one, [Ross's 491 drawing], the issue of access need not be addressed separately, since if the later work was a copy its creator

must have had access to the original."  See *Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries*, 272 F.3d 441 (7th Cir. 2001).

d.  Next, Apple complains that in the Amended Complaint, Ross is still maintaining that his copyright protects the idea of the ERD.  While Apple was conflating Ross's allegations of misappropriation of property rights and alleged infringement claims in the Original Complaint, it was never true that Ross confused protection of ideas versus protection of expression.  This is even less so in the Amended Complaint. Apple erroneously construes the narrative that explains how the 491 drawing came to be, with the notion of the idea of the ERD.  It is a fact that the idea of ERD was expressed in the 491 drawing, and what is also a fact, is that the 491 drawing is a copyright protected expression of the ERD.  Perhaps Apple is confusing a claim of Originality with that of Novelty.  Unlike a patent, a copyright gives no exclusive right to the art disclosed; protection is given only to the expression of the idea—not the idea itself.  ERD is the idea, the 491 drawing is the expression of the idea, period. The "idea" in this case was a depiction of a wireless device. The artistic "expression" of the wireless device was a drawing that reflected the picture of an instrument that was the essence of minimalism, yet elegance.  Ross does not object that Apple makes wireless devices.  Apple can do that, all day long.  But, Ross objects that Apple used, and still uses, Ross's original 491 design, total concept and feel, together with its ornamental expressions, that are copyrightable, without his authorization.  In *Roth Greeting Cards v. United Card Co.*, 429 F.2d 1106 (9th Cir. 1970), a case involving the copyright of greeting cards, the Ninth Circuit Court introduced the "total concept and feel" standard for determining substantial similarity.  The case became a standard

example of a case where copyright infringement had been found based on evidence of access to the original work and substantial similarity in the total concept and feel of the two works.  The court in the case of *Sid & Marty Krofft Television Productions Inc. v. McDonald's Corp. 562 F.2d 1157* (9th Cir.1977) refined the concept by establishing a two-stage comparison. An extrinsic test would determine similarity of general ideas, while an intrinsic test would compare the particular expressions used. The second test should be made by an "ordinary reasonable person" rather than an expert.  Copyright may be infringed when total concept and feel is the same.

e.  Apple also complains that Ross's Amended Complaint fails to identify the infringing elements and the infringing products, and that Ross uses "boilerplate" descriptions of the infringing expressions.  Ross disagrees.  See Amended Complaint at ¶ 23 pg. 7 and 8 and ¶ 32 through 46, pgs. 11-21.  Even so, Ross suggests that it is not necessary to allege what specific elements of originality in the work have been infringed.  See *Mid-America Title Co. v Kirk*, 991 F. 2d 417, 26 U.S.P.Q.2d 1538, 25 Fed. R. Serv. 3d 572 (7th Cir. 1993) (reversing district court's dismissal of boilerplate complaint). Furthermore, contrary to Apple's assertions of the futility of Ross's Amended Complaint because of, as Apple sees it, the inadequate descriptions of his copyrighted work, Ross suggests that "[I]nadequate descriptions of copyrighted work * * * should not lead to dismissal of the complaint." citing *Fonar Corp. v Domenick*, 105 F.3d 99, 41 U.S.P.Q.2d 1496 (2nd Cir. 1997).  See *Copyright Litigation Handbook* by Raymond J. Dowd, Dunnington, Bartholow & Miller, LLP, ©2014 Thomson Reuters, pg 456.

f.  Finally, Apple asserts that Ross infringement allegations are time-barred due to

Statutes of Limitations.  Ross does not agree.  Ross sent a Cease & Desist letter to

Apple, Inc., on March 10, 2015, alleging that Apple has continuously infringed on

Ross's works, since the 2007, release of the first iPhone, a three-dimensional

representation of Ross's drawing 491, along with his two-dimensional look-a-like

drawings on advertising, packaging, broadcast television and internet.  The same

process reoccurred for each new release in 2008, 2009, 2010, 2011, 2012, 2013 and

2014, 2015 and 2016 of Apple's versions of Ross's drawing 491 and derivatives.

These claims cover two distinct segments of time, the last three years and all of the

time that preceded the last three years.  The Copyright Act's statute of limitations

provides: *"No civil action shall be maintained under the [Act] unless it is commenced*

*within three years after the claim accrued."*  17 U. S. C. §507(b). A claim ordinarily

accrues when an infringing act occurs. Under the separate-accrual rule that attends the

copyright statute of limitations, when a defendant has committed successive

violations, each infringing act starts a new limitations period. However, under

§507(b), each infringement is actionable only within three years of its occurrence. See

The Copyright Act (Act), 17 U. S. C. §507(b).  Ross's current action against Apple,

seeks to recover damages for infringements that have taken place within the past three

years and, separately, for infringements that go further back.   In contemplating the

efficacy of this action, one should consider the similarities presented in *Bay Area*

*Laundry and Dry Cleaning Pension Trust Fund* v. *Ferbar Corp. of Cal.*, 522 U. S.

192 (1997), where an employer that was delinquent in making a series of payments to

an underfunded pension plan, and where the trustees of the funds filed lawsuit just

over six years after the first missed payment, barely outside of the applicable six-year statute of limitations. See *id.,* at 198. Because the first missed payment in the series fell outside the statute of limitations, the employer argued that the subsequent missed payments were also time barred. See *id.,* at 206. The US Supreme Court rejected that argument and pointed out that "The remaining claims were timely * * * because each missed payment create[d] a separate cause of action with its own six-year limitations period." In *Petrella v MGM*, 572 U. S. ____ (2014) held that:

> "* * * laches, we hold, cannot be invoked to preclude adjudication of a claim for damages brought within the three-year window. *** " §504(b). " and "[W]hen a defendant has engaged (or is alleged to have engaged) in a series of discrete infringing acts, the copyright holder's suit ordinarily will be timely under §507(b) with respect to more recent acts of infringement (*i.e.,* acts within the three-year window), but untimely with respect to prior acts of the same or similar kind.

WHEREFORE, Plaintiff, Ross prays that this honorable Court grant Plaintiff Leave to File his First Amended Complaint.

THOMAS S, ROSS
Dated: **February 13, 2017**

Respectfully submitted,

_____

THOMAS S. ROSS
Attorney *Pro Se*
P.O. Box 279381
Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by US Mail on

or about **February 13, 2017**, on all counsel or parties of record on the Service List below.

THOMAS S. ROSS
Attorney *Pro Se*
P.O. Box 279381
Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com

## SERVICE LIST

Thomas S. Ross v Apple, Inc.
CASE NO. 16-61471-CV (Judge Williams/Simonton)
United States District Court, Southern District of Florida

**Attorneys for Defendant APPLE, INC.**

**John F. O'Sullivan**
Hogan Lovells US LLP
Brickell World Plaza
600 Brickell Ave.
Suite 2700
Miami, FL 33131
305 459-6651
Fax: 305-459-6550
Email: john.osullivan@hoganlovells.com

**Clayton C. James**
Hogan Lovells US LLP
1601 Wewatta Street
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email: clay.james@hoganlovells.com

**Jane Zenzi Li Carter**
Hogan Lovells US LLP
3 Embarcadero Center, Suite 1500
San Francisco, CA 94111
415-374-2300
Email: jane.carter@hoganlovells.com

**Jessica Black Livingston**
Hogan Lovells US LLP
1601 Wewatta Street
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email: jessica.livingston@hoganlovells.com

**Katherine A. Nelson**
Hogan Lovells US LLP
1601 Wewatta Street
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email: katherine.nelson@hoganlovells.com