FILING FEE
PAID $505
pro hac vice FLS0000009531
Steven M. Larimore, Clerk

FILED BY _____ D.C.
AUG 17 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-61471-CV (Judge Williams/Simonton)

THOMAS S. ROSS,           )
    Plaintiff            )
                         )
vs.                       )
                         )
APPLE INC., a California corporation )
    Defendant            )
                         )
_____)

## NOTICE OF APPEAL

Notice is hereby given that THOMAS S. ROSS, Plaintiff **PRO SE**, in the above named case hereby appeals to the United States Court of Appeals for the Eleventh Circuit, from the final judgement denying Motion for Leave to file Amended Complaint entered in this action on JULY 19, 2017

Respectfully submitted,

_____

THOMAS S. ROSS
Attorney *Pro Se*
P.O. Box 279381
Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-61471-CIV-WILLIAMS

THOMAS S. ROSS,

    Plaintiff,

vs.

APPLE, INC.,

    Defendant.
_____/

## JUDGMENT

**THIS MATTER** is before the Court on the order dismissing this case without prejudice. (DE 41). In light of that order, judgment is **ENTERED** in favor of Defendant Apple, Inc. and against Plaintiff Thomas S. Ross. Plaintiff Thomas S. Ross shall take nothing from his claims.

**DONE AND ORDERED** in chambers in Miami, Florida, this 15 day of July, 2017.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc:  Thomas S. Ross
      PO Box 279381
      Miramar, FL 33027

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-61471-CIV-WILLIAMS

THOMAS S. ROSS,

    Plaintiff,

vs.

APPLE, INC.,

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on *pro se* Plaintiff Thomas S. Ross's motion for leave to file amended complaint. (DE 36). Defendant Apple, Inc. ("Apple") has filed a response in opposition (DE 37) and Ross has filed a reply in support of the motion (DE 39). For the reasons below, Ross's motion for leave to file (DE 36) is **DENIED** and this case is **DISMISSED WITHOUT PREJUDICE**.

I.   **BACKGROUND**

This case is about Ross's claim that virtually all the products Apple has released since 2007 infringe his rights to the Electronic Reading Device ("ERD"), which he conceived of in 1992. Ross filed his original Complaint (DE 1) on June 27, 2016. The Court granted Apple's motion to dismiss on December 30, 2016 because Ross's Complaint, which was a shotgun pleading, lacked facts supporting its 15 copyright infringement claims and two common law claims. (DE 35). Specifically, the Court found that the Complaint alleged no facts to support Ross's claim that Apple directly copied or had access to his drawings and writings describing the ERD; was contrary to the

"established principle that copyright protects specific expressions of ideas, not ideas themselves" (DE 35 at 10); and failed to "identify the particular expression to which [Ross] objects and explain in detail how that expression infringes on his rights." (DE 35 at 10). Accordingly, the Court instructed that "[i]f Ross wishes to amend his complaint in a manner consistent with this Order, he must seek leave to do so." (DE 35 at 13).

Ross has now filed a motion for leave to file an amended complaint. (DE 36). He attaches a 31-page proposed amended complaint ("PAC") (DE 36 at 20-50) along with 31 pages of proposed exhibits (DE 36 at 51-81). The PAC alleges virtually the same facts alleged in the Complaint while expanding on descriptions of the similarities between the ERD and Apple's products. (Compare DE 1 and DE 36 at 20-50). Specifically, the PAC alleges that in 1992, Ross "created a set of drawings and documents that preserved, on paper, what the ERD was, what it did and what it looked like." (DE 36 at 20). One of those documents, the "491 drawing," was the basis for a copyright registration Ross obtained with respect to that drawing, VAu 1-186-491 (the "491 copyright"). (DE 36 at 21).

The PAC mentions that Ross applied for but was unable to obtain a patent for the ERD, and as a result unsuccessfully sued the United States Patent and Trademark Office ("USPTO"). (DE 36 at 22; see also Ross v. United States of America, Case No. 07-cv-61723-JIC). As part of the patent application process, Ross submitted the 491 drawing that was the basis for the 491 copyright. Ross alleges that the 491 drawing represented a revolutionary advance in hand-held device technology and that Apple and others had tried and failed to market handheld devices that were not as distinctive. (DE 36 at 25-26). Further, the PAC alleges that "[d]uring the period of 1998 to 2007, Apple

2

was eager to change its mission . . . to a company that created revolutionary products" and that "[a] close examination of the development of the smartphone, the tablet, and the digital music player, reveals that every single key component [of the ERD] that was ultimately used by Apple in its iPhone and other derivative products . . . reflect Ross's 491 drawing." (DE 36 at 27).

Additionally, the PAC claims that Apple discovered the 491 drawing in 1999, when Ross submitted documents containing the drawing as part of his failed patent application. It suggests that Apple obtained the 491 drawing because Ross's patent application was searchable and that "in the late 1990s and early 2000s, powerful data collection and mining tools became available that made it possible for Apple to search fast and in a wide universe of data." (DE 36 at 28). "Judging from the striking similarity of Apple's products to the 491 drawing," the PAC concludes that Apple copied the 491 drawing for the "first iPhone® released in 2007" and "kept on copying it on every new iPhone®, iPod touch®, and iPad® Model ever since, right up to the last 2016 releases." (DE 36 at 28). Ross also offers written and pictorial comparisons between the 491 drawing and various Apple products. (DE 36 at 29-40).

On these facts, the PAC brings a single cause of action under the Lanham Act, alleging that Apple "infringed [Ross's] exclusive copyright, where Apple 1) copied Ross's original design . . . 2) prepared derivative works based upon Ross's copyrighted work, 3) distributed copies of Ross's copyright protected work to the public by sale or other transfer of ownership, or by rental, lease or lending, and 4) Apple caused images of Ross's copyrighted work to be displayed publicly, without Ross's permission and in violation of Ross's exclusive rights." (DE 36 at 22).

## II. LEGAL STANDARD

Although Rule 15(a) of the Federal Rules of Civil Procedure provides that courts "should freely give leave when justice so requires," the Eleventh Circuit has recognized that courts may properly deny leave to amend a complaint where amendment would be futile. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility when the complaint as amended would still be properly dismissed.") (quotation marks and citation omitted).

To avoid dismissal, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See Speaker v. U.S. Dep't. of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). Although a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is improbable" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

4

## III.   DISCUSSION

Apple contends that amendment would be futile here because Ross's PAC suffers from the same central defect as his original Complaint:  it mistakenly seeks to protect, through copyright law, "non-copyrightable ideas and utilitarian designs." (DE 37 at 3). Accordingly, and because the PAC also fails to allege Apple's access to the 491 drawing or the striking similarity of the allegedly infringing products to expressive elements of the 491 drawing, Apple argues that Ross should not receive leave to amend and that this case should be dismissed.  The Court agrees with Apple.

A plaintiff alleging copyright infringement must establish two elements: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1247-48 (11th Cir. 1999) (quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Like the Complaint, the PAC successfully alleges Ross's ownership of a copyright in the 491 drawing, but fails to allege that Apple engaged in the requisite copying.

The primary reason the PAC does not allege copying is an issue the Court previously identified with respect to the Complaint: "The generalized nature of Ross's allegations is . . . in significant tension with the established principle that copyright protects specific expressions of ideas, not ideas themselves." (DE 35 at 10).  In other words, Ross's idea for the ERD that the 491 drawing depicts cannot be the basis for his claim that Apple infringed his rights to the 491 drawing. (DE 35 at 10); *see also Herzog*, 193 F.3d at 1248 ("It is an axiom of copyright law that the protection granted to a copyrightable work extends only to the particular expression of an idea and never to the idea itself."); *Baby Buddies, Inc. v. Toys R Us, Inc.*, 611 F.3d 1308, 1315 (11th Cir.

2010) (holding that "copyright protection does not extend to utilitarian aspects of a work") (citing *Mazer v. Stein*, 347 U.S. 201, 218 (1954)).

This is not a new legal principle. As the Supreme Court explained over 130 years ago in holding the defendant's use of a book-keeping method did not infringe the plaintiff's copyrighted treatise describing that method:

> There is no doubt that a work on the subject of book-keeping, though only explanatory of well-known systems, may be the subject of a copyright; but, then, it is claimed only as a book. Such a book may be explanatory either of old systems, or of an entirely new system; and, considered as a book, as the work of an author, conveying information on the subject of book-keeping, and containing detailed explanations of the art, it may be a very valuable acquisition to the practical knowledge of the community. But there is a clear distinction between the book, as such, and the art which it is intended to illustrate. The mere statement of the proposition is so evident, that it requires hardly any argument to support it.
>
> . . .
>
> The claim to an invention or discovery of an art or manufacture must be subjected to the examination of the Patent Office before an exclusive right therein can be obtained; and it can only be secured by a patent from the government.

*Baker v. Selden*, 101 U.S. 99, 102 (1879). Pursuant to *Baker*'s division of patent and trademark law, other courts have held, for example, that a defendant selling lamps it copied from a photograph in the plaintiff's catalogue did "not make the lamps themselves an infringement because plaintiff's product which its catalogue portrayed was neither copyrighted nor patented." *Kashins v. Lightmakers, Inc.*, 155 F. Supp. 202, 202 (S.D.N.Y. 1956); *see also Jack Adelman, Inc. v. Sonners & Gordon*, 112 F. Supp. 187, 188 (S.D.N.Y. 1934) ("It has long been recognized that the copyright owner secures no exclusive right in the article illustrated.").

The PAC, like the Complaint, fails to distinguish between the 491 drawing—the expressive elements of which are what the 491 copyright protects—and the ERD

6

depicted in the drawing, for which the PAC does not allege that Ross holds any protectable rights. Nevertheless, the PAC continues to advance Ross's misguided notion that the 491 copyright somehow reduced his idea for the ERD to protectable form. For instance, the PAC describes the 491 drawing as "cloth[ing] the idea [for the ERD] in form by means of a picture" and as a "birth certificate" for the ERD. (DE 36 at 22). It also states that Ross is the "sole and exclusive owner and copyright holder of original work of authorship [the 491 drawing], the expression of which is . . . the ERD." (DE 36 at 20). In his reply in support of his motion for leave to amend, Ross reiterates his position: "It is a fact that the idea of [the] ERD was expressed in the 491 drawing, and what is also a fact, is that the 491 drawing is a copyright protected expression of the ERD." (DE 39 at 7).

The PAC does state in conclusory fashion that the 491 drawing, "when viewed without the functional parts, has a unique look and feel . . . all of which is ornamental and non-functional." (DE 36 at 24-25). But the specific "ornamental elements" it identifies are functional aspects of the ERD, not expressive elements of the 491 drawing: "[a] rectangular structure with four evenly rounded corners; [a] flat surface covering the front of the structure; [a] display screen placed on the front surface with a border that surrounds it; [a] proportionally spaced border area on top and bottom with a narrower border at the sides; [s]ides that accommodate positioning of functional elements so as not to detract from the overall aesthetic balance of the design; [d]imensions within a range that were consistent with the ability to be hand-held or small enough to be portable." (DE 36 at 26-27). The PAC goes on to explain how a litany of distinct Apple products released since 2013 all independently copy some or all of these

functional elements, but never abandons the fatal premise that the 491 copyright somehow protects Ross's rights to the ERD product depicted in the 491 drawing. (DE 36 at 29-40). The PAC's blanket allegations of infringement do not even attempt to identify the expressive elements of the 491 drawing that Apple infringed, let alone which works infringed the 491 drawing, giving Apple no basis on which to draft a meaningful responsive pleading. (DE 35 at 10); *Mahnke v. Munchin Prod. Inc.*, No. 99CIV.4684(LTS)(THK), 2001 WL 637378, at *6 (S.D.N.Y. June 7, 2001) (dismissing copyright infringement claims for failure to identify with particularity a specific infringing work and the time period in which the infringement occurred).

Even if the PAC successfully alleged that Apple infringed expressive elements of the 491 drawing rather than functional aspects of the ERD, it still fails to allege that Apple ever directly copied or had a reasonable opportunity to access the 491 drawing. (*See* DE 35 at 8-9). As the Eleventh Circuit held in *Herzog*, the plaintiff must offer more than "mere speculation or conjecture" that the defendant had access to the work it allegedly infringed. *Herzog*, 193 F.3d at 1250. The PAC alleges that Apple had an "opportunity" to discover the 491 drawing in 1999 through Ross's submissions to the USPTO and that "powerful data collection and mining tools became available that made it possible" for a "persistent researcher" like Apple to discover the publicly available drawing. (DE 36 at 28). But Apple's opportunity to discover the 491 drawing "the way astronomers search the universe for new things" and the alleged "similarity of Apple's products to the 491 drawing" are nothing more than speculation and conjecture and do not support Ross's claim that Apple actually copied or had a reasonable opportunity to access to the 491 drawing. *See Herzog*, 193 F.3d at 1250.

Without alleging direct copying or access, the only way the PAC can state a claim for copyright infringement is if it successfully alleges "that the original and infringing works are 'strikingly similar.'" See *Herzog*, 193 F.3d at 1248 (citing *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 113 (5th Cir. 1978)). "Striking similarity exists where the proof of similarity in appearance is so striking that the possibilities of independent creation, coincidence, and prior common source are . . . precluded." (DE 35 at 9) (quoting *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007)). The PAC fails to allege facts showing striking similarity and instead simply concludes that "Apple products are, each, strikingly similar to the 491 drawing in that each consists of" the ERD's functional design elements, such as a rectangular shape with rounded corners, a flat surface covering the front of the structure, and a display screen placed on the front surface. (DE 36 at 34). These comparisons between Apple's products and the noncopyrightable functional aspects of the ERD product do not support a finding of striking similarity. See *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 460 (11th Cir. 1994) (affirming district court's finding that book and allegedly infringing motion picture were not even substantially similar, let alone strikingly similar, where "some of the similarities" listed "consist[ed] of noncopyrightable elements."). Further, a mere list of similarities is normally not sufficient to show striking similarity in any context. See *Singleton v. Dean*, 611 F. App'x 671, 672 (11th Cir. 2015) ("Lists of similarities between two works are inherently subjective and unreliable, particularly where the list contains random similarities, as many such similarities can be found in very dissimilar works.") (citing *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 460 (11th Cir. 1994)). Thus, the

PAC does not establish striking similarity, cannot establish the second element of infringement, and fails to state a claim.

## IV. DISCUSSION

The Court dismissed Ross's original Complaint because it failed to state a claim. As the foregoing demonstrates, Ross's PAC suffers from the same deficiencies the Court identified in dismissing his original Complaint. Accordingly, amendment would be futile and Ross's motion for leave to amend (DE 36) is **DENIED**. This case is **DISMISSED WITHOUT PREJUDICE**. All pending motions are **DENIED AS MOOT**. All hearings, trial settings, and deadlines are **CANCELED**. The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in chambers in Miami, Florida, this /8 day of July, 2017.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc: Thomas S. Ross
PO Box 279381
Miramar, FL 33027

10

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by US Mail on or about August 17, 2017 on all counsel or parties of record on the Service List below.

*[signature]*

THOMAS S. ROSS
Attorney *Pro Se*
P.O. Box 279381
Miramar, Florida 33027
Telephone: 954-312-7532
Facsimile: 954-312-7604
Email: erd1992@globarize.com

## SERVICE LIST

Thomas S. Ross v Apple, Inc.
CASE NO. 16-61471-CV (Judge Williams/Simonton)
United States District Court, Southern District of Florida

**Attorneys for Defendant APPLE, INC.**

**John F. O'Sullivan**
Hogan Lovells US LLP
Brickell World Plaza
600 Brickell Ave.
Suite 2700
Miami, FL 33131
305 459-6651
Fax: 305-459-6550
Email: john.osullivan@hoganlovells.com

**Clayton C. James**
Hogan Lovells US LLP
1601 Wewatta Street
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email: clay.james@hoganlovells.com

**Jane Zenzi Li Carter**
Hogan Lovells US LLP
3 Embarcadero Center, Suite 1500
San Francisco, CA 94111
415-374-2300
Email: jane.carter@hoganlovells.com

**Jessica Black Livingston**
Hogan Lovells US LLP
1601 Wewatta Street
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email: jessica.livingston@hoganlovells.com

**Katherine A. Nelson**
Hogan Lovells US LLP
1601 Wewatta Street
Suite 900
Denver, CO 80202
303-899-7300
Fax: 303-899-7333
Email: katherine.nelson@hoganlovells.com